Daniel Berko – SBN 94912
LAW OFFICE OF DANIEL BERKO
819 Eddy Street
San Francisco, CA 94109

Telephone: (415) 771-6174
Facsimile: (415) 474-3748

Attorney for Plaintiff TAMARA DOUKAS

# THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISCTRICT OF CALIFORNIA

## DIVISION OF SAN FRANCISCO

| | |
|---|---|
| TAMARA DOUKAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN MATEO, a public entity, PENINSULA HUMANE SOCIETY, a private non-profit organization, DEBI DENARDI, an individual, KIM HADDAD, an individual, KKH INC, a private entity, SPIKE REAL STATE, a private entity, and DOES 1 through 50, inclusive,<br><br>Defendants. | **PLAINTIFF'S COMPLAINT FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, CONVERSION, DEPRIVATION OF DUE PROCESS, FALSE IMPRISONMENT, AND VIOLATION OF CONSTITUTIONAL RIGHTS**<br><br>JURY TRIAL DEMANDED BY PLAINTIFF |

## FACTUAL ALLEGATIONS

1. Plaintiff TAMARA DOUKAS (hereinafter "DOUKAS") is an individual residing in Redwood City, California at all times herein.

2. Defendant COUNTY OF SAN MATEO (hereinafter "COUNTY") is a public entity located in California.

3. Defendant PENINSULA HUMANE SOCIETY (hereinafter "PHS") is a private non-profit organization that acts as an agent for the COUNTY to render it animal services.

4. Defendant DEBI DENARDI (hereinafter "DENARDI"), an individual, is an officer for the PHS.

5. Defendant KIM HADDAD (hereinafter "HADDAD"), an individual, is a veterinarian at the San Mateo Animal Hospital; also KKH INCORPORATED dba San Mateo Animal Hospital INC., a private entity, and SPIKE REAL STATE (2320 Palm Avenue, San Mateo, CA 94403) a private entity.

6. Plaintiff DOUKAS, a single woman, had an extremely close bond with her pet dog of over thirteen years, "Kodiak."

7. Kodiak, while thirteen years old, was in good health and was walked daily by Plaintiff, as witnessed by many neighbors and friends.

8. On August 2, 2006, Plaintiff took Kodiak to the San Mateo Animal Hospital, as he was experiencing symptoms of lethargy and decreased appetite. Upon doing so, Kodiak was administered contraindicated drugs that quickly caused his condition to worsen. Defendant HADDAD negligently determined that the dog was incurable and should immediately be put to death without diagnostic testing. Plaintiff, who has post-graduate degrees and is currently completing a PhD at Stanford Medical School and is the Editor-in-Chief of the *Stanford Scientific Magazine*, protested, since no diagnostic testing had been done. At this point, HADDAD, without Plaintiff's knowledge, permission, or request, called Defendant DENARDI, who Plaintiff is informed and believes has a criminal record, as well as a history of abusing her official authority as an animal control officer, and requested her presence at the hospital.

9. Plaintiff states on information and belief that DENARDI and HADDAD together decided, despite Plaintiff's protestations that the animal required diagnostic testing and treatment, that the animal should nevertheless be immediately euthanized.

10. In fact, Plaintiff was told by DENARDI that "there will be no second opinion," and that "this dog is not leaving this building alive."

11. Plaintiff has suffered serious emotional distress, including symptoms of insomnia, anxiety, headaches and depression, since August 2, 2006, as a direct result of the improper putting to death of her pet. This has affected her health, social and professional activities, and work.

12. Defendants PHS and COUNTY knew or should have known that Defendant DENARDI had a history of criminal charges and even a felony conviction involving moral turpitude. Plaintiff is informed and believes and thereupon alleges that these Defendants knew or should have known that DENARDI herself had previously participated in other acts involving abuse of her official power and authority.

13. Plaintiff is informed and believes that Defendant PHS failed to run a proper background investigation of Defendant DENARDI before appointing her to the law enforcement position of Humane Officer, which would have illuminated DENARDI's criminal history and overall unfitness to hold the position.

14. On December 26, 2006, Plaintiff submitted a claim demanding relief with COUNTY, pursuant to legal requirements. On January 24, 2007, COUNTY rejected Plaintiff's claim, rendering this lawsuit timely.

15. COUNTY is delegated by the State of California the right and duty to enforce animal cruelty laws in San Mateo County including state laws and any law enacted by COUNTY. COUNTY has hired PHS to enforce those laws on COUNTY'S behalf and pays PHS for enforcing such laws on it behalf. COUNTY has entered into a written contract with PHS to perform animal control services throughout San Mateo County. At all times relevant to this pleading and when in engaging in all conduct alleged in this pleading, PHS was acting on COUNTY'S behalf, with COUNTY'S permission and consent, and under color of authority granted to it by COUNTY. In

addition, COUNTY, by and through its authorized agent PHS, breached a mandatory duty owed to Plaintiff pursuant to both the United States and California constitutions by seizing Kodiak without probable cause to justify his seizure. In addition, COUNTY, by and through its authorized agent PHS, breached a mandatory duty owed to Plaintiff under the California constitution and the Fourth Amendment to the United States Constitution by seizing and killing Kodiak without first presenting a search warrant demonstrating probable cause to an independent magistrate absent exigent circumstances that excuse the need for a warrant. There were no exigent circumstancing remotely justifying the failure to obtain a warrant before seizing and killing Kodiac

16. Plaintiff DOUKAS is ignorant of the true names of Defendants DOES 1 through 50, inclusive, and therefore claims against them by those fictitious names. Plaintiff is informed and believes and based thereon alleges that each DOE Defendant was in some way responsible for the events and happenings alleged in this Complaint and for Plaintiff's injuries and damages.

### FIRST CAUSE OF ACTION
#### For Intentional Infliction of Emotional Distress
#### (Against COUNTY, PHS, DENARDI, HADDAD, KKH INCORPORATED, SPIKE REAL STATE, and DOES 1 through 50)

17. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 - 16 as though fully set forth at length.

18. Defendants engaged in reckless and outrageous conduct in their treatment of Plaintiff and her dog, administering improper medication, insisting on euthanizing him without Plaintiff's consent and despite her protests, refusing to allow Plaintiff to obtain a proper exam with diagnostic testing and a second opinion, and preventing Plaintiff from leaving the hospital with her dog alive.

19. Defendants' reckless and outrageous conduct was conducted in Plaintiff's presence, with reckless disregard of the probability of causing Plaintiff emotional distress. Defendants were

COMPLAINT FOR DAMAGES
- 4 -

also aware that Plaintiff was particularly susceptible to suffering extreme emotional distress because of their actions because they knew that Kodiac had been Plaintiff's dog for many years and that she deeply loved him.

20. That as a result of Defendants' reckless and outrageous conduct, Plaintiff suffered severe emotional distress, including, but not limited to, symptoms of insomnia, anxiety, headaches and depression.

21. Defendants' reckless and outrageous conduct was the legal and/or proximate cause of Plaintiff's harm.

## SECOND CAUSE OF ACTION
**Deprivation of rights (U.S. Code, Title 42, Sec. 1983)**
**(Against COUNTY, PHS, DENARDI, HADDAD, KKH INCORPORATED, SPIKE REAL STATE, and DOES 1 through 50)**

22. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1-16 and 18-21 as though full set forth at length.

23. 42 U.S.C 1983 provides that no person may, under color of law, deprive another person of the rights, privileges and immunities secured by the Constitution of the United States or the laws of the United States and every person shall be liable to a party who that person has deprived of the rights, privileges and immunities secured by the Constitution of the United States or the laws of the United States for all damages suffered as a result.

24. By taking the actions alleged herein, Defendants and each of them, under color of law, deprived Plaintiff of the rights, privileges and immunities secured to her by the Constitution including but not limited to the Fourth Amendment of the United States Constitution and other laws of the United States. Plaintiff is also entitled to reasonable attorney's fees incurred in prosecuting this action should she prevail.

## FOURTH CAUSE OF ACTION
**For Interfering with the Enjoyment of Individual Rights (Civil Code sec. 52.1)**

(Against COUNTY, PHS, DENARDI, HADDAD, KKH INCORPORATED, SPIKE REAL STATE, and DOES 1 through 50)

25. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1-16, 18-21, and 23-24 as though fully set forth at length.

26. California Civil Code section 52.1 provides that any person, whether acting under color of law or not, who interferes by threats, intimidation, or coercion, with the exercise of any rights secured by the Constitution or laws of California or by the laws of constitution of the United States, shall be liable to the injured party for the damages suffered and pursuant to section 52 of the Civil Code in the amount of up to a maximum of three times damages but not less than $4,000 and attorney's fees. Plaintiff is also entitled to exemplary damages and a civil penalty of $25,000 against each person who has deprived has the right to enjoy her individual rights secured by the Constitution and the Laws of this State.

27. Defendants deprived Plaintiff of the free exercise of her property when, using threats, intimidation, fear, and coercion and without warrant they prevented Plaintiff from leaving the building with her dog and instead seized and killed Kodiak..

### FOURTH CAUSE OF ACTION
### For Conversion
(Against COUNTY, PHS, DENARDI, HADDAD, KKH INCORPORATED, SPIKE REAL STATE, and DOES 1 through 50)

28. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 - 16, 18 – 21, 23 – 24, and 26 - 27 as though fully set forth at length.

29. Defendants wrongfully converted Plaintiff's property when they forcefully euthanized her animal despite her protests and without her consent.

30. Plaintiff had the right to possess her dog at the time of conversion.

### SIXTH CAUSE OF ACTION
### For False Imprisonment

**(Against COUNTY, PHS, DENARDI, HADDAD, KKH INCORPORATED, SPIKE REAL STATE, and DOES 1 through 50)**

31. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 - 16, 18 – 21, 23 – 24, 26 – 27, 29 – 30 as though fully set forth at length.

32. Defendant DENARDI intentionally and unlawfully exercised the express threat of force to detain Plaintiff inside the San Mateo Animal Hospital by verbally threatening Plaintiff with her dog's life and by using her color of authority as a COUNTY official to threaten Plaintiff with arrest should Plaintiff attempt to leave with her animal.

33. Plaintiff was compelled to remain in the hospital out of fear that she would be arrested and/or her dog would be immediately killed should she attempt to leave.

34. That as a result of Defendant's false imprisonment Plaintiff suffered significant emotional distress, including, but not limited to, symptoms of insomnia, anxiety, headaches and depression.

35. Defendant's false imprisonment was the legal and/or proximate cause of Plaintiff's harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TAMARA DOUKAS prays as follows:

1. For special damages according to proof;
2. For general and compensatory damages according to proof;
3. For punitive damages according to proof against defendants PHS and DENARDI only;
4. For prejudgment interest in an amount to be proved at the time of trial;
5. For costs of suit incurred herein; and
6. For such other and further relief as the court may deem just and proper.

DATED: May 5, 2008

_____
DANIEL BERKO, Attorney for Plaintiff,
TAMARA DOUKAS

COMPLAINT FOR DAMAGES
- 8 -