1   **Daniel Berko – SBN 94912**
    **LAW OFFICE OF DANIEL BERKO**
2   **819 Eddy Street**
    **San Francisco, CA 94109**
3
    **Telephone: (415) 771-6174**
4   **Facsimile:  (415) 474-3748**

5
    **Attorney for Plaintiff TAMARA DOUKAS**
6

7

8               THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISCTRICT OF CALIFORNIA

10                  DIVISION OF SAN FRANCISCO

11
    TAMARA DOUKAS, an individual,
12
                 Plaintiff,                    **PLAINTIFF'S COMPLAINT FOR**
13                                             **INTENTIONAL INFLICTION OF**
          v.                                   **EMOTIONAL DISTRESS, CONVERSION,**
14                                             **DEPRIVATION OF DUE PROCESS.**
    COUNTY OF SAN MATEO, a public entity,      **FALSE IMPRISONMENT, AND**
15  PENINSULA HUMANE SOCIETY, a private        **VIOLATION OF CONSTITUTIONAL**
    non-profit organization, DEBI DENARDI, an  **RIGHTS**
16  individual, KIM HADDAD, an individual,
    KKH INC, a private entity, SPIKE REAL
17  STATE, a private entity, and DOES 1 through     JURY TRIAL DEMANDED BY PLAINTIFF
    50, inclusive,
18
                 Defendants.
19

20                      **FACTUAL ALLEGATIONS**

21        1. Plaintiff TAMARA DOUKAS (hereinafter "DOUKAS") is an individual residing in

22  Redwood City, California at all times herein.

23        2. Defendant COUNTY OF SAN MATEO (hereinafter "COUNTY") is a public entity
24
    located in California.
25
          3. Defendant PENINSULA HUMANE SOCIETY (hereinafter "PHS") is a private non-
26
27  profit organization that acts as an agent for the COUNTY to render it animal services.

28

1      4. Defendant DEBI DENARDI (hereinafter "DENARDI"), an individual, is an officer for

2  the PHS.

3      5. Defendant KIM HADDAD (hereinafter "HADDAD"), an individual, is a veterinarian at

4  the San Mateo Animal Hospital; also KKH INCORPORATED dba San Mateo Animal Hospital

5

6  INC., a private entity, and SPIKE REAL STATE (2320 Palm Avenue, San Mateo, CA 94403) a

7  private entity.

8      6. Plaintiff DOUKAS, a single woman, had an extremely close bond with her

9  pet dog of over thirteen years, "Kodiak."

10      7. Kodiak, while thirteen years old, was in good health and was walked daily by Plaintiff,

11  as witnessed by many neighbors and friends.

12      8. On August 2, 2006, Plaintiff took Kodiak to the San Mateo Animal Hospital, as he was

13  experiencing symptoms of lethargy and decreased appetite. Upon doing so, Kodiak was

14  administered contraindicated drugs that quickly caused his condition to worsen. Defendant

15  HADDAD negligently determined that the dog was incurable and should immediately be put to

16  

17  death without diagnostic testing. Plaintiff, who has post-graduate degrees and is currently

18  completing a PhD at Stanford Medical School and is the Editor-in-Chief of the *Stanford Scientific*

19  *Magazine*, protested, since no diagnostic testing had been done. At this point, HADDAD, without

20  Plaintiff's knowledge, permission, or request, called Defendant DENARDI, who Plaintiff is

21  

22  informed and believes has a criminal record, as well as a history of abusing her official authority

23  as an animal control officer, and requested her presence at the hospital.

24      9. Plaintiff states on information and belief that DENARDI and HADDAD together

25  decided, despite Plaintiff's protestations that the animal required diagnostic testing and treatment,

26  that the animal should nevertheless be immediately euthanized.

27

28

1    10. In fact, Plaintiff was told by DENARDI that "there will be no second opinion," and

2    that "this dog is not leaving this building alive."

3    11. Plaintiff has suffered serious emotional distress, including symptoms of insomnia,

4    anxiety, headaches and depression, since August 2, 2006, as a direct result of the improper putting

5
6    to death of her pet. This has affected her health, social and professional activities, and work.

7    12. Defendants PHS and COUNTY knew or should have known that Defendant

8    DENARDI had a history of criminal charges and even a felony conviction involving moral

9    turpitude. Plaintiff is informed and believes and thereupon alleges that these Defendants knew or

10   should have known that DENARDI herself had previously participated in other acts involving

11   abuse of her official power and authority.

12
13   13. Plaintiff is informed and believes that Defendant PHS failed to run a proper

14   background investigation of Defendant DENARDI before appointing her to the law enforcement

15   position of Humane Officer, which would have illuminated DENARDI's criminal history and

16   overall unfitness to hold the position.

17   14. On December 26, 2006, Plaintiff submitted a claim demanding relief with COUNTY,

18   pursuant to legal requirements.  On January 24, 2007, COUNTY rejected

19   Plaintiff's claim, rendering this lawsuit timely.

20
21   15. COUNTY is delegated by the State of California the right and duty to enforce animal

22   cruelty laws in San Mateo County including state laws and any law enacted by COUNTY.

23   COUNTY has hired PHS to enforce those laws on COUNTY'S behalf and pays PHS for enforcing

24   such laws on it behalf.  COUNTY has entered into a written contract with PHS to perform animal

25   control services throughout San Mateo County. At all times relevant to this pleading and when in

26   engaging in all conduct alleged in this pleading, PHS was acting on COUNTY'S behalf, with

27   COUNTY'S permission and consent, and under color of authority granted to it by COUNTY. In

28

1   addition, COUNTY, by and through its authorized agent PHS, breached a mandatory duty owed to

2   Plaintiff pursuant to both the United States and California constitutions by seizing Kodiak without

3   probable cause to justify his seizure.  In addition, COUNTY, by and through its authorized agent

4   PHS, breached a mandatory duty owed to Plaintiff under the California constitution and the Fourth

5
6   Amendment to the United States Constitution by seizing and killing Kodiak without first

7   presenting a search warrant demonstrating probable cause to an independent magistrate absent

8   exigent circumstances that excuse the need for a warrant.  There were no exigent circumstancing

9   remotely justifying the failure to obtain a warrant before seizing and killing Kodiac

10      16. Plaintiff DOUKAS is ignorant of the true names of Defendants DOES 1 through 50,

11  inclusive, and therefore claims against them by those fictitious names. Plaintiff is informed and

12  believes and based thereon alleges that each DOE Defendant was in some way responsible for the

13
14  events and happenings alleged in this Complaint and for Plaintiff's injuries and damages.

15                                  **FIRST CAUSE OF ACTION**

16                          **For Intentional Infliction of Emotional Distress**

17      **(Against COUNTY, PHS, DENARDI, HADDAD, KKH INCORPORATED, SPIKE REAL**
                              **STATE, and DOES 1 through 50)**

18      17. Plaintiff hereby incorporates by reference each and every allegation contained in

19  paragraphs 1 - 16 as though fully set forth at length.

20
21      18. Defendants engaged in reckless and outrageous conduct in their treatment of Plaintiff

22  and her dog, administering improper medication, insisting on euthanizing him without Plaintiff's

23  consent and despite her protests, refusing to allow Plaintiff to obtain a proper exam with

24  diagnostic testing and a second opinion, and preventing Plaintiff from leaving the hospital with her

25  dog alive.

26      19. Defendants' reckless and outrageous conduct was conducted in Plaintiff's presence,

27  with reckless disregard of the probability of causing Plaintiff emotional distress. Defendants were

28

1  also aware that Plaintiff was particularly susceptible to suffering extreme emotional distress be

2  cause of their actions because they knew that Kodiac had been Plaintiff's dog for many years and

3  that she deeply loved him.

4      20. That as a result of Defendants' reckless and outrageous conduct, Plaintiff suffered

5
6  severe emotional distress, including, but not limited to, symptoms of insomnia, anxiety, headaches

7  and depression.

8      21. Defendants' reckless and outrageous conduct was the legal and/or proximate cause of

9  Plaintiff's harm.

10  **SECOND CAUSE OF ACTION**

**Deprivation of rights (U.S. Code, Title 42, Sec. 1983)**

11
**(Against COUNTY, PHS, DENARDI, HADDAD, KKH INCORPORATED, SPIKE REAL**
12  **STATE, and DOES 1 through 50)**

13      22. Plaintiff hereby incorporates by reference each and every allegation contained in

14  paragraphs 1-16 and 18-21 as though full set forth at length.

15      23. 42 U.S.C 1983 provides that no person may, under color of law, deprive another person

16  of the rights, privileges and immunities secured by the Constitution of the United States or the

17
laws of the United States and every person shall be liable to a party who that person has deprived
18
19  of the rights, privileges and immunities secured by the Constitution of the United States or the

20  laws of the United States for all damages suffered as a result.

21      24. By taking the actions alleged herein, Defendants and each of them, under color of law,

22  deprived Plaintiff of the rights, privileges and immunities secured to her by the Constitution

23  including but not limited to the Fourth Amendment of the United States Constitution and other
24
laws of the United States. Plaintiff is also entitled to reasonable attorney's fees incurred in
25
26  prosecuting this action should she prevail.

27  **FOURTH CAUSE OF ACTION**

28  **For Interfering with the Enjoyment of Individual Rights (Civil Code sec. 52.1)**

**(Against COUNTY, PHS, DENARDI, HADDAD, KKH INCORPORATED, SPIKE REAL STATE, and DOES 1 through 50)**

25. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1-16, 18-21, and 23-24 as though fully set forth at length.

26. California Civil Code section 52.1 provides that any person, whether acting under color of law or not, who interferes by threats, intimidation, or coercion, with the exercise of any rights secured by the Constitution or laws of California or by the laws of constitution of the United States, shall be liable to the injured party for the damages suffered and pursuant to section 52 of the Civil Code in the amount of up to a maximum of three times damages but not less than $4,000 and attorney's fees. Plaintiff is also entitled to exemplary damages and a civil penalty of $25,000 against each person who has deprived has the right to enjoy her individual rights secured by the Constitution and the Laws of this State.

27. Defendants deprived Plaintiff of the free exercise of her property when, using threats, intimidation, fear, and coercion and without warrant they prevented Plaintiff from leaving the building with her dog and instead seized and killed Kodiak..

### FOURTH CAUSE OF ACTION

**For Conversion**

**(Against COUNTY, PHS, DENARDI, HADDAD, KKH INCORPORATED, SPIKE REAL STATE, and DOES 1 through 50)**

28. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 - 16, 18 – 21, 23 – 24, and 26 - 27 as though fully set forth at length.

29. Defendants wrongfully converted Plaintiff's property when they forcefully euthanized her animal despite her protests and without her consent.

30. Plaintiff had the right to possess her dog at the time of conversion.

### SIXTH CAUSE OF ACTION

**For False Imprisonment**

1  **(Against COUNTY, PHS, DENARDI, HADDAD, KKH INCORPORATED, SPIKE REAL**

2  **STATE, and DOES 1 through 50)**

3  31. Plaintiff hereby incorporates by reference each and every allegation contained in

4  paragraphs 1 - 16, 18 – 21, 23 – 24, 26 – 27, 29 – 30  as though fully set forth at length.

5  32. Defendant DENARDI intentionally and unlawfully exercised the express threat of

6  force to detain Plaintiff inside the San Mateo Animal Hospital by verbally threatening Plaintiff

7  with her dog's life and by using her color of authority as a COUNTY official to threaten Plaintiff

8  with arrest should Plaintiff attempt to leave with her animal.

9
10  33. Plaintiff was compelled to remain in the hospital out of fear that she would be arrested

11  and/or her dog would be immediately killed should she attempt to leave.

12  34. That as a result of Defendant's false imprisonment Plaintiff suffered significant

13  emotional distress, including, but not limited to, symptoms of insomnia, anxiety, headaches and

14  depression.

15  35. Defendant's false imprisonment was the legal and/or proximate cause of Plaintiff's

16  harm.

17
18  **PRAYER FOR RELIEF**

19  WHEREFORE, Plaintiff TAMARA DOUKAS prays as follows:

20  1.  For special damages according to proof;

21  2.  For general and compensatory damages according to proof;

22  3.  For punitive damages according to proof against defendants PHS and

23  DENARDI only;

24  4.  For prejudgment interest in an amount to be proved at the time of trial;

25
26  5.  For costs of suit incurred herein; and

27  6.  For such other and further relief as the court may deem just and proper.

28

1

2   DATED: May 5, 2008

3                                       DANIEL BERKO, Attorney for Plaintiff,
                                        TAMARA DOUKAS
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28