| | |
|---|---|
| CHARLES S. CUSTER (SBN: 124270) | DWIGHT BISHOP (SBN 037381) |
| JON C. YONEMITSU (SBN: 199026) | DWIGHT B. BISHOP, INC. |
| GORDON & REES, LLP | 1511 Treat Blvd #400 |
| Embarcadero Center West | Walnut Creek, CA 94596 |
| 275 Battery Street, Suite 2000 | Telephone: (925) 939-2544 |
| San Francisco, CA 94111 | Facsimile: (925) 939-8366 |
| Telephone: (415) 986-5900 | |
| Facsimile: (415) 986-8054 | |
| | |
| Attorneys for Defendants | Attorneys for Defendants |
| COUNTY OF SAN MATEO, PENINSULA | PENINSULA HUMANE SOCIETY |
| HUMANE SOCIETY and DEBI DENARDI | and DEBI DENARDI |

KEVIN SMITH (SBN 97920)
BRADLEY, CURLEY, ASIANO, BARRABEE & CRAWFORD, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939
Telephone: (415) 464-8888
Facsimile: (415) 986-8887

Attorneys for Defendants
PENINSULA HUMANE SOCIETY, and
DEBI DENARDI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA DOUKAS, an individual, | CASE NO. CV 08-2336 SI |
| Plaintiff, | **ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | Jury Trial Demanded |
| COUNTY OF SAN MATEO, a public entity; PENINSULA HUMANE SOCIETY, a private non-profit organization; DEBI DENARDI, an individual; KIM HADDAD, an individual, and DOES 1 through 50, inclusive, | |
| Defendants. | |

Defendants COUNTY OF SAN MATEO, PENINSULA HUMANE SOCIETY and DEBI DENARDI, in answer to plaintiff's Complaint for Intentional Infliction of Emotional Distress, Conversion, Deprivation of Due Process, False Imprisonment, and Violation of Constitutional Rights, state as follows:

**FACTUAL ALLEGATIONS**

1. Responding to Paragraph 1, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny each and every allegation contained therein.

2. Responding to Paragraph 2, Defendants admit the allegations contained therein.

3. Responding to Paragraph 3, Defendants admit that defendant PENINSULA HUMANE SOCIETY is a private non-profit organization. Defendants deny each and every other allegation contained therein.

4. Responding to Paragraph 4, Defendants admit DEBI DENARDI is employed by defendant PENINSULA HUMANE SOCIETY. Defendants deny each and every other allegation contained therein.

5. Responding to Paragraph 5, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny each and every allegation contained therein.

6. Responding to Paragraph 6, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny each and every allegation contained therein.

7. Responding to Paragraph 7, Defendants deny that plaintiff's dog was "in good health." Otherwise, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny each and every allegation contained therein.

8. Responding to Paragraph 8, Defendants admit that plaintiff took her dog to the San Mateo Animal Hospital on August 2, 2006. Otherwise, Defendants deny each and every allegation contained therein.

9. Responding to Paragraph 9, Defendants deny each and every allegation contained therein.

10. Responding to Paragraph 10, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 that basis deny each and every allegation contained therein.

2     11.    Responding to Paragraph 11, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny each and every allegation contained therein.

    12.    Responding to Paragraph 12, Defendants deny each and every allegation contained therein.

    13.    Responding to Paragraph 13, Defendants deny each and every allegation contained therein.

    14.    Responding to Paragraph 14, defendants admit the allegations contained therein.

    15.    Responding to Paragraph 15, Defendant COUNTY OF SAN MATEO entered into a written contract with PENINSULA HUMANE SOCIETIES to perform certain animal control services in San Mateo County.  Otherwise, defendants deny each and every allegation contained therein.

    16.    Responding to Paragraph 16, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny each and every allegation contained therein.

    17.    Responding to Paragraph 17, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny each and every allegation contained therein.

    18.    Responding to Paragraph 18, Defendants deny each and every allegation contained therein.

    19.    Responding to Paragraph 19, Defendants deny each and every allegation contained therein.

    20.    Responding to Paragraph 20, Defendants deny each and every allegation contained therein.

    21.    Responding to Paragraph 21, Defendants deny each and every allegation contained therein.

    22.    Responding to Paragraph 22, Defendants are without sufficient knowledge or

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny each and every allegation contained therein.

23. Responding to Paragraph 23, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny each and every allegation contained therein.

24. Responding to Paragraph 24, Defendants deny each and every allegation contained therein.

25. Responding to Paragraph 25, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny each and every allegation contained therein.

26. Responding to Paragraph 26, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny each and every allegation contained therein.

27. Responding to Paragraph 27, Defendants deny each and every allegation contained therein.

28. Responding to Paragraph 28, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny each and every allegation contained therein.

29. Responding to Paragraph 29, Defendants deny each and every allegation contained therein.

30. Responding to Paragraph 30, Defendants deny each and every allegation contained therein.

31. Responding to Paragraph 31, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny each and every allegation contained therein.

32. Responding to Paragraph 32, Defendants deny each and every allegation contained therein.

33. Responding to Paragraph 33, Defendants deny each and every allegation

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

contained therein.

34. Responding to Paragraph 34, Defendants deny each and every allegation contained therein.

35. Responding to Paragraph 35, Defendants deny each and every allegation contained therein.

**AFFIRMATIVE DEFENSES**

Defendants allege that the Fourth Amended Complaint and the causes of action therein fail to state facts sufficient to constitute a cause of action against these answering defendants.

Defendants allege that plaintiffs Fourth Amended Complaint must fail because she has a prior action pending in San Mateo County Superior Court.

Defendants allege that certain causes of action have been dismissed in plaintiffs prior pending action and thus cannot be brought in this court.

Defendants allege that plaintiff knew, or in the exercise of ordinary care should have known, of the risks and hazards involved in the undertaking which she engaged, but nevertheless and with full knowledge of these things, did fully and voluntarily consent to assume the risks and hazards involved in the undertaking.

Defendants allege that plaintiff was herself solely and totally negligent in and about the matters referred to in her Fourth Amended Complaint and that such negligence and carelessness on the part of the plaintiff amounted to One Hundred Percent (100%) of the negligence involved in this case and was the sole cause of the injuries and damages complained of, if any there were.

Defendants allege that plaintiff was herself careless and negligent in and about the matters referred to in her Fourth Amended Complaint, and such carelessness and negligence on the part of the plaintiff proximately caused and contributed to the damages complained of, if any there were.

Defendants allege if there are any negligence or liability on the part of the parties named herein, it is the sole and exclusive negligence and liability of the other defendants, and not of these answering defendants.

Defendants allege that the plaintiff was herself solely and totally negligent in and about

the matters referred to in her Fourth Amended Complaint and that such negligence and carelessness on the part of the plaintiff proximately amounted to One Hundred Percent (100%) of the negligence involved in this case and was the sole cause of the injuries and damages complained of, if any there were; these answering defendants further allege that any negligence and carelessness not attributable to said plaintiff was a result of negligent and careless conduct on the part of persons and/or entities other than these answering defendants.

Defendants allege that plaintiff has not suffered any damages as a result of any actions or inaction allegedly taken by these answering defendants or their agents, and plaintiff is thus barred from asserting any cause of action against these answering defendants.

Defendants allege that they did not cause and were not a proximate cause of any injuries claimed to have been suffered by plaintiff.

Defendants allege that they owed no duty whatsoever to plaintiff.

Defendants allege that if a duty was owed, defendants did not breach any duty alleged in the Fourth Amended Complaint.

Defendants allege that their conduct with respect to plaintiff was at all times reasonable, in complete good faith based upon good cause, and motivated solely by legitimate considerations.

Defendants allege that they had a legitimate and rational business justification for all of their conduct, which conduct was not motivated by any improper purpose whatsoever.

Defendants allege that they have complied with all applicable regulations, ordinances, codes, statutes and other laws.

Defendants allege that the plaintiff failed to mitigate damages which she contends she suffered and is therefore barred from recovery.

Defendants allege that the Fourth Amended Complaint and the causes of action therein are barred by the statutes of limitation set forth in sections 335.1, 337, 337a, 337.1, 337.15, 338, 339, 339.5, 340, 340.1, 340.15, 340.2, 340.3, 340.4, 340.5, 340.6, 340.7, 340.9, 342 and 343 of the Code of Civil Procedure of the State of California.

Defendants allege that the plaintiff unreasonably delayed in bringing this action against

-6-
ANSWER TO PLAINTIFF'S COMPLAINT

defendants and that such delay substantially prejudiced these defendants. Therefore, this action is barred by laches.

Defendants allege that in the event they are held liable to plaintiff, which liability is expressly denied, and any co-defendants are likewise held liable, these answering defendants are entitled to a percentage contribution of the total liability from said co-defendants in accordance with the principles of equitable indemnity and comparative contribution.

Defendants allege that plaintiff is not entitled to relief in equity because plaintiff acted and reacted to the matters alleged in his complaint with unclean hands.

Defendants allege that they acted reasonably and in good faith and did not directly or indirectly perform any actions whatsoever which would constitute a violation of any rights possessed by plaintiff or the general public or any duty owed to the plaintiff or general public.

Defendants allege that there is no cause or support for an award of punitive or exemplary damages against these answering defendants and furthermore that plaintiff's claim for punitive or exemplary damages violates defendants' right to substantive and procedural due process as provided in the Fifth and Fourteenth Amendments of the Constitution of the United States and the Constitution of the State of California.

Defendants allege that plaintiff directed, ordered and/or approved defendants' conduct, thereby barring plaintiff from seeking the relief prayed for in her Fourth Amended Complaint.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial.

## PRAYER FOR RELIEF

WHEREFORE defendants pray as follows:

1. That plaintiff takes nothing by reason of her complaint; that judgment is rendered in favor of defendants;

2. That defendants be awarded their costs of suit incurred in the defense of this action; and

3. For such other relief as the court deems proper.

1  Dated:  June 24, 2008                    GORDON & REES LLP

                                            By:_____
                                               CHARLES S. CUSTER
                                               JON C. YONEMITSU
                                               Attorneys for Defendants
                                               PENINSULA HUMANE SOCIETY,
                                               DEBI DENARDI and COUNTY OF SAN
                                               MATEO

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**