1   Peter J. Van Zandt -- SBN 152321
2   Brian S. Whittemore -- SBN 241631
    BLEDSOE, CATHCART, DIESTEL, PEDERSEN & TREPPA, LLP
3   601 California Street, 16th Floor
    San Francisco, CA 94108
4   Telephone: (415) 981-5411
    Facsimile: (415) 981-0352
5
6   Attorneys for Defendants KIM HADDAD, KKH INC., SPIKE REAL ESTATE (Erroneously
    sued herein as SPIKE REAL STATE)
7

8                    THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    DIVISION OF SAN FRANCISCO

11   TAMARA DOUKAS, an individual,          )   No.  CV-02336-SI
                                            )
12                  Plaintiff,              )
                                            )
13         v.                               )
                                            )
14   COUNTY OF SAN MATEO, a public          )   **ANSWER TO COMPLAINT AND**
     entity, PENINSULA HUMANE               )   **DEMAND FOR JURY TRIAL**
15   SOCIETY, a private non-profit          )
     organization, DEBI DENARDI, an         )
16   individual, KIM HADDAD, an individual, )
     KKH INC., a private entity, SPIKE REAL )
17   STATE, a private entity, and DOES 1    )
     through 50, inclusive,                 )
18                                          )
19                  Defendants.             )
                                            )
20   _____)  Complaint Filed:  May 6, 2008

21         In response to plaintiff Tamera Doukas' complaint, defendants Dr. Kim Haddad, an

22   individual; KKH, Inc. and Spike Real Estate (collectively hereinafter "Defendants" or "Haddad")

23   answer as follows:

24                         I.  **SPECIFIC DENIALS**

25                         **FACTUAL ALLEGATIONS**

26         1.  Answering Paragraph 1 of the Complaint, defendants are without sufficient knowledge

27   or information to form a belief as to the truth of the allegations contained in said paragraph, and

28   on that basis deny each and every allegation contained therein.

2.   Answering Paragraph 2 of the Complaint, defendants admit that County of San Mateo ("County") is a public entity located in California.

3.   Answering Paragraph 3 of the Complaint, defendants admit that Peninsula Humane Society ("PHS") is a private nonprofit organization.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

4.   Answering Paragraph 4 of the Complaint, defendants admit that Debi Denardi ("Denardi"), an individual, is an officer for PHS.

5.   Answering Paragraph 5 of the Complaint, defendants admit all allegations contained therein.

6.   Answering Paragraph 6 of the Complaint, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

7.   Answering Paragraph 7 of the Complaint, defendants admit that Kodiak was 13 years old.  Except as so admitted, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

8.   Answering Paragraph 8 of the Complaint, defendants deny that Kodiak was administered contraindicated drugs and that defendant HADDAD was in any way negligent.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

9.   Answering Paragraph 9 of the Complaint, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

10.   Answering Paragraph 10 of the Complaint, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

1        11. Answering Paragraph 11 of the Complaint, defendants deny that plaintiff's pet was

2    put to death improperly. Defendants are without sufficient knowledge or information to form a

3    belief as to the truth of the remaining allegations contained in said paragraph, and on that basis

4    deny each and every allegation contained therein.

5        12. Answering Paragraph 12 of the Complaint, defendants are without sufficient

6    knowledge or information to form a belief as to the truth of the allegations contained in said

7    paragraph, and on that basis deny each and every allegation contained therein.

8        13. Answering Paragraph 13 of the Complaint, defendants are without sufficient

9    knowledge or information to form a belief as to the truth of the allegations contained in said

10   paragraph, and on that basis deny each and every allegation contained therein.

11       14. Answering Paragraph 14 of the Complaint, defendants admit that plaintiff submitted

12   a claim to the COUNTY on December 26, 2006 and that the COUNTY rejected Plaintiff's claim

13   on January 24, 2007. Except as so admitted, defendants are without sufficient knowledge or

14   information to form a belief as to the truth of the allegations contained in said paragraph, and on

15   that basis deny each and every allegation contained therein.

16       15. Answering Paragraph 15 of the Complaint, defendants are without sufficient

17   knowledge or information to form a belief as to the truth of the allegations contained in said

18   paragraph, and on that basis deny each and every allegation contained therein.

19       16. Answering Paragraph 16 of the Complaint, defendants are without sufficient

20   knowledge or information to form a belief as to the truth of the allegations contained in said

21   paragraph, and on that basis deny each and every allegation contained therein.

22   **FIRST CAUSE OF ACTION**

23   **For Intentional Infliction of Emotional Distress**

24   **(Against COUNTY, PHS, DENARDI, HADDAD, KKH INCORPORATED, SPIKE REAL**

25   **ESTATE, and DOES 1 through 50)**

26       17. Answering Paragraph 17 of the Complaint, defendants incorporate by reference, as if

27   fully set forth herein, their responses to paragraphs 1 through 16 of the complaint.

28

1    18. Answering Paragraph 18 of the Complaint, defendants deny each and every

2    allegation contained therein.

3    19. Answering Paragraph 19 of the Complaint, defendants deny each and every

4    allegation contained therein.

5    20. Answering Paragraph 20 of the Complaint, defendants are without sufficient

6    knowledge or information to form a belief as to the truth of the allegations contained in said

7    paragraph, and on that basis deny each and every allegation contained therein.

8    21. Answering Paragraph 21 of the Complaint, defendants deny each and every

9    allegation contained therein.

10    **SECOND CAUSE OF ACTION**

11    **Deprivation of rights (U.S. Code, Title 42, Sec. 1983)**

12    **(Against COUNTY, PHS, DENARDI, HADDAD, KKH INCORPORATED, SPIKE REAL**

13    **ESTATE and Does 1 through 50)**

14    22. Answering Paragraph 22 of the Complaint, defendants incorporate by reference, as if

15    fully set forth herein, their responses to paragraphs 1 through 21 of the complaint.

16    23. Answering Paragraph 23 of the Complaint, defendants admit that said paragraph

17    contains Mr. Berko's summary of 42 U.S.C. 1983 and not a complete and accurate representation

18    of the actual language of the statute.  Except as so admitted, defendants deny each and every

19    allegation contained in Paragraph 23.

20    24. Answering Paragraph 24 of the Complaint, defendants deny each and every

21    allegation contained therein.

22    **FOURTH [SIC] CAUSE OF ACTION**

23    **For Interfering with the Enjoyment of Individual Rights (Civil Code sec. 52.1)**

24    **(Against COUNTY, PHS, DENARDI, HADDAD, KKH INCORPORATED, SPIKE REAL**

25    **ESTATE, and DOES 1 through 50)**

26    25. Answering Paragraph 25 of the Complaint, defendants incorporate by reference, as if

27    fully set forth herein, their responses to paragraphs 1 through 25 of the complaint.

28

1    26.  Answering Paragraph 26 of the Complaint, defendants admit that the paragraph

2    contains Mr. Berko's summary of California Civil Code 52.1 and not a complete and accurate

3    representation of the actual language of the statute.  Except as so admitted, defendants deny each

4    and every allegation contained in said paragraph.

5    27.  Answering Paragraph 27 of the Complaint, defendants deny each and every

6    allegation contained therein.

7                               **FOURTH CAUSE OF ACTION**

8                                    **For Conversion**

9    **(Against COUNTY, PHS, DENARDI, HADDAD, KKH INCORPORATED, SPIKE REAL**

10                          **ESTATE, and DOES 1 through 50)**

11    28.  Answering Paragraph 28 of the Complaint, defendants incorporate by reference, as if

12    fully set forth herein, their responses to paragraphs 1 through 27 of the complaint.

13    29.  Answering Paragraph 29 of the Complaint, defendants deny each and every

14    allegation contained therein.

15    30.  Answering Paragraph 30 of the Complaint, defendants are without sufficient

16    knowledge or information to form a belief as to the truth of the allegations contained in said

17    paragraph, and on that basis deny each and every allegation contained therein.

18                               **SIXTH CAUSE OF ACTION**

19                                  **For False Imprisonment**

20    **(Against COUNTY, PHS, DENARDI, HADDAD, KKH INCORPORATED, SPIKE REAL**

21                          **ESTATE, and Does 1 through 50)**

22    31.  Answering Paragraph 31 of the Complaint, defendants incorporate by reference, as if

23    fully set forth herein, their responses to paragraphs 1 through 30 of the complaint.

24    32.  Answering Paragraph 32 of the Complaint, defendants are without sufficient

25    knowledge or information to form a belief as to the truth of the allegations contained in said

26    paragraph, and on that basis deny each and every allegation contained therein.

27    33.  Answering Paragraph 33 of the Complaint, defendants deny each and every

28    allegation contained therein.

34. Answering Paragraph 34 of the Complaint, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

35. Answering Paragraph 35 of the Complaint, defendants deny each and every allegation contained therein.

## PRAYER FOR RELIEF

In response to plaintiff's prayer for relief, defendants deny that plaintiff is entitled to any relief prayed for or any other relief whatsoever.

## II. AFFIRMATIVE DEFENSES

1. **AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint and each cause of action alleged therein, these answering defendants allege that plaintiff was careless and negligent in and about the matters referred to in said Complaint and that said carelessness and negligence on plaintiff's own part proximately caused or contributed to the happening of the accident and to the injuries, loss, and damages complained of, if any there were.

2. **AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint and each cause of action alleged therein, these answering defendants allege that the injuries and damages complained of by plaintiff, if any there were, were either wholly or in part directly and proximately caused by the negligence or other wrongful acts or omissions of persons or entities other than these answering defendants, and said negligence comparatively reduces the proportion of negligence and corresponding liability of these answering defendants.

3. **AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint and each cause of action alleged therein, these answering defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action against these answering defendants, or at all.

4. **AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint and each cause of action alleged therein, these answering defendants contend that if liability is assessed against it pursuant to Civil Code sections 1430 et seq., defendants shall be liable only for the amount of non-economic damages allocated to it in direct proportion to the

percentage of fault assessed against it by the trier of fact, and request that a separate judgment be rendered against it for that amount, but in setting forth this affirmative defense, defendants make no admission that it is liable to plaintiff in any amount or in any proportion and make no admission that plaintiff has been damaged in any sum or sums, or at all.

5.   **AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint and each cause of action alleged therein, these answering defendants allege that plaintiff had express knowledge of the risks and hazards set forth in the Complaint as well as the magnitude of the risks and hazards and, therefore, knowingly and willingly assumed those risks.

6.   **AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint, these answering defendants allege that plaintiff's Complaint, and each cause of action therein, in whole or in part, is barred by the statute of limitations set forth in Code of Civil Procedure, Sections 336, 337, 337(1), 337.1, 337.15, 337a, 338, 339, 339.5, 340, 341a, 343.

7.   **AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint and each cause of action alleged therein, these answering defendants allege that plaintiff failed to exercise reasonable care and diligence to avoid loss and to minimize and mitigate her damages, if any there were, and that this failure to mitigate damages alone aggravated any damages or injuries, if any, to plaintiff, and therefore precludes or reduces recovery against these answering defendants.

8.   **AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint, these answering defendants alleges that plaintiff's claim is barred in whole or in part by the doctrines of waiver or estoppel.

9.   **AS AN NINETH, SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint and each cause of action alleged therein, these answering defendants allege that its compliance with the municipal codes, ordinances, statutes, rules, case law and regulations which govern the subject matter of this lawsuit precludes its liability to plaintiff.

10.   **AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint and each cause of action alleged therein, these answering defendants allege that it all veterinary treatment rendered to plaintiff's dog, Kodiak, alleged in the Complaint was conducted

within the standard of care and skill ordinarily exercised by veterinary professionals.

11.    **AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint and each cause of action alleged therein, these answering defendants did not engage in conduct which amounted to malice, fraud and oppression and should not be subject to a claim for exemplary damages.

12.    **AS A TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint and each cause of action alleged therein, these answering defendants alleges that plaintiff may not recover emotional distress damages for loss or damage to her dog which is personal property.

13.    **AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint, these answering defendants allege that plaintiff's injuries were proximately caused by the intervening acts of co-defendants and other persons or entities other than these answering defendants, and that these intervening acts preclude or reduce any recovery against these answering defendants.

14.    **AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint, these answering defendants allege that plaintiff's injuries were proximately caused by the superseding cause of co-defendants and other persons or entities other than these answering defendants, and that this superseding cause precludes or reduces any recovery against these answering defendants.

15.    **AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint, these answering defendants allege that should plaintiff recover from this defendant, this defendant is entitled to indemnification, either in whole or in part, from all persons or entities whose negligence or fault proximately contributed to plaintiff's damages, if any there were.

16.    **AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE** to the Complaint, these answering defendants allege that plaintiff was never held against her will by Defendant Dr. Kim Haddad and was free to leave the San Mateo Pet Hospital at any time during the treatment of her dog Kodiak.

1

2      17.    **AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE** to

3  the Complaint and each cause of action alleged therein, these answering defendants allege that its

4  acts and/or omissions alleged in the Complaint are protected by privilege.

5      18.    **AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE** to the

6  Complaint and each cause of action alleged therein, these answering defendants allege that at no

7  time did defendants act, or purport to act, under color of state law.

8      19.    **AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE** to the

9  Complaint and each cause of action alleged therein, these answering defendants allege that at no

10 time did defendants threaten or commit any violent acts toward plaintiff or anyone else.

11                        **DEMSAND FOR JURY TRIAL**

12     Defendants demand a jury trial.

13                        **PRAYER FOR RELIEF**

14     WHEREFORE defendants pray as follows:

15     1.    That plaintiff takes nothing by reason of her complaint; that judgment is rendered

16 in favor of defendants;

17     2.    That defendants be awarded their costs of suit incurred in the defense of this

18 action; and

19     3.    For such other relief as the court deems proper.

20

21 Dated: June 26, 2008                    BLEDSOE, CATHCART, DIESTEL,
                                           PEDERSEN & TREPPA, LLP
22

23

24 By_____
                                           Peter J. Van Zandt
25                                         Brian S. Whittemore
                                           Attorneys for Defendants
26                                         KIM HADDAD, KKH INC., SPIKE
                                           REAL STATE
27

28

ANSWER AND DEMEND FOR JURY TRIAL