Peter J. Van Zandt – SBN 152321
Brian S. Whittemore – SBN 241631
BLEDSOE, CATHCART, DIESTEL, PEDERSEN & TREPPA, LLP
601 California Street, 16th Floor
San Francisco, CA 94108
Telephone: (415) 981-5411
Facsimile: (415) 981-0352

Attorneys for Defendants KIM HADDAD, KKH INC., SPIKE REAL STATE

# THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# DIVISION OF SAN FRANCISCO

| | |
|---|---|
| TAMARA DOUKAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN MATEO, a public entity, PENINSULA HUMANE SOCIETY, a private non-profit organization, DEBI DENARDI, an individual, KIM HADDAD, an individual, KKH INC., a private entity, SPIKE REAL STATE, a private entity, and DOES 1 through 50, inclusive,<br><br>Defendants. | No. CV-02336-SI<br><br>**DEFENDANT KIM HADDAD, KKH, INC. & SPIKE REAL ESTATE'S SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Complaint Filed: May 6, 2008 |

Defendants DR. KIM HADDAD, KKH, INC. and SPIKE REAL ESTATE (hereinafter, "Dr. Haddad") respectfully submit their Joint CMC Statement in accordance with the Standing Order for All Judges of the Northern District of California. Dr. Haddad is represented by Peter J. Van Zandt, Esq. and Brian S. Whittemore, Esq. of Bledsoe, Cathcart, Diestel, Pederson & Treppa LLP.

Plaintiff TAMMY DOUKAS is represented by Dan Berko, Esq.

Defendants COUNTY OF SAN MATEO, PENINSULA HUMANE SOCIETY and DEBI

1  DENARDI are represented by Charles S. Custer, Esq. and Jon Yonemitsu, Esq. of Gordon &
2  Rees, LLP.
3       Defendants PENINSULA HUMAN SOCIETY and DEBI DENARDI are also
4  represented by Kevin Smith, Esq., of Bradley, Curley, Asiano, Barrabee & Crawford, P.C. and
5  Dwight B. Bishop, Esq., of Dwight B. Bishop, Inc.
6       1.   Jurisdiction: Plaintiff's complaint does not include a jurisdictional statement
7  identifying the statutory or other basis for federal jurisdiction and facts supporting such
8  jurisdiction as required by Civil Local Rule 3-5.  In the body of the Complaint; however,
9  Plaintiff alleges, among other things, violation of the Fourth Amendment to the United States
10 Constitution and violation of 42 U.S.C. 1983 relating to the euthanization of her pet dog
11      2.   Facts:
12 *Plaintiff's Position:*  Counsel for Dr. Haddad circulated a draft Joint CMC Statement
13 form in an effort to obtain plaintiff's position but received no response.
14
15 *Defendant Dr. Haddad's Position:* Dr. Haddad believes that her professional reputation,
16 and that of her animal hospital, has been unfairly tainted by this lawsuit.  She has a well
17 established reputation as a supporter of animal rights in the community and devotes substantial
18 time and energy to the care and human treatment of animals.  On the date of the incident
19 underlying the claims in this case, at least two veterinarians examined Kodiak and concluded,
20 based on their professional experience and judgment, that the dog was gravely ill with a very grave
21 prognosis.  Dr. Ulla first examined plaintiff's dog.  At that time, plaintiff informed Dr. Ulla that the
22 dog couldn't walk the night before and plaintiff slept outside with him.  Thereafter, the dog was
23 given IV fluids and antibiotics.  Dr. Ulla and Dr. Haddad, the two veterinarians on duty that day,
24 observed that Kodiak appeared to be in shock, had bloody stool, and an open abscess wound from a
25 foxtail that plaintiff hadn't removed.  In addition, the dog had a fever, exuded a foul odor, and was
26 vocalizing as if in pain.  These symptoms were first observed by Dr. Ulla who asked Dr. Haddad to
27 further examine Kodiak in an attempt to gain a second opinion.  Upon further examination, Dr.
28 Haddad reached the same conclusion—that Kodiak was gravely ill, continued to suffer and actually

appeared to be dying. Plaintiff, however, maintained that her dog was fine as of 12:30 pm that day, even after indicating otherwise in earlier statements. For example, she previously revealed that the dog had difficulty breathing, was not walking, had diarrhea and was vomiting, and that she slept outside with him the night before because he was not doing well, and could not get up.

Each veterinarian, as well as the animal control officer, had a duty to prevent animal cruelty. It became clear to both veterinarians that plaintiff was unable to grasp the severity of her pet's medical condition. Under the circumstances, allowing the failing dog to leave the San Mateo Animal Hospital with plaintiff would have subjected Kodiak to needless suffering, in clear violation of the law—and tantamount to animal cruelty. Moreover, it was Dr. Haddad's duty, under the circumstances, to alert appropriate animal control officials of the dog's condition so as to prevent the animal's needless suffering. She did just that in accordance with her ethical obligations.

After assessing the situation, Officer Denardi independently concluded that the dog was suffering and to allow him to continue suffering would be inhumane. As a result, Officer Denardi ultimately informed plaintiff that she could not allow the dog to continue to lay on the examination room floor in pain and that if a decision wasn't made regarding euthanasia, she would seize the dog under Penal Code section 597 and bring the dog to Peninsula Humane Society and SPCA where he would be examined by a staff veterinarian and potentially humanely euthanized.

At 5:30 p.m., Officer Denardi entered the treatment room and learned that plaintiff and her family had not reached a decision regarding euthanasia. As a result, Officer Denardi began issuing post-seizure paperwork and told the family that the dog was to be transported to PHS/SPCA. Although plaintiff now denies that she or her family gave consent to euthanize Kodiak, Dr. Haddad contends that consent was in fact given and Kodiak was euthanizes after consent was obtained.

*Defendant County of San Mateo's Peninsula Humane Society and Debi Denardi's Position:* Defendant Dr. Haddad, after speaking with defense counsel for the County of San Mateo, understands that the County will be filing a Separate CMC Statement on behalf of their clients.

1     *Defendants Peninsula Humane Society and Debi Denardi's Position:*

2     3.    <u>Legal Issues</u>:

3 Whether plaintiff can recover emotional distress damages for loss of personal property

4 and whether consent was, in fact, given for the euthanization.  Potential issues may also include

5 whether State Action was involved in the seizure of the dog and whether Dr. Haddad was so

6 closely connected with the State Actor as to justify her inclusion in plaintiff's "Deprivation of

7 Rights" claim.

8     4.    <u>Motions</u>:  Possible Motion for Summary Judgement.  There are no pending

9 motions at this time.

10     5.    <u>Amendment of Pleadings:</u>  No amendments expected at this time.

11     6.    <u>Evidence Preservation</u>:  All relevant x-rays and medical records of Kodiak have

12 been previously produced in the state court action and preserved.

13     7.    <u>Disclosures:</u>  Due to the fact that initial disclosures are due the same day as this

14 filing, counsel for Dr. Haddad is uncertain whether other parties will comply with the initial

15 disclosure deadline.  Counsel for Dr. Haddad has attached its timely initial disclosures as

16 **Exhibit A**, to the Declaration of Brian S. Whittemore.

17     8.    <u>Discovery</u>:  Significant discovery related to the federal action has already

18 occurred in the underlying state court action.  However, to date, parties have not stipulated that

19 the discovery be applicable to both actions.  Defendant KIM HADDAD will endeavor to

20 discover any records indicating treatment of plaintiff's dog prior to its euthanasia to substantiate

21 our contention that the dog was indeed suffering and properly euthanized.

22     The Parties Propose the following Discovery Plan:

| <u>Discovery</u> | <u>Party</u> | <u>Date</u> |
|---|---|---|
| <u>Written Discovery:</u> | | |
| Interrogatories to Plaintiff | Dr. Haddad | September 2008 |
| Document Requests | Dr. Haddad | September 2008 |

1     <u>Depositions</u>

2     Deposition of Plaintiff        Dr. Haddad        November 2008

3     Deposition of Witnesses      Dr. Haddad        November 2008

4

5     9.    <u>Class Actions:</u>  Not Applicable.

6     10.    <u>Related Cases:</u>   There is currently a related state Court Case in the San Mateo

7 County Superior Court, Case No. 461009.

8     11.    <u>Relief</u>:  Plaintiff seeks unspecified damages relating to the loss of her dog

9 (property) and the resulting emotional distress damages.

10     Defendants contend relief, if any, should be limited to the value of her dog.

11     12.    <u>Settlement and ADR</u>:  The parties have stipulated to participation in the federal

12 court's mediation program. However, Dr. Haddad has been unable to obtain signatures to the

13 stipulation in a timely fashion and has thus filed the ADR telephone conference form.  (See

14 Declaration of Brian S. Whittemore

15     13.    <u>Consent to Magistrate Judge For All Purposes:</u>  Defendants HADDAD will

16 stipulate to trial by a Magistrate Judge.

17     14.    <u>Other References:</u>  None.

18     15.    <u>Narrowing of Issues</u>:  Defendant Dr. Haddad is unable to provide guidance to the

19 court with regard to narrowing the issues.

20     16.    <u>Expedited Schedule:</u>    Not applicable.

21     17.    <u>Scheduling</u>:

22     <u>Action</u>                <u>Proposed Date</u>

23     Designation of Experts:        June 2009

24     Discovery Cutoff:        July 2009

25     Hearing of Dispositive Motions:    July 2009

26     Pretrial Conference:        August 2009

27     Trial:        August 2009

28     18.    <u>Trial</u>:   Defendant Dr. Haddad demands a jury trial and anticipates a 5-7 day trial.

1        19.     <u>Disclosure of Non-party Interested Entities or Persons</u>:  Defendant Haddad knows of no interest that the Court has in the subject matter or parties to this action that would require recusal.

2        20.     <u>Other Matters:</u>    None at this time.

Dated:  August 8, 2008                                     BLEDSOE, CATHCART, DIESTEL,
                                                           PEDERSEN & TREPPA, LLP


                                                           By____/s/_____
                                                              Peter J. Van Zandt
                                                              Brian S. Whittemore
                                                              Attorneys for Defendants
                                                              KIM HADDAD, KKH INC., SPIKE
                                                              REAL STATE