Peter J. Van Zandt – SBN 152321
Brian S. Whittemore – SBN 241631
BLEDSOE, CATHCART, DIESTEL, PEDERSEN & TREPPA, LLP
601 California Street, 16th Floor
San Francisco, CA 94108
Telephone: (415) 981-5411
Facsimile: (415) 981-0352

Attorneys for Defendants KIM HADDAD, KKH INC., SPIKE REAL ESTATE
(erroneously sued herein as SPIKE REAL STATE)

# THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### DIVISION OF SAN FRANCISCO

| | |
|---|---|
| TAMARA DOUKAS, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF SAN MATEO, a public entity, PENINSULA HUMANE SOCIETY, a private non-profit organization, DEBI DENARDI, an individual, KIM HADDAD, an individual, KKH INC., a private entity, SPIKE REAL STATE, a private entity, and DOES 1 through 50, inclusive,<br><br>        Defendants. | No. CV-02336-SI<br><br>**DECLARATION OF PETER J. VAN ZANDT IN SUPPORT OF DEFENDANTS KIM HADDAD, KKH, INC. AND SPIKE REAL ESTATE'S SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Complaint Filed: May 6, 2008 |

I, Peter J. Van Zandt, declare:

I am an attorney duly licensed to practice law before all courts in the State of California, and am a partner in the law firm of Bledsoe, Cathcart, Diestel and Pedersen, LLP, attorneys of record herein for defendants KIM HADDAD, KKH, INC. and SPIKE REAL ESTATE (hereinafter "Dr. Haddad") in the above-referenced action.

2.      I have personal knowledge of all facts stated herein, and if called as a witness, could and would competently testify to them under oath.

1

1    3.    Attached hereto as Exhibit "A" is a true and correct copy of Defendants' Initial

2    Disclosure timely served on all parties on August 8, 2008.

3    4.    On August 1, 2008, my associate Brian S. Whittemore attempted to meet and

4    confer with all counsel regarding a stipulation to ADR in this case.  He provided email links to

5    the electronic ADR forms to all parties.  (see email of Brian S. Whittemore attached hereto as

6    **Exhibit B**).

7    5.    On August 5, 2008, after informally learning from all parties that there was no

8    objection to federal court sponsored mediation, my office prepared the Stipulation and Proposed

9    Order selecting ADR process and circulated it to all counsel for signature.  (see email string

10    attached hereto as **Exhibit C**). As of the date of this declaration, my office has not received

11    signatures back from all parties and thus did not file the stipulation form.  Instead, we filed a

12    Notice of Need for ADR phone conference on August 8, 2008, after waiting several days for the

13    executed stipulation.

14    6.    On August 5, 2008, my associate Brian S. Whittemore offered to prepare a Joint

15    CMC Statement for circulation to all parties, which was welcomed by all parties in order to seek

16    their input and agreement with respect to discovery plan and scheduling.  (see email string

17    attached as **Exhibit D**).

18    7.    On August 6, 2008, my associate Brian S. Whittemore sent a draft Joint CMC

19    Statement to all counsel and advised that he would file a Separate CMC Statement on behalf of

20    our clients if he did not hear back from other counsel by Friday, August 8, 2008, the date the

21    Joint CMC Statement was due pursuant to the Court's Case Management Conference Order.

22    (see email of Brian S. Whittemore to all counsel attached as **Exhibit E**).

23    8.    My office e received a phone call from Jon Yonemitsu, counsel for Co-

24    defendants, who spoke with my associate Brian S. Whittemore regarding scheduling and cut off

25    dates. At that time, neither had received edits from plaintiff's counsel.

26    9. At 3:59 pm, my associate received an email attaching plaintiff's edits to the proposed

27    Joint Case Management Statement.  (Plaintiff's edits are attached hereto as **Exhibit F**).  After

28    receiving the edits, my associate ascertained from counsel for the County of San Mateo that a

2

Declaration of Peter J. Van Zandt in Support of Haddad's Separate Case Management Conference Statement

1  Separate CMC Statement had already been filed on behalf of their client.  As a result, our office

2  submitted a Separate CMC Statement on behalf of Dr. Haddad and indicated to plaintiff's

3  counsel that we would include plaintiff's edits as an exhibit for the Court's review.

4      I declare under penalty of perjury under the laws of the State of California that the

5  foregoing is true and correct.

6      Executed this 8th day of August, 2008 at San Francisco, California.

7

8  _____
   s/s

9  Peter J. Van Zandt

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration of Peter J. Van Zandt in Support of Haddad's Separate Case Management Conference Statement

# EXHIBIT A

1   Peter J. Van Zandt – SBN 152321
    Brian S. Whittemore – SBN 241631
2   BLEDSOE, CATHCART, DIESTEL, PEDERSEN & TREPPA, LLP
3   601 California Street, 16th Floor
    San Francisco, CA 94108
4   Telephone:  (415) 981-5411
    Facsimile:  (415) 981-0352
5

6   Attorneys for Defendants KIM HADDAD, KKH INC., SPIKE REAL ESTATE, LLC
    (erroneously sued herein as SPIKE REAL STATE)
7

8               THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                  DIVISION OF SAN FRANCISCO

11  TAMARA DOUKAS, an individual,          )   No.  CV-02336-SI
                                           )
12              Plaintiff,                 )
                                           )
13       v.                                )
                                           )   DEFENDANTS KIM HADDAD, KKH,
14  COUNTY OF SAN MATEO, a public          )   INC. AND SPIKE REAL ESTATE'S
    entity, PENINSULA HUMANE               )   INITIAL DISCOVERY DISCLOSURE
15  SOCIETY, a private non-profit          )   PURSUANT TO F.R.C.P. 26 (a) & 26 (f)
    organization, DEBI DENARDI, an         )
16  individual, KIM HADDAD, an individual, )
17  KKH INC., a private entity, SPIKE REAL )
    ESTATE, LLC, a private entity, and DOES)
18  1 through 50, inclusive,               )
                                           )
19                                         )
                Defendants.                )
20  _____       )   Complaint Filed:  May 6, 2008

21          Pursuant to Rule 26, subdivisions (a) and (f) of the Federal Rules of Civil Procedure,

22  defendants KIM HADDAD, KKH INC. and SPIKE REAL ESTATE (hereinafter "HADDAD")

23  discloses the following information:

24          1.  **Witnesses.**

25              (a)  **Debi Denardi.**  Address and telephone number unknown.  Denardi was a

26  humane control officer for the Peninsula Humane Society at the time of the incident and also a

27  percipient witness to the events occurring at San Mateo Animal Hospital.

28

                                            1

1        (b) **Julie Hutt.** Address and telephone number unknown. Hutt was an employed

2  as a technician at the San Mateo Animal Hospital at the time of the incident but has since

3  relocated to Texas.

4        (c ) **Dr. Holly Trief.** Address and telephone number unknown. Dr.Trief was a

5  veterinarian employed by the San Mateo Animal Hospital at the time of the incident and

6  provided veterinary care to Kodiak in 2004 and 2005.

7        (d) **Dr. Husna Ulla.** Address and telephone number unknown. Dr. Ulla was a

8  veterinarian employed by the San Mateo Animal Hospital at the time of the incident and

9  provided veterinary care to Kodiak on the date of the incident.

10        (e) **Dr. Michelle Walsh.** Address and telephone number unknown. Dr. Walsh

11  was a veterinarian employed by San Mateo Animal Hospital and participated in the treatment of

12  Kodiak prior to the date of the incident. She was also consulted regarding the condition of

13  Kodiak on the date of the incident;

14      2. **Documents.**

15        (a) Medical and billing records of Plaintiff subpoenaed from Stanford University

16  Counseling, 866 Campus Drive, Stanford, CA 94305. Copies of these records are in the

17  possession, custody and control of counsel for HADDAD, Bledsoe, Cathcart, Diestel, Pedersen

18  & Treppa, LLP, 601 California St, 16th Floor, San Francisco, CA 94108.

19        (b) Medical and billing records of Plaintiff subpoenaed from Cardinal Health

20  Plan, Stanford University, Vaden Health Center, 866 Campus Drive, Stanford, CA 94035.

21  Copies of these records are in the possession, custody and control of counsel for HADDAD,

22  Bledsoe, Cathcart, Diestel, Pedersen & Treppa, LLP, 601 California St, 16th Floor, San

23  Francisco, CA 94108.

24        (c) Medical and billing records of Plaintiff subpoenaed from Dr. Matthew May,

25  1220 University Dr, Menlo Park, CA 94025. These records have been subpoenaed by counsel

26  for HADDAD, Bledsoe, Cathcart, Diestel, Pedersen & Treppa, LLP, 601 California St, 16th

27  Floor, San Francisco, CA 94108.

28

2

1    (d)  Medical and billing records of Kodiak subpoenaed from Veterinary Pet

2    Insurance (VPI), 3060 Saturn St., Brea, CA 92821-2344.  Copies of these records are in the

3    possession, custody and control of counsel for HADDAD, Bledsoe, Cathcart, Diestel, Pedersen

4    & Treppa, LLP, 601 California St, 16th Floor, San Francisco, CA 94108.

5    (e)  Medical and billing records of Kodiak from Veterinary Dermatology Services,

6    1618 Washington Blvd., Fremont, CA 34539.  These records will be subpoenaed by counsel for

7    HADDAD, Bledsoe, Cathcart, Diestel, Pedersen & Treppa, LLP, 601 California St, 16th Floor,

8    San Francisco, CA 94108.

9    (f)  Medical and billing records of Kodiak from Scout's House, 506 Santa Cruz

10   Ave., Menlo Park, CA 94025.  These records will be subpoenaed by counsel for HADDAD,

11   Bledsoe, Cathcart, Diestel, Pedersen & Treppa, LLP, 601 California St, 16th Floor, San

12   Francisco, CA 94108.

13   (g)  Medical and billing records of Kodiak from Janet L. Dunn, D.V.M., P.O. Box

14   644, San Mateo, CA 94401.  These records will be subpoenaed by counsel for HADDAD,

15   Bledsoe, Cathcart, Diestel, Pedersen & Treppa, LLP, 601 California St, 16th Floor, San

16   Francisco, CA 94108.

17   (h)  Medical and billing records and radiographs of Kodiak from San Mateo

18   Animal Hospital Veterinary Dermatology Services, 2320 Palm Ave, San Mateo, CA 94403.

19   These are in the possession of counsel for HADDAD, Bledsoe, Cathcart, Diestel, Pedersen &

20   Treppa, LLP, 601 California St, 16th Floor, San Francisco, CA 94108

21   (i)  Department of Animal Control Services Peninsula Humane Society

22   Investigation/Incident Report dated September 25, 2006, regarding the incident.  A copy of the

23   report is in the possession, custody and control of counsel for HADDAD, Bledsoe, Cathcart,

24   Diestel, Pedersen & Treppa, LLP, 601 California St, 16th Floor, San Francisco, CA 94108.

25   (j)  Three CD-ROMs containing pictures and video clips of Kodiak, produced by

26   plaintiff in the action, Doukas v. County of San Mateo, San Mateo County Superior Court Case

27   Number 461009.  Copies of the CD-ROMs are in the possession, custody and control of counsel

28   for HADDAD, Bledsoe, Cathcart, Diestel, Pedersen & Treppa, LLP, 601 California St, 16th

3

DEFENDANT KIM HADDAD'S INITIAL DISCOVERY DISCLOSURE

1    Floor, San Francisco, CA 94108.

2          (k)  Photographs taken September 26, 2006 of defamatory flyers posted at

3    Redwood Shores Dog Park.  Copies of these records are in the possession, custody and control of

4    counsel for HADDAD, Bledsoe, Cathcart, Diestel, Pedersen & Treppa, LLP, 601 California St,

5    16th Floor, San Francisco, CA 94108.  Said photographs have previously been produced to

6    Plaintiff by HADDAD in the action <u>Doukas v. County of San Mateo</u>, San Mateo County

7    Superior Court Case Number 461009.

8          (l)  Craigslist Postings related to the incident.  Copies of these records are in the

9    possession, custody and control of counsel for HADDAD, Bledsoe, Cathcart, Diestel, Pedersen

10   & Treppa, LLP, 601 California St, 16th Floor, San Francisco, CA 94108.  Said photographs have

11   previously been produced to Plaintiff by HADDAD in the action <u>Doukas v. County of San</u>

12   <u>Mateo</u>, San Mateo County Superior Court Case Number 461009.

13         (m)  Veterinary Medical Board Letter to Dr. Haddad, dated June 20, 2007,

14   determining insufficient evidence to indicate violation of laws governing the practiced of

15   veterinary medicine occurred regarding the treatment of Kodiak.  A copy of this letter in the

16   possession, custody and control of counsel for HADDAD, Bledsoe, Cathcart, Diestel, Pedersen

17   & Treppa, LLP, 601 California St, 16th Floor, San Francisco, CA 94108.  Said letter has

18   previously been produced to Plaintiff by HADDAD in the action <u>Doukas v. County of San</u>

19   <u>Mateo</u>, San Mateo County Superior Court Case Number 461009.

20       3.  **Damages Computation/Documentation**

21       Defendant HADDAD has not performed a damages computation.

22       4.  **Insurance Agreements.**

23       Defendant HADDAD is currently obtaining copies of her applicable insurance policies

24   which she will provide to plaintiff DOUKAS upon receipt thereof.

25       I, Peter J. Van Zandt, certify that the information contained in this Initial Discovery

26   Disclosure, is complete and correct, to the best of my knowledge, information and belief, formed

27   after an inquiry that is reasonable under the circumstances.

28

4

DEFENDANT KIM HADDAD'S INITIAL DISCOVERY DISCLOSURE

1    Dated:  August 8, 2008

2

BLEDSOE, CATHCART, DIESTEL,
PEDERSEN & TREPPA, LLP

3

4

By _____ s/s _____
    Peter J. Van Zandt
    Brian S. Whittemore
    Attorneys for Defendants
    KIM HADDAD, KKH INC., SPIKE
    REAL STATE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

1

## PROOF OF SERVICE

2     I, the undersigned, hereby declare that I am over the age of eighteen years and not a party

3     to the within action. My business address is 601 California Street, 16th Floor, San Francisco,

4     California, 94108-2805. On the date indicated below, I served the following document(s):

5     **DEFENDANTS KIM HADDAD, KKH, INC. AND SPIKE REAL ESTATE'S INITIAL**
6     **DISCOVERY DISCLOSURE PURSUANT TO F.R.C.P. 26(a) & 26(f)**

7     upon the following at the address(es) stated below:

8     Daniel Berko, Esq.                          Charles S. Custer, Esq.
      Law Office of Daniel Berko                  Jon C. Yonemitsu, Esq.
9     819 Eddy Street                             Gordon & Rees
      San Francisco, CA 94109                     275 Battery Street, Suite 2000
10    Fax: (415) 474-3748                         San Francisco, CA 94111
                                                  Fax: (415) 986-8054
11    *Attorney for Plaintiff Tamara Doukas*      *Attorney for Defendants Peninsula Humane*
12                                                *Society and Debi Denardi*

13    Daniel J. Crawford, Esq.                    Dwight Bishop, Esq.
      Kevin Smith, Esq.                           Dwight Bishop, Inc.
14    Bradley, Curley, Asiano, et al.             1511 Treat Boulevard #200
      1100 Larkspur Landing Circle, Suite 200     Walnut Creek, CA 94596
15    Larkspur, CA 94939                          Fax: (925) 939-8366
16    Fax: (415) 986-8887                         *Attorney for Defendants Peninsula Humane*
      *Attorney for Defendants Peninsula Humane*  *Society and Debi Denardi*
17    *Society and Debi Denardi*

18    _____**BY MAIL** by depositing true and correct copies in sealed envelopes in the United States
              mail in accordance with the usual mailing practice of this firm.
19

20    _____**BY PERSONAL SERVICE** in accordance with ordinary business practices during
              ordinary business hours.
21

22    XXX  **BY FAX** at number listed above.

23    _____**BY FEDERAL EXPRESS** overnight delivery for delivery the following business day.

24    I declare under penalty of perjury under the laws of the State of California that the

25    foregoing is true and correct, and that this declaration was executed on August 8, 2008, at San

26    Francisco, California.

27                                          s/s
                                            _____
                                            Michelle L. Martens
28

PROOF OF SERVICE

# EXHIBIT B

# Brian S. Whittemore

| | |
|---|---|
| **From:** | Brian S. Whittemore |
| **Sent:** | Friday, August 01, 2008 2:38 PM |
| **To:** | Jon Yonemitsu; 'Kevin Smith' |
| **Cc:** | Jewel Basse; 'dbb@sbcglobal.net'; Peter J. Van Zandt |
| **Subject:** | DOUKAS ADR STIPULATION |

Dear Counsel,

I spoke with Mr. Berko this afternoon and he and I have stipulated to the use of the Federal Court mediation program. If other counsel are amenable to mediation, we should file the Stipulation and Proposed Order. I've provided a link for your convenience.

**http://www.cand.uscourts.gov/cand/form.nsf/7813fd3053452aef88256d4a0058fb31/0b597ff7ab3a061388256 OpenDocument**

If any counsel remains opposed to mediation, or would prefer some alternative form of ADR, please let me know ant I will file the Notice of Need for ADR Phone Conference, the form for which can be found via the following link.

http://www.cand.uscourts.gov/cand/form.nsf/7813fd3053452aef88256d4a0058fb31/1ef153950306ccf188256d4a00( OpenDocument

Please advise as soon as possible,

Thanks,

BRIAN S. WHITTEMORE
ATTORNEY
BLEDSOE, CATHCART, DIESTEL, PEDERSEN & TREPPA LLP
601 California Street, 16th Floor
San Francisco, CA 94108
Tel: 415-981-5411
Fax: 415-981-0352
www.bledsoelaw.com

CONFIDENTIALITY NOTICE: The information contained in this email message is attorney-privileged or confidential information intended only for the use by the individual or entity named above. If you are not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying this communication is prohibited. If you have received this communication in error, please immediately notify us by telephone at the telephone number listed above and return the original message to us at the above address. Thank you.

# EXHIBIT C

## Brian S. Whittemore

| | |
|---|---|
| **From:** | Brian S. Whittemore |
| **Sent:** | Tuesday, August 05, 2008 3:56 PM |
| **To:** | 'Daniel Berko' |
| **Cc:** | Michelle Martens |
| **Subject:** | RE: DOUKAS ADR STIPULATION |

Hi Dan,

Please sign and pdf to our office to Michelle Martens or my attention.  I am uncomfortable signing in your stead, as I am a lowly associate, and yours are rather big shoes to fill.

Thanks,

Brian

**From:** Daniel Berko [mailto:Berkolaw@sbcglobal.net]
**Sent:** Tuesday, August 05, 2008 3:51 PM
**To:** Michelle Martens; 'Kevin Smith'; Brian S. Whittemore; 'Jon Yonemitsu'
**Cc:** dbb@sbcglobal.net; ikelouise@sbcglobal.net; 'Charles Custer'; 'Jewel Basse'
**Subject:** RE: DOUKAS ADR STIPULATION

You can sign my name for Plaintiff.  If that is not o.k., let me know and I can get it signed and PDFed.  However, G&R will never know I signed since my signature will be emailed. Although they won't know I am sending this email either so...................................... (But,  I am hoping that Jewell takes a sneak peak at my emails every once in a while.)

While we are on the subject, I need dates for depositions.   I think I will start with officer Denardi.  Please advise as to availability and Jewell- if you are peaking- can you advise as well.

Dan Berko

**From:** Michelle Martens [mailto:mmartens@bledsoelaw.com]
**Sent:** Tuesday, August 05, 2008 2:54 PM
**To:** Kevin Smith; Brian S. Whittemore; Jon Yonemitsu; berkolaw@sbcglobal.net
**Cc:** dbb@sbcglobal.net; ikelouise@sbcglobal.net; Charles Custer; Jewel Basse
**Subject:** DOUKAS ADR STIPULATION

Attached is the Stipulation and [Proposed] Order Selecting ADR Process.  Please sign where appropriate and return to our office for filing.  Thank you.


*Michelle L. Martens*

Legal Secretary
Bledsoe, Cathcart, Diestel, Pedersen & Treppa, LLP
601 California Street, 16th Floor
San Francisco, CA 94108
v (415) 981-5411
f (415) 981-0352
www.bledsoelaw.com

# EXHIBIT D

## Brian S. Whittemore

| | |
|---|---|
| **From:** | Brian S. Whittemore |
| **Sent:** | Tuesday, August 05, 2008 2:02 PM |
| **To:** | 'Jon Yonemitsu' |
| **Cc:** | Kevin Smith; dbb@sbcglobal.net; ikelouise@sbcglobal.net; Charles Custer; 'Jewel Basse'; Michelle Martens |
| **Subject:** | RE: DOUKAS ADR STIPULATION |

Jon (and others),

My apologies for not responding earlier but I've been out of the office.

I have asked my office to prepare a form that would allow for the all counsel to stipulate to mediation. (the form on the court's website only has space for one defendant). Is anyone else opposed to stipulating to the Federal Court's mediation program? If not, I will circulate for signatures and file with the federal court.

I am happy to get a draft joint cmc statement prepared and circulated to defense counsel, so that everyone can review and make alterations that reflect the position of their various clients. My understanding, however, is that the court would ideally like the Joint CMC statement to include the input of plaintiff. Otherwise, the court requires a declaration stating why all parties are not included. The Joint CMC Statement should reflect both the standing order of all judges Northern District and Judge Illston's individual order pertaining to Joint CMC statements. Considering above, I believe a meet and confer effort between all parties (including plaintiff) will be the most productive way to go in advance Friday's deadline. I have no opposition to the defense counsel meeting separately and apart from the plaintiff, if necessary.

I will take some time this afternoon to start a draft and circulate it for others to review and revise. Unless I hear otherwise, I will attempt to get the draft out today.

Thanks,

Brian

---

**From:** Jon Yonemitsu [mailto:JYonemitsu@gordonrees.com]
**Sent:** Monday, August 04, 2008 11:31 AM
**To:** Brian S. Whittemore
**Cc:** Kevin Smith; dbb@sbcglobal.net; ikelouise@sbcglobal.net; Charles Custer
**Subject:** RE: DOUKAS ADR STIPULATION

Brian,

Thanks for getting on this. Mediation is fine with our office.

To all, with regard to the case management statement due this Friday, it seems to me that it makes sense for the defense to file a joint statement, unless someone believes a joint statement amongst all parties can be achieved. To that extent, please advise who will take the lead in preparing the defense joint statement.

Thanks,

Jon

---

**From:** Brian S. Whittemore [mailto:bwhittemore@bledsoelaw.com]
**Sent:** Friday, August 01, 2008 2:38 PM
**To:** Jon Yonemitsu; Kevin Smith
**Cc:** Jewel Basse; dbb@sbcglobal.net; Peter J. Van Zandt
**Subject:** DOUKAS ADR STIPULATION

Dear Counsel,

I spoke with Mr. Berko this afternoon and he and I have stipulated to the use of the Federal Court mediation program. If other counsel are amenable to mediation, we should file the Stipulation and Proposed Order. I've provided a link for your convenience.

http://www.cand.uscourts.gov/cand/form.nsf/7813fd3053452aef88256d4a0058fb31/0b597ff7ab3a061388256d4a0058f1f9?
OpenDocument

If any counsel remains opposed to mediation, or would prefer some alternative form of ADR, please let me know ant I will file the
Notice of Need for ADR Phone Conference, the form for which can be found via the following link.

http://www.cand.uscourts.gov/cand/form.nsf/7813fd3053452aef88256d4a0058fb31/1ef153950306ccf188256d4a0058f20e?
OpenDocument

Please advise as soon as possible,

Thanks,

BRIAN S. WHITTEMORE
ATTORNEY
BLEDSOE, CATHCART, DIESTEL, PEDERSEN & TREPPA LLP
601 California Street, 16th Floor
San Francisco, CA 94108
Tel: 415-981-5411
Fax: 415-981-0352
www.bledsoelaw.com

CONFIDENTIALITY NOTICE: The information contained in this email message is attorney-privileged or confidential information intended only for the use by
the individual or entity named above. If you are not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are
hereby notified that any dissemination, distribution or copying this communication is prohibited. If you have received this communication in error, please
immediately notify us by telephone at the telephone number listed above and return the original message to us at the above address. Thank you.

San Francisco * San Diego * Los Angeles * Sacramento * Orange County * Las Vegas * Portland * Seattle  * Houston * Chicago  * Phoenix * Dallas * New York * Long
Island * Newark * Denver

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended
recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution,
downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately
notify us by reply email, delete the communication and destroy all copies.
IRS CIRCULAR 230 DISCLOSURE
To ensure compliance with requirements by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another
party any transaction or matter addressed herein.

GORDON & REES LLP
http://www.gordonrees.com

# EXHIBIT E

## Brian S. Whittemore

| | |
|---|---|
| **From:** | Brian S. Whittemore |
| **Sent:** | Wednesday, August 06, 2008 10:23 AM |
| **To:** | 'Jewel Basse'; Charles Custer; 'Jon Yonemitsu'; Kevin Smith; dbb@sbcglobal.net; Peter J. Van Zandt |
| **Cc:** | 'Daniel Berko' |
| **Subject:** | Doukas Joint CMC Statement (Federal Case) |
| **Attachments:** | Joint Case Management Statement.doc |

Dear All:

Please find attached a draft Joint CMC statement—some areas have been left blank in order to gather input from other counsel and to expedite its circulation.   It is meant as a starting point for discussion and I fully expect amendments and additions.  You will also see that areas of the joint statement require some agreement by all counsel on proposed dates and discovery methods.  Therefore, I think it would be best to meet and confer on these issues prior to Friday's deadline.

Please note that this Joint Statement is due Friday along with initial disclosures.  If, for some reason, we cannot come to an agreement on the substance of the Joint CMC Statement by then, I intend to file a separate statement on behalf of my client in order to comply with the court's deadlines.  Otherwise, I look forward to your suggestions and comments.

Brian

**BRIAN S. WHITTEMORE**
ATTORNEY
BLEDSOE, CATHCART, DIESTEL, PEDERSEN & TREPPA LLP
601 California Street, 16th Floor
San Francisco, CA 94108
Tel: 415-981-5411
Fax: 415-981-0352
www.bledsoelaw.com

CONFIDENTIALITY NOTICE: The information contained in this email message is attorney-privileged or confidential information intended only for the use by the individual or entity named above.  If you are not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying this communication is prohibited. If you have received this communication in error, please immediately notify us by telephone at the telephone number listed above and return the original message to us at the above address.  Thank you.

# EXHIBIT F

Peter J. Van Zandt – SBN 152321
Brian S. Whittemore – SBN 241631
BLEDSOE, CATHCART, DIESTEL, PEDERSEN & TREPPA, LLP
601 California Street, 16th Floor
San Francisco, CA 94108
Telephone: (415) 981-5411
Facsimile: (415) 981-0352

Attorneys for Defendants KIM HADDAD, KKH INC., SPIKE REAL STATE

### THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

### DIVISION OF SAN FRANCISCO

| | |
|---|---|
| TAMARA DOUKAS, an individual, | No. CV-02336-SI |
| Plaintiff, | |
| v. | |
| COUNTY OF SAN MATEO, a public entity, PENINSULA HUMANE SOCIETY, a private non-profit organization, DEBI DENARDI, an individual, KIM HADDAD, an individual, KKH INC., a private entity, SPIKE REAL STATE, a private entity, and DOES 1 through 50, inclusive, | JOINT CASE MANAGEMENT CONFERENCE STATEMENT |
| Defendants. | Complaint Filed: May 6, 2008 |

Counsel for all parties respectfully submits their Joint Case Management Statement which incorporates the Standing Order for All Judges of the Northern District of California.

Plaintiff TAMARA DOUKS is represented by DanIEL Berko, Esq.

Defendants DR. KIM HADDAD, KKH, INC. and SPIKE REAL ESTATE (hereinafter, "Dr. Haddad") are represented by Peter J. Van Zandt, Esq. and Brian S. Whittemore, Esq. of Bledsoe, Cathcart, Diestel, Pederson & Treppa LLP.

Defendants COUNTY OF SAN MATEO, PENINSULA HUMANE SOCIETY and DEBI

1

Joint Case Management Statement

1  DENARDI are represented by Charles S. Custer, Esq. and Jon Yonemitsu, Esq. of Gordon &

2  Rees, LLP.

3       Defendants PENINSULA HUMAN SOCIETY and DEBI DENARDI are also represented

4  by Kevin Smith, Esq., of Bradley, Curley, Asiano, Barrabee & Crawford, P.C. and Dwight B.

5  Bishop, Esq., of Dwight B. Bishop, Inc.

6       1.    Jurisdiction:  Plaintiff alleges, among other things, violation of the Fourth, FIFTH,

7  and FOURTEENTH  Amendment to the United States Constitution and violation of 42 U.S.C.

8  1983 relating to the euthanization of her pet dog.

9       2.    Facts:

10      Plaintiff contends:

11      Plaintiff took her pet dog of 13 years, Kodiak,  to Haddad's clinic as a result of an acute

12  illness caused by eating chicken livers.  Kodiak was first treated by Dr. Ulla who Defendants

13  state then sought a second opinion from Dr. Haddad regarding Kodiak's medical condition.

14  Apparently, Haddad came to the conclusion that the dog was simply dying of old age, was in

15  significant pain, and had to be immediately killed.  Plaintiff, who is imminently completing her

16  P.hd in Microbiology at Stanford Medical School, vehemently disagreed that the dog had to be

17  killed and wanted to explore further treatment.  Haddad, unbeknownst to Plaintiff, called

18  Denardi, an animal control officer for the Penninusal Humane Society (PHS) who came to the

19  clinic.  Denardi agreed with Haddad that Kodiak had to be immediately killed and told Plaintiff

20  she would be arrested for felony animal abuse if she did not agree to the dog being immediately

21  killed.  Plaintiff requested the right to seek a second opinion, but was refused.  Over her

22  objections, Haddad killed Kodiac due to Denardi's order. Present were Plaintiff, Officer Denardi,

23  and plaintiff's parents. In fact, Plaintiff's parents were present much of the afternoon.  They

24  support Plaintiff's version of events.  Plaintiff has innumerable eye witnesses that dispute

25  Defendants' claim that the dog was in general bad health or that there was any reason to

26  euthanize him.  Besides neighbors, roommates, friends and family, Kodiak was seen by other

27  veterinarians shortly before being killed and was determined to be an elderly dog in general good

28  health for his age.

1    <u>Defendants' claims as to Kodiac's medical condition as being any indication of anything</u>

2    <u>other than a reaction to the liver fall apart under any but the most superficial examination.  There</u>

3    <u>is also evidence that Denardi and Haddad have fixed ideas about how animals should be treated</u>

4    <u>and euthanized and imposed them on Plaintiff.</u>

5

6    *Defendant Dr. Haddad's Position:* Dr. Haddad believes that her professional reputation,

7    and that of her animal hospital, has been unfairly tainted by this lawsuit.  She has a well

8    established reputation as a supporter of animal rights in the community and devotes substantial

9    time and energy to the care and human treatment of animals.  On the date of the incident

10   underlying the claims in this case, at least two veterinarians examined Kodiak and concluded,

11   based on their professional experience and judgment, that the dog was gravely ill with a very grave

12   prognosis.  Dr. Ulla first examined plaintiff's dog.  At that time, plaintiff informed Dr. Ulla that the

13   dog couldn't walk the night before and plaintiff slept outside with him.  Thereafter, the dog was

14   given IV fluids and antibiotics.  Dr. Ulla and Dr. Haddad, the two veterinarians on duty that day,

15   observed that Kodiak appeared to be in shock, had bloody stool, and an open abscess wound from a

16   foxtail that plaintiff hadn't removed.  In addition, the dog had a fever, exuded a foul odor, and was

17   vocalizing as if in pain.  These symptoms were first observed by Dr. Ulla who asked Dr. Haddad to

18   further examine Kodiak in an attempt to gain a second opinion.  Upon further examination, Dr.

19   Haddad reached the same conclusion—that Kodiak was gravely ill, continued to suffer and actually

20   appeared to be dying.  Plaintiff, however, maintained that her dog was fine as of 12:30 pm that day,

21   even after indicating otherwise in earlier statements.  For example, she previously revealed that the

22   dog had difficulty breathing, was not walking, had diarrhea and was vomiting, and that she slept

23   outside with him the night before because he was not doing well, and could not get up.

24       Each veterinarian, as well as the animal control officer, had a duty to prevent animal cruelty.

25   It became clear to both veterinarians that plaintiff was unable to grasp the severity of her pet's

26   medical condition.  Under the circumstances, allowing the failing dog to leave the San Mateo

27   Animal Hospital with plaintiff would have subjected Kodiak to needless suffering, in clear violation

28   of the law—and tantamount to animal cruelty.  Moreover, it was Dr. Haddad's duty, under the

1  circumstances, to alert appropriate animal control officials of the dog's condition so as to prevent

2  the animal's needless suffering. She did just that in accordance with her ethical obligations.

3      After assessing the situation, Officer Denardi independently concluded that the dog was

4  suffering and to allow him to continue suffering would be inhumane. As a result, Officer Denardi

5  ultimately informed plaintiff that she could not allow the dog to continue to lay on the examination

6  room floor in pain and that if a decision wasn't made regarding euthanasia, she would seize the dog

7  under Penal Code section 597 and bring the dog to Peninsula Humane Society and SPCA where he

8  would be examined by a staff veterinarian and potentially humanely euthanized.

9      At 5:30 p.m., Officer Denardi entered the treatment room and learned that plaintiff and her

10  family had not reached a decision regarding euthanasia. As a result, Officer Denardi began issuing

11  post-seizure paperwork and told the family that the dog was to be transported to PHS/SPCA.

12  Although plaintiff now denies that she or her family gave consent to euthanize Kodiak, Dr. Haddad

13  contends that consent was in fact given and Kodiak was euthanizes after consent was obtained.

14      *Defendant County of San Mateo's Position:*

17      *Defendants Peninsula Humane Society and Debi Denardi's Position:*

20      3.   Legal Issues:

21  Whether plaintiff can recover emotional distress damages for loss of personal property.

22      4.   Motions: Possible Motion for Summary Judgement. There are no pending

23  motions at this time.

24      5.   Amendment of Pleadings: No amendments expected at this time. Plaintiff is

25  likely to move to amend to include injunctive relief and orders that PHS and San mateo County

26  comply with the US and California constitutions and not seize and kill animals over an owner's

27  objection absent court approval.

28      6.   Evidence Preservation: All relevant x-rays and medical records of Kodiak have

4
Joint Case Management Statement

1    been previously produced in the state court action and preserved.

2        7.    Disclosures: Counsel for all parties have complied with the initial disclosure

3    requirements.    The following is a description of the initial disclosures:

4        Plaintiff's initial disclosures:

5        Plaintiff responded in the state court action to document demands and special

6    interrogatories that more than meet her federal initial disclosure obligations.

7

8        Defendant Kim Haddad's initial disclosures:

9

10        Defendant County of San Mateo's initial disclosures:

11

12        Defendant Peninsula Humane Society and Debi Denardi's initial disclosures:

13

14        8.    Discovery: Significant discovery related to the federal action has already occurred

15    in the underlying state court action.  However, to date, parties have not stipulated that the

16    discovery be applicable to both actions.  Defendant KIM HADDAD will endeavor to discover

17    any records indicating treatment of plaintiff's dog prior to its euthanasia to substantiate our

18    contention that the dog was indeed suffering and properly euthanized.

19        The Parties Propose the following Discovery Plan:

20    | Discovery | Party | Date |
|---|---|---|
| Written Discovery | Plaintiff | September 2008 |
| Depositions | Plaintiff | October 2008 |

23

24        9.    Class Actions: Not Applicable.

25        10.    Related Cases:  There is currently a related state Court Case in the San Mateo

26    County Superior Court, Case No. 461009. Plaintiff has requested that the defendants stipulate

27    that all claims can be brought in this action.  To date, defendants refuse to so agree.

28        11.    Relief: Plaintiff seeks unspecified damages relating to the loss of her dog

Formatted: Font: Not Italic

1   (property) which will include lost time from work resulting in a year's delay of the grant of her

2   Ph.d, emotional distress and punitive damages~~and the resulting emotional distress damages~~.

3           Defendants contend relief, if any, should be limited to the value of her dog.

4           12.    Settlement and ADR:  The parties have stipulated to participation in the federal

5   court's mediation program.

6           13.    Consent to Magistrate Judge For All Purposes:  Defendants HADDAD will

7   stipulate to trial by a Magistrate Judge.

8           14.    Other References:

9           15.    Narrowing of Issues:

10          16.    Expedited Schedule:

11          17.    Scheduling:

12                 Action                                    Proposed Date

13                 Designation of Experts:

14                 Discovery Cutoff:

15                 Hearing of Dispositive Motions:

16                 Pretrial Conference:

17                 Trial:

18          18.    Trial:    Defendant Kim Haddad demands a jury trial and anticipate a 5-7 day trial.

19          19.    Disclosure of Non-party Interested Entities or Persons:  Defendant Haddad knows

20   of no interest that the Court has in the subject matter or parties to this action that would require

21   recusal.

22          20.    Other Matters:    ~~None at this time.~~ Plaintiff seeks the court's help in having all

23   issues raised in this action and motting the state court action.  She also seeks a court order that all

24   depositions taken in either action are deemed taken in both actions.

25

26   Dated:  August 8, 2008~~August 8, 2008~~~~August 6, 2008~~                        BLEDSOE,
                                                                CATHCART, DIESTEL, PEDERSEN &
27                                                              TREPPA, LLP

28

1

By   /s/  

Peter J. Van Zandt

2          Brian S. Whittemore

Attorneys for Defendants

3          KIM HADDAD, KKH INC., SPIKE

REAL STATE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28