**Daniel Berko – SBN 94912**
**LAW OFFICE OF DANIEL BERKO**
**819 Eddy Street**
**San Francisco, CA 94109**

**Telephone: (415) 771-6174**
**Facsimile:  (415) 474-3748**


**Attorney for Plaintiff TAMARA DOUKAS**


### THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISCTRICT OF CALIFORNIA

### DIVISION OF SAN FRANCISCO

| | |
|---|---|
| TAMARA DOUKAS, an individual, | **CV 08 2336 SI** |
| Plaintiff, | |
| v. | **PLAINTIFF TAMARA DOUKAS' SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT** |
| COUNTY OF SAN MATEO, a public entity, PENINSULA HUMANE SOCIETY, a private non-profit organization, DEBI DENARDI, an individual, KIM HADDAD, an individual, KKH INC, a private entity, SPIKE REAL STATE, a private entity, and DOES 1 through 50, inclusive, | Complaint Filed:  May 6, 2008 |
| Defendants. | |

Counsel for Plaintiff Tamara Doukas respectfully submits her Case Management

Statement which incorporates the Standing Order for All Judges of the Northern District of

California.

Plaintiff TAMARA DOUKAS is represented by Attorney Daniel Berko.

Defendants DR. KIM HADDAD, KKH, INC. and SPIKE REAL ESTATE (hereinafter,

"Dr. Haddad") are represented by Peter J. Van Zandt, Esq. and Brian S. Whittemore, Esq. of

Bledsoe, Cathcart, Diestel, Pederson & Treppa LLP. Defendants COUNTY OF SAN MATEO,

PENINSULA HUMANE SOCIETY and DEBI DENARDI are represented by Charles S. Custer,

Esq. and Jon Yonemitsu, Esq. of Gordon & Rees, LLP.

Defendants PENINSULA HUMAN SOCIETY and DEBI DENARDI are also represented by Kevin Smith, Esq., of Bradley, Curley, Asiano, Barrabee & Crawford, P.C. and Dwight B. Bishop, Esq., of Dwight B. Bishop, Inc.

　　　　1. Jurisdiction:  Plaintiff alleges, among other things, violation of the Fourth, Fifth and Fourteenth Amendment to the United States Constitution and violation of 42 U.S.C. 1983 relating to the euthanization of her pet dog.

　　　　2.　　Facts:

*Plaintiff contends:*

　　　　Plaintiff took her pet dog of 13 years, Kodiak, to Haddad's clinic as a result of an acute illness caused by eating chicken livers.   Kodiak was first treated by Dr. Ulla who Defendants state then sought a second opinion from Dr. Haddad regarding Kodiak's medical condition. Apparently, Haddad came to the conclusion that the dog was simply dying of old age, was in significant pain, and had to be immediately killed.  Plaintiff, who is imminently completing her Ph.D. in Microbiology at Stanford Medical School, vehemently disagreed that the dog had to be killed and wanted to explore further treatment.  Haddad, unbeknownst to Plaintiff, called Denardi, an animal control officer for the Peninsula Humane Society (PHS) who came to the clinic.  Denardi agreed with Haddad that Kodiak had to be immediately killed and told Plaintiff she would be arrested for felony animal abuse if she did not agree to the dog being immediately killed.  Plaintiff requested the right to seek a second opinion, but was refused.  Over her objections, Haddad killed Kodiak due to Denardi's order. Present were Plaintiff, Officer Denardi, and plaintiff's parents. In fact, Plaintiff's parents were present much of the afternoon.  They support Plaintiff's version of events. Plaintiff has innumerable eyewitnesses that dispute Defendants' claim that the dog was in general bad health or that there was any reason to euthanize him.  Besides neighbors, roommates, friends and family, Kodiak was seen by other veterinarians shortly before being killed and was determined to be an elderly dog in general good health for his age.

　　　　Defendants' claims as to Kodiak's medical condition as being any indication of anything other than a reaction to the liver fall apart under any but the most superficial examination.  There is also evidence that Denardi and Haddad have fixed ideas about how older animals should be

treated and killed and imposed them on Plaintiff.

3. <u>Legal Issues</u>:

What constitutional and statutory due process rights is a pet owner entitled to when the state seeks to seize and kill the pet against the will of the owner who is present?

Whether plaintiff can recover emotional distress damages for loss of personal property.

Whether defendants are liable if their conduct is found simply negligent?  If one or all defendants are liable for negligence, what measure of damages applies?

Whether  CC 52 and 52.1 are exceptions to the general rule that one is paid only once for damages incurred and instead requires every culpable defendant to pay the damages awarded under that statute even if that results in a double or greater recovery by Plaintiff?

Did Plaintiff violate Penal Code 597(b)?

Could any reasonable police officer believe that Plaintiff was guilty of a violation of 597(b)?

Did Denardi and Haddad violate Penal Code 597(b) when they killed Kodiak?

Whether the privileges contained in   Business and Professions Code section 4830.7 apply to Haddad including whether or not such privilege extends to the act of killing Kodiak?

Whether the claims in this action relate back to the original state court filing?


4. <u>Motions</u>:  Possible Motion for Summary Judgment.  There are no pending motions at this time. Motion to Amend the Complaint.

5. <u>Amendment of Pleadings:</u>  Plaintiff will be seeking to amend to include injunctive relief and orders that PHS and San Mateo County comply with the US and California constitutions and not seize and kill animals over an owner's objection absent court approval or other appropriate due process of law.  In addition, Plaintiff intends to make other amendments to clarify the legal and factual theories in the complaint. Plaintiff will seek a stipulation to the amendment and expects to have the proposed amendment to Defendants by early next week.

6. <u>Evidence Preservation</u>:  Any evidence that Plaintiff could preserve was preserved.

7. <u>Disclosure Requirements</u>.    The following is a description of the initial disclosures:

*Plaintiff's initial disclosures:*

Plaintiff is serving her disclosures at this time.  Plaintiff has already identified witnesses, produced documents, and responded to discovery including her deposition (not completed) and both her parents.  Plaintiff has already produced all documents she is aware of that should be identified in her initial disclosures.

8.    Discovery:  Significant discovery related to the federal action has already occurred in the underlying state court action.  However, to date, parties have not stipulated that the discovery be applicable to both actions because Defendants have declined to so stipulate.  Plaintiff intends to conduct discovery directed toward the actual practices and policies of the County of San Mateo including by and through the Peninsula Humane Society under circumstances similar to what occurred in this case.  Plaintiff proposes the following Discovery Plan:

| Discovery | Party | Date |
| --- | --- | --- |
| Interrogatories | Plaintiff | September 2008 |
| Requests for Admission | Plaintiff | September 2008 |
| Document Demands | Plaintiff | October 2008 |
| Depositions of Defendant | Plaintiff | November 2008 |
| and party related witnesses | | |

Plaintiff will seek a protective order to prevent more than one deposition of her or her parents considering their deposition on identical claims has been taken in the last month.

9.    Class Actions:  Not Applicable.

10.    Related Cases:   There is currently a related state court case in the San Mateo County Superior Court, Case No. 461009.  The related case is likely to be identical to this one as far as the pleadings are concerned, other than injunctive relief (to be included in an anticipated amended complaint) and the 42 USC 1983 cause of action both of which are likely to remain solely in this action. Plaintiff has requested that the defendants stipulate that all claims can be brought in this action.  To date, defendants refuse to so agree.

11.    Relief:  Plaintiff seeks employment losses of approximately $100,000 damages include lost time from work resulting in a year's delay of the grant of her Ph.D., emotional

distress, the value of the dog to Plaintiff and not any so-called market value, and punitive damages.

Defendants contend relief, if any, should be limited to the value of her dog.

12.    <u>Settlement and ADR</u>:  The parties have stipulated to participation in the federal court's mediation program.

13.    <u>Consent to Magistrate Judge for All Purposes:</u>  Defendants HADDAD will stipulate to trial by a Magistrate Judge. Plaintiff will not presently stipulate to a trial by a Magistrate Judge.

14.    <u>Other References:</u>

15.    <u>Narrowing of Issues</u>:

16.    <u>Expedited Schedule:</u>

17.    <u>Scheduling</u>:

| Action | Proposed Date |
|---|---|
| Designation of Experts: | December 2008 |
| Discovery Cutoff: | January 31, 2009 |
| Hearing of Dispositive Motions: | December 2008 |
| Pretrial Conference: | |
| Trial: | February 2009 |

18.    <u>Trial</u>:    Plaintiff demands a jury trial with a time estimate of 7 days.

19.    <u>Disclosure of Non-party Interested Entities or Persons</u>: Plaintiff knows of no interest that the Court has in the subject matter or parties to this action that would require recusal.

20.    <u>Other Matters:</u>    Plaintiff seeks the court's help in having all issues raised in this action and mooting the state court action.  She also seeks a court order that all depositions taken in either action are deemed taken in both actions.  Defendants County of San Mateo and Peninsula Humane Society have threatened a Rule 11 motion directed to numerous legal arguments and facts asserted by Plaintiff.  The threats themselves are baseless to the point of frivolousness and are an unlawful intimidation tactic by Defendants.  They will also unnecessarily increase the expense of this litigation. Plaintiff intends to ask the court to set respective hearings on Rule 11 motions. Moreover, Plaintiff seeks court involvement at the first meeting to set depositions of Defendants' witnesses. Plaintiff will request the court require Defendants to state firm dates for deposition of

1  their witnesses.  Plaintiff has been deposed on liability in full and is available to finish her

2  deposition on damages.  Plaintiff seeks an order that the entirety of her deposition will take less

3  than seven hours and she will not be deposed again nor will her parents.

4

5  Dated: August 8, 2008            `                         _____s/s_____

6                                                              Daniel Berko, Attorney for Plaintiff
7                                                              Tamara Doukas

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28