**Exhibit "F"**



14502. (a) (1) (A) (i) On and after July 1, 1996, no entity, other than a humane society or society for the prevention of cruelty to animals, shall be eligible to apply for an appointment of any individual as a level 1 or level 2 humane officer, the duty of which shall be the enforcement of the laws for the prevention of cruelty to animals.
   (ii) On and after July 1, 1996, only a person who meets the requirements of this section may be appointed as, or perform the duties of, a humane officer.
   (iii) Any person appointed as a humane officer prior to July 1, 1996, may continue to serve as a humane officer until the expiration of the term of appointment only if the appointing agency maintains records pursuant to subparagraph (C) documenting that both the appointing agency and the humane officer meet the requirements of this section.
   (B) Each humane society or society for the prevention of cruelty to animals that makes application to the court for the appointment of an individual to act as a level 1 or level 2 humane officer for the humane society or society for the prevention of cruelty to animals shall provide with the application documentation that demonstrates that the person has satisfactorily completed the training requirements set forth in subdivision (i).
   (C) Each humane society or society for the prevention of cruelty to animals for which an individual is acting as a level 1 or level 2 humane officer shall maintain complete and accurate records documenting that the individual has successfully completed all requirements established in this section and shall make those records available, upon request, to the superior court, the Attorney General, or any entity duly authorized to review that information, including the State Humane Association of California. The records shall include the full name and address of each level 1 or level 2 humane officer.
   (2) Any corporation incorporated for the purpose of the prevention of cruelty to animals that possesses insurance of at least one million dollars ($1,000,000) for liability for bodily injury or property damage may, six months after the date of its incorporation and by resolution of its board of directors or trustees duly entered on its minutes, appoint any number of persons, who shall be citizens of the State of California, as humane officers, provided that the individuals to be appointed have met the training guidelines set forth in subdivision (i).
   (3) Each appointment of a humane officer shall be by separate resolution. The resolution shall state the full name and address of the appointing agency, the full name of the person so appointed, and the fact that he or she is a citizen of the State of California, and shall also designate the number of the badge to be allotted to the officer.
   (b) The humane society or society for the prevention of cruelty to animals shall recommend any appointee to the judge of the superior court in and for the county or city and county in which the humane society is incorporated, and shall deliver to the judge a copy of the resolution appointing the person, duly certified to be correct by the president and secretary of the corporation and attested by its seal, together with the fingerprints of the appointee taken on standard 8X8-inch cards, proof of the society's proper incorporation in compliance with Part 9 (commencing with Section 10400) of Division 2, a copy of the society's liability for bodily injury or property damage insurance policy in the amount of at least one million dollars ($1,000,000), and documentation establishing that the appointee has satisfactorily completed the training requirements set forth in this

section.
   (c) The judge shall send a copy of the resolution, together with the fingerprints of the appointee, to the Department of Justice, which shall thereupon submit to the judge, in writing, a report of the record in its possession, if any, of the appointee. If the Department of Justice has no record of the appointee, it shall so report to the judge in writing.
   (d) Upon receipt of the report the judge shall review the matter of the appointee's qualifications and fitness to act as a humane officer and, if he or she reaffirms the appointment, shall so state on a court order confirming the appointment. The appointee shall thereupon file a certified copy of the reviewed court order in the office of the county clerk of the county or city and county and shall, at the same time, take and subscribe the oath of office prescribed for constables or other peace officers.
   (e) The county clerk shall thereupon immediately enter in a book to be kept in his or her office and designated "Record of Humane Officers" the name of the officer, the name of the agency appointing him or her, the number of his or her badge, the name of the judge appointing him or her, and the date of the filing. At the time of the filing the county clerk shall collect from the officer a fee of five dollars ($5), which shall be in full for all services to be performed by the county clerk under this section.
   (f) All appointments of humane officers shall automatically expire if the society disbands or legally dissolves. In addition, all appointments of humane officers shall automatically expire within three years from the date on which the certified copy of the court order was filed with the county clerk. Officers whose appointments are about to expire may only be reappointed after satisfactorily completing the continuing education and training set forth in this section.
   (g) (1) The corporation appointing an officer may revoke an appointment at any time by filing in the office of the county clerk in which the appointment of the officer is recorded a copy of the revocation in writing under the letterhead of the corporation and duly certified by its executive officer. Upon the filing the county clerk shall enter the fact of the revocation and the date of the filing thereof opposite the name of the officer in the record of humane officers.
   (2) Notwithstanding paragraph (1), a revocation hearing may be initiated by petition from any duly authorized sheriff or local police agency or the State Humane Association of California. The petition shall show cause why an appointment should be revoked and shall be made to the superior court in the jurisdiction of the appointment.
   (h) The corporation or local humane society appointing the humane officer shall pay the training expenses of the humane officer attending the training required pursuant to this section.
   (i) (1) (A) A level 1 humane officer is not a peace officer, but may exercise the powers of a peace officer at all places within the state in order to prevent the perpetration of any act of cruelty upon any animal and to that end may summon to his or her aid any bystander. A level 1 humane officer may use reasonable force necessary to prevent the perpetration of any act of cruelty upon any animal.
   (B) A level 1 humane officer may make arrests for the violation of any penal law of this state relating to or affecting animals in the same manner as any peace officer and may also serve search warrants.

   (C) A level 1 humane officer is authorized to carry firearms while

exercising the duties of a humane officer, upon satisfactory completion of the training specified in subparagraph (D) and the basic training for a level 1 reserve officer by the Commission on Peace Officer Standards and Training pursuant to Section 13510.1 of the Penal Code.

(D) A level 1 humane officer shall, prior to appointment, provide evidence satisfactory to the appointing agency that he or she has successfully completed courses of training in the following subjects:

(i) At least 20 hours of a course of training in animal care sponsored or provided by an accredited postsecondary institution or any other provider approved by the California Veterinary Medical Association, the focus of which shall be the identification of disease, injury, and neglect in domestic animals and livestock.

(ii) At least 40 hours of a course of training in the state humane laws relating to the powers and duties of a humane officer, sponsored or provided by an accredited postsecondary institution, law enforcement agency, or the State Humane Association of California.

(E) A person may not be appointed as a level 1 humane officer until he or she has satisfied the requirements in Sections 1029, 1030, and 1031 of the Government Code. A humane society or society for the prevention of cruelty to animals shall complete a background investigation, using standards defined by the Commission on Peace Officer Standards and Training as guidelines for all level 1 humane officer appointments.

(F) In order to be eligible for reappointment, a level 1 humane officer shall complete ongoing weapons training and range qualifications at least every six months pursuant to subdivision (s) of Section 830.3 of the Penal Code and shall, every three years, complete 40 hours of continuing education and training relating to the powers and duties of a humane officer, which education and training shall be provided by an accredited postsecondary institution, law enforcement agency, or the State Humane Association of California.

(G) (i) Notwithstanding any other provision of this section, a level 1 humane officer may carry firearms only if authorized by, and only under the terms and conditions specified by, his or her appointing agency.

(ii) Notwithstanding any other provision of this section, a level 1 humane officer shall not be authorized to carry firearms unless and until his or her appointing agency has adopted a policy on the use of deadly force by its officers and the officer has been instructed in that policy.

(2) (A) A level 2 humane officer is not a peace officer, but may exercise the powers of a peace officer at all places within the state in order to prevent the perpetration of any act of cruelty upon any animal and to that end may summon to his or her aid any bystander. A level 2 humane officer may use reasonable force necessary to prevent the perpetration of any act of cruelty upon any animal.

(B) A level 2 humane officer may make arrests for the violation of any penal law of this state relating to or affecting animals in the same manner as any peace officer and may serve search warrants during the course and within the scope of employment, upon the successful completion of a course relating to the exercise of the police powers specified in Section 832 of the Penal Code, except the power to carry and use firearms.

(C) A level 2 humane officer is not authorized to carry firearms.

(D) A level 2 humane officer shall, prior to appointment, provide evidence satisfactory to the appointing agency that he or she has

successfully completed courses of training in the following subjects:

(i) At least 20 hours of a course of training in animal care sponsored or provided by an accredited postsecondary institution or any other provider approved by the California Veterinary Medical Association, the focus of which is the identification of disease, injury, and neglect in domestic animals and livestock.

(ii) At least 40 hours of a course of training in the state humane laws relating to the powers and duties of a humane officer, sponsored or provided by an accredited postsecondary institution, law enforcement agency, or the State Humane Association of California.

(E) In order to be eligible for reappointment, a level 2 humane officer shall, every three years, complete 40 hours of continuing education and training relating to the powers and duties of a humane officer, which education and training shall be provided by an accredited postsecondary institution, law enforcement agency, or the State Humane Association of California.

(j) Every humane officer shall, when making an arrest, exhibit and expose a suitable badge to be adopted by the corporation under this title of which he or she is a member which shall bear its name and a number. Uniforms worn by humane officers shall prominently display the name of the appointing agency. Humane officer uniforms shall not display the words "state" or "California," unless part of the appointing agency's incorporated name.

(k) Any person resisting a humane officer in the performance of his or her duty as provided in this section, is guilty of a misdemeanor. Any person who has not been appointed and qualified as a humane officer as provided in this section, or whose appointment has been revoked as provided in this section, or whose appointment, having expired, has not been renewed as provided in this section, who shall represent himself or herself to be or shall attempt to act as an officer shall be guilty of a misdemeanor.

(l) No humane officer shall serve a search warrant without providing prior notice to local law enforcement agencies operating within that jurisdiction.

(m) Any humane society, society for the prevention of cruelty to animals, or person, who knowingly provides a court with false or forged documentation for the appointment of a humane officer, is guilty of a misdemeanor and shall be punished by a fine of up to ten thousand dollars ($10,000).

(n) A humane society or a society for the prevention of cruelty to animals shall notify the sheriff of the county in which the society is incorporated, prior to appointing a humane officer, of the society's intent to enforce laws for the prevention of cruelty to animals. Humane societies or societies for the prevention of cruelty to animals incorporated and enforcing animal cruelty laws prior to January 1, 1996, that intend to continue to enforce those laws, shall notify the sheriff of the county in which the society is incorporated by March 1, 1996.

(o) Except as otherwise provided by this section, a humane officer shall serve only in the county in which he or she is appointed. A humane officer may serve temporarily in a county other than that in which he or she is appointed if the humane officer gives notice requesting consent to the sheriff of the county in which he or she intends to serve, and acquires consent from the sheriff of the county in which he or she intends to serve, or from a person authorized by the sheriff to give that consent. A sheriff shall promptly respond to any request by a humane officer to serve in his or her jurisdiction and any request shall not be unreasonably denied.