1  Peter J. Van Zandt – SBN 152321
   Brian S. Whittemore – SBN 241631
2  BLEDSOE, CATHCART, DIESTEL, PEDERSEN & TREPPA, LLP
3  601 California Street, 16th Floor
   San Francisco, CA 94108
4  Telephone:  (415) 981-5411
   Facsimile:  (415) 981-0352
5
6  Attorneys for Defendants KIM HADDAD, KKH INC., SPIKE REAL ESTATE, LLC
   (erroneously sued herein as SPIKE REAL STATE)
7

8              THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                  DIVISION OF SAN FRANCISCO

11  TAMARA DOUKAS, an individual,          )   No.  CV-02336-SI
                                           )
12                 Plaintiff,              )
                                           )
13        v.                               )
                                           )   **DEFENDANTS DR. KIM HADDAD,**
14  COUNTY OF SAN MATEO, a public          )   **KKH, INC. AND SPIKE REAL ESTATE'S**
    entity, PENINSULA HUMANE               )   **RESPONSE TO PLAINTIFF'S OPENING**
15  SOCIETY, a private non-profit          )   **BRIEF RE JURISDICTION**
    organization, DEBI DENARDI, an         )
16  individual, KIM HADDAD, an individual, )
17  KKH INC., a private entity, SPIKE REAL )   Date:  October 3, 2008
    ESTATE, LLC, a private entity, and DOES)   Time:  9:00 am
18  1 through 50, inclusive,               )   Judge:  Hon. Susan Illston
                                           )
19                 Defendants.             )
                                           )
20  _____)   Complaint Filed:  May 6, 2008

21        Pursuant to the Court's Order to Show Cause Re: Jurisdiction dated August 19, 2008,

22  requesting briefing on the issue of jurisdiction, Defendants KIM HADDAD, KKH INC., SPIKE

23  REAL ESTATE, LLC ("Haddad") hereby submit their brief in response to Plaintiff's brief filed

24  August 29, 2008.

25                          **I. INTRODUCTION**

26        Plaintiff TAMARA DOUKAS, now employing her second attorney and having

27  represented herself *Pro Se* at times during the litigation, is engaged in a campaign to correct the

28  alleged injustice arising from the humane euthanization of her very sick 13 year old Alaskan

                                    1
DEFENDANT DR. KIM HADDAD'S RESPONSE TO PLAINTIFF'S OPENING BRIEF RE: JURISDICTION

malamute named Kodiak.  In addition to the present incursion to federal court, Plaintiff has now filed a motion for leave to file her 5th Amended Complaint in San Mateo County.  The state court action is against the same parties sued here, arising from the exact same core of operative facts and setting forth the same claims.  While such a duplicity of suits must be averted for practical and equitable reasons, there are ample legal grounds as well.  Simply because Plaintiff's counsel "likes" federal court cannot be the basis for jurisdiction.  Further, there are no legitimate grounds to hail defendant Dr. Kim Haddad and her private business entities into federal court as she was not a "state actor" and did not violate any Constitutional rights held by Plaintiff.

## II.  FACTUAL BACKGROUND

*Kodiak was Dying.*     On August 2, 2006, Plaintiff Tammy Doukas brought her 13 year old Malamute dog, Kodiak to the San Mateo Pet Hospital which is Dr. Kim Haddad's veterinary clinic, dragging him in on a blanket.  The dog was in shock, had bloody stool, an open abscess wound from a foxtail, fever, odor, and was vocalizing his pant which is an outward manifestation of severe pain.  In Dr. Kim Haddad's words, "the dog was trying to die."  Plaintiff said that the dog could not get inside the house so she slept outside with him the night before.  One of the clinic's staff doctors, Dr. Husna Ulla initially examined Kodiak on that day and raised quality of life issues with Plaintiff and suggested humane euthanasia.  She had given Kodiak pain medication, but the medication was not helping.  They offered to run whatever tests Plaintiff wanted, but advised that nothing was going to help Kodiak's dire condition.  Sensing that Plaintiff was "in denial about her dog's grave condition," Dr. Ulla consulted with Dr. Haddad for a second opinion.

*It Would Have Been Animal Cruelty to Transport Kodiak.*     Dr. Haddad examined Kodiak and came to the same conclusion – Kodiak needed to be put down.  Plaintiff indicated she wanted to obtain a second opinion at another pet hospital.  In Dr. Haddad's view, it would be animal cruelty to allow Plaintiff to transport him elsewhere.  California Penal Code Section 597(b) states "whoever, having the charge or custody of any animal, either as owner or otherwise, subjects any animal to needless suffering, or inflicts unnecessary cruelty upon the animal . . . is, for every such offense, guilty of a crime . . . ."  The California Business and Professions Code

2

1   imposes a reporting duty on licensed veterinarians when they have "reasonable cause to believe

2   an animal under its care has been a victim of animal abuse or cruelty, as prescribed in Section

3   597 of the Penal Code." (Bus. & Prof. § 4830.7.) It was Dr. Haddad's professional opinion that

4   to move Kodiak would have amounted to animal cruelty. Dr. Haddad's only recourse was to call

5   the San Mateo County Animal Control. Officer Debi Denardi responded to the clinic. After

6   arriving at the clinic and assessing the situation, Officer Denardi made her own determination of

7   Kodiak's condition which concurred with that of Dr. Haddad and the other members of her staff.

8   　　　　Faced with the prospect of Denardi taking the suffering dog into custody and having it put

9   down at the Humane Society and forever out of her custody, Plaintiff chose to maintain custody

10   of Kodiak. He was then euthanized and Plaintiff was then able to take Kodiak away from the

11   clinic for burial.

12   **III. ARGUMENT**

13   **A.     Plaintiff has Failed to Establish Jurisdiction**

14   　　　　"The complaint clearly alleges federal question jurisdiction since it has a cause of action

15   for violation of 42 USC 1983." (Plaintiff's Opening Brief at 2:6-7.) If only it were so simple.

16   Plaintiff TAMARA DOUKAS bears the burden of establishing that this court may exercise

17   jurisdiction over this matter. (*Kokkonen v. Guardian Life Ins. Co. of America* (1994) 511 US

18   375, 377) Plaintiff's complaint does not assist Plaintiff in sustaining her burden that a federal

19   question exists in this case so as to confer jurisdiction. "If the court determines at any time it

20   lacks subject matter jurisdiction, the court must dismiss the action." (Federal Rules of Civil

21   Procedure 12(h)(3)) Here, there is ample legal authority to dismiss Plaintiff's case as to

22   defendant Haddad.

23   **B.     Defendant Haddad is not a "State Actor" and is not Subject to Federal Question**

24   　　　　　**Jurisdiction.**

25   　　　　Defendant, Dr. Kim Haddad is a veterinarian who works in a privately owned and

26   operated pet hospital. She has no contracts or agreements with state agencies, receives no

27   income from state agencies and conducts a completely private practice.

28

DEFENDANT DR. KIM HADDAD'S RESPONSE TO PLAINTIFF'S OPENING BRIEF RE: JURISDICTION

1    ***Plaintiff Has Overstated the Joint Action Test.***    It is acknowledged that a private entity

2    can, in certain circumstances under Section 1983, be considered a "state actor;" but not here.

3    None of the several tests employed by the courts, particularly the "joint action test" which

4    Plaintiff endorses here, deem Dr. Haddad a state actor.  Although dramatic, it is equally wrong to

5    state that because Dr. Haddad "aided and abetted Denardi" and "killed" Kodiak, she satisfies the

6    joint action test and has become a state actor.  (Plaintiff's Opening Brief at 3:18.)  The finding of

7    "joint action" requires that the state has "'so far insinuated itself into a position of

8    interdependence with [Dr. Haddad and her clinic] that it must be recognized as a joint participant

9    in the challenged activity.'"  (*Gorenc v. Salt River Project* (9th Cir. 1989) 869 F.2d 503, 507,

10   *quoting Burton v. Wilmington Parking Authority* (1961) 365 U.S. 715, 725.)  "Joint action

11   therefore requires a substantial degree of cooperative action."  (*Collins v. Womancare* (9th Cir.

12   1989) 878 F.2d 1145, 1154.)  Here, all Dr. Haddad did was to call Animal Control which was her

13   statutory duty when in her opinion, an animal was being subjected to animal cruelty.   Prior to

14   calling Animal Control, Dr. Haddad had formulated her opinion that Kodiak needed to be put

15   down.  When the time came to administer the drugs to euthanize the dog, Dr. Haddad was the

16   only qualified person there to perform the task.  Presented with a Hobson's choice to either

17   surrender the dog for good to Animal Control or take him home after the euthanization, Plaintiff

18   chose the latter and Dr. Haddad administered the lethal drugs while Plaintiff held Kodiak in her

19   arms.

20   **C.     Plaintiff's Claim is Insubstantial and Cannot Support Federal Question Jurisdiction**

21   If the federal claim is "insubstantial" it cannot support "federal question" jurisdiction.  In

22   other words, the district court lacks subject matter jurisdiction when the question presented is to

23   insubstantial to consider.  (*Haggans v. Lavine* (1974) 415 US 528, 537-538; *Cook v. Peter Kiewit*

24   (9th Cir. 1985) 775 F2d 1030.)   Plaintiff's complaint is not well plead in that it does not raise a

25   substantial issue of federal law.  (*Mobil Oil Corp. v. City of Long Beach* (9th Cir. 1985) 772 F.2d

26   534, 538.)  It is agreed that a case may "arise under" federal law even when, as here, a state cause

27   of action is asserted.  However, Plaintiff prepared a "State of Damages" in her state court action

28   and set the value of her dog at $1,000.00.  (A true and correct copy of the Statement of Damages

4

is attached to the Declaration of Peter J. Van Zandt as Exhibit A.)  In reality, a sick dog in the end stage of life has no monetary value, and in fact could be a significant financial liability to its owner.  Plaintiff also claims $500,000.00 in general damage, all of which is available to her in state court.  The facts of this case simply do not muster constitutional implications.  There was no warrantless invasion of Plaintiff's home, there was no personal threat to Plaintiff which would otherwise trigger constitutional protections.

**D.    The State Court Has Concurrent Jurisdiction**

Although all aspects of Plaintiff's claims are hotly contested, defendants acknowledge that many types of federal claims are regularly adjudicated in state court.  Here, Plaintiff has a claim under California Civil Code §52.1 which is the state analogue to Plaintiff's federal USC Title 42, §1983 claim.  Again, we are confronted with Plaintiff bringing duplicative claims seeking identical remedies.  This matter should be dismissed from federal court.

**E.    A Finding of Lack of Jurisdiction Will Not Prejudice Plaintiff**

Unlike a dismissal of Plaintiff's complaint under FRCP 12(b)(6), dismissal here is not a finding on the merits and Plaintiff will not suffer prejudice if this matter is found to be lacking subject matter jurisdiction.

## IV.  CONCLUSION

Plaintiff's foray to federal court must come to an end.  She has failed to show that there is subject matter jurisdiction over her case.  She had failed to plead a substantial federal claim and her complaint is not well plead as is required.   This case is an experiment by Plaintiff to see how many types of claims she can make and in how many jurisdictions she can force the defendants to appear.  While prosecuting this case in such a way may be an intellectually stimulating dalliance for Plaintiff, it is patently unfair to force the defendants to expend the resources necessary to defend this multiplicity of suits when ultimately this matter presents as no more than a $1,000.00 property damage case.

DEFENDANT DR. KIM HADDAD'S RESPONSE TO PLAINTIFF'S OPENING BRIEF RE: JURISDICTION

1

Dated:  September 12, 2008

BLEDSOE, CATHCART, DIESTEL,
PEDERSEN & TREPPA, LLP

2

3

4

By:
Peter J. Van Zandt
Brian S. Whittemore
Attorneys for Defendants
KIM HADDAD, KKH INC., SPIKE
REAL STATE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6