KEVIN M. SMITH, BAR NO. 97920
BRADLEY, CURLEY, ASIANO, BARRABEE & GALE, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, California 94939
Telephone:     (415) 464-8888
Facsimile:     (415) 464-8887

CHARLES S. CUSTER, BAR NO. 124270
JEWEL KOLLING BASSE, BAR NO. 56516
GORDON & REES, LLP
Embarcadero West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 986-5900
Fax: (415) 986-8054

DWIGHT BISHOP, BAR NO. 037381
BISHOP & FRICK
1511 Treat Boulevard, #400
Walnut Creek, CA 94596
Tel: (925) 939-2544
Fax: (925) 939-8366


Attorneys for Defendants
COUNTY OF SAN MATEO, PENINSULA HUMANE SOCIETY,
DEBI DENARDI

## THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## DIVISION OF SAN FRANCISCO

| | |
|---|---|
| TAMARA DOUKAS, an individual,<br><br>                 Plaintiff,<br><br>          v.<br><br>COUNTY OF SAN MATEO, et al.,<br><br>                 Defendants. | No. CV-08-2336-SI<br><br>**DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFF'S "SHOW CAUSE" OPENING BRIEF RE: JURISDICTION**<br><br>Date:   October 3, 2008<br>Time:  9:00 a.m.<br>Dept.:  10<br><br>Honorable Susan Ilston |

**INTRODUCTION**

This is an action which was initially filed and remains in San Mateo County Superior Court (Case No. CIV461 009) where Plaintiff's Fourth Amended Complaint is awaiting jury trial on March 30, 2009. In that action Plaintiff has recently proposed filing a Fifth Amended Complaint in which Plaintiff states causes of action against these Defendants for: Negligent and Intentional Infliction of Emotional Distress; Negligent Hiring and Retention; Conversion; Deprivation of Due Process; False Imprisonment; Violation of Constitutional Rights; and Professional Negligence which Defendants request this Court take notice pursuant to Rule 201(b)(2).[1] The underlying facts of Plaintiff's state court action is identical to the facts at issue herein: Plaintiff alleges Defendants wrongfully destroyed her dog and states the same statutory and common law claims. In both actions Plaintiff alleges violation of the Fourth Amendment to the United States Constitution as well as violation of 42 U.S.C. 1983 for the euthanization of her dog who was thirteen (13) years of age.[2] All the parties are citizens of the same state. As both actions seek the same remedies and damages, Defendants are at a loss as to what possible benefit Plaintiff might gain from her multiplicity of actions.

**I.      FACTUAL BACKGROUND**

This case arises out of the humane euthanization of Plaintiff's Alaskan Malamute, Kodiak. On August 2, 2006, Plaintiff contends she brought Kodiak to the San Mateo Animal Hospital for treatment of lethargy and decreased appetite. Plaintiff informed the first veterinarian (Dr. Ulla) her dog was unable to walk the night before and she had slept outside with him. The dog was given IV fluids and antibiotics. Two veterinarians, including Defendant Kim Haddad, D.V.M., examined Kodiak. They observed the dog was in shock, had bloody stool and an open wound from an abscess resulting from a foxtail Plaintiff had not removed. In addition, the dog had a fever, exuded a foul odor and was vocalizing its pain (moaning.) Based on the severe symptoms exhibited by the dog

---

[1] A true and correct copy of which is attached to the accompanying Declaration of Kevin M. Smith as Defendants' Exhibit 1.

[2] See the Declaration of Tamara Doukas In Support of Plaintiff's Brief Re: Jurisdiction, p. 1, ll. 22-23 and p. 2, ll. 16-17.

along with the dog's recent past history of treatment and admissions made by Plaintiff concerning the physical condition of her dog, both veterinarians concluded Kodiak was gravely ill, continuing to suffer and appeared to be dying before them.

Plaintiff was in denial of her dog's condition and terminal prognosis, refusing to acknowledge the severity of her dog's condition. Peninsula Humane Society Officer Debi Denardi was called to assist with the situation at San Mateo Animal Hospital.

It was clear to Dr. Haddad and Officer Denardi Plaintiff was unable to grasp the severity of her dog's condition. As a result, Officer Denardi ultimately informed Plaintiff she could not allow the dog to continue to lay on the floor of the examination room in pain. If Plaintiff was unable to make a decision to end Kodiak's pain and suffering, Officer Denardi indicated she had no choice but to seize the dog under California Penal Code §597 and then transport him to the Peninsula Humane Society where he would be further examined by a staff veterinarian who would then determine if Kodiak should be humanely euthanized outside of Plaintiff's presence.

Although it is now disputed by Plaintiff, Defendants will maintain Plaintiff eventually gave her consent to euthanize Kodiak due to his failing condition and exhibited pain and suffering. On August 2, 2006, Kodiak was humanely euthanized and returned to Plaintiff. Defendants maintain and contend the euthanization of Kodiak was justified, proper and humane under the circumstances presented by its previous and presenting history and physical symptoms of the dog, its grave prognosis as well as admissions and statements made by Plaintiff to them when she brought Kodiak to the San Mateo Animal Hospital.

## II.   STANDARD OF REVIEW

This Court issued an Order to Show Cause Re: Jurisdiction on August 19, 2008. Specifically, the parties were asked to address the allegations of Plaintiff's Complaint which premise jurisdiction of this Court on 42 U.S.C. § 1983 which requires both violation of Plaintiff's constitutional rights and action under color of law. As neither was clear from the allegations of Plaintiff's Complaint, Plaintiff was ordered to show cause why this case should not be dismissed for lack of federal jurisdiction as to all or any of the Defendants.

- 3 -

The District Court is without jurisdiction as a Federal court unless a complaint states a cause of action arising under the Constitution or laws of the United States. Whether the complaint states such a cause of action is for the Court, not the pleader, to say. Where, as here, neither a provision of the Constitution nor any act of Congress affords a remedy to any person, the mere assertion by a plaintiff that he or she is entitled to such a remedy cannot be said to satisfy jurisdictional requirements. A case within the jurisdiction of the Federal courts under 28 U.S.C. § 41(1) over "suits of a civil nature" arising under the Constitution or laws of the United States, is stated by a complaint so drawn as to claim a right to recover under the Constitution and laws of the United States, and is therefore one which a Federal district court is bound to entertain, unless the alleged claim under the Constitution or Federal statutes appears to be immaterial and made solely for the purpose of getting into the Federal Courts, or unless it is wholly unsubstantial and frivolous. *The Fair v. Kohler Die Co. 228 U.S. 22, 25*

## III.   ARGUMENT

The primary relief sought by Plaintiff is money damages for the alleged wrongful destruction of her personal property.[3] This is a civil suit for a single wrong, not to enjoin distinct wrongs constituting the basis for independent causes of action. The applicable rule is stated, and authorities cited in *Baltimore S.S. Co. v. Phillips 274 U.S. 316:*

> "A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show. The number and variety of facts alleged do not establish more than one cause of action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single wrong... 'The facts are merely the means, and not the end. They do not constitute the cause of action, but they show its existence by making the wrong appear.'"

Thus tested, Plaintiff's present claim of violation of her Fourth Amendment rights averred in her Complaint before this Court, is not a separate cause of action, but merely different grounds asserted in support of the same causes of action for the alleged wrongful destruction of her dog.

The instant action is completely distinguishable from *Brunette v. Humane Society of Ventura County 294 F. 3d 1205 (9th Cir. 2002)* (holding that plaintiff could not state an action under 42

---

[3] Defendants do not dispute dogs are personal property, (see California <u>Penal Code</u> § 491.)

1   U.S.C. § 1983 against local media as a "state actor" for photographing and video-taping an alleged

2   illegal search of her pedigreed cat breeding business); *Fuller v. Vines 36 F. 3d 148 (9th Cir. 1994)*

3   (holding that plaintiffs stated a Fourth Amendment violation in alleging that police officers killed

4   plaintiffs' dog in the plaintiffs' yard); and *Lesher v. Reed 12 F. 3d 148 (8th Cir. 1994)* (holding that

5   police officers' removal of a dog from inside plaintiffs' home fits "within the meaning of the Fourth

6   Amendment.")   None of these cases are relevant, on-point, involve the same circumstances or can

7   be applied in the context of the actions of Officer DeNardi and Dr. Haddad on the date of the

8   incident which gave rise to so much litigation.  They are not persuasive.

9       Section 1983 is not itself a source of substantive rights, but merely provides a method for

10  vindicating federal rights elsewhere conferred.  *Graham v. Connor 490 U.S. 386, 393-394 (1989.)*

11  To state a claim under §1983, a plaintiff must allege two essential elements: (1) that a right secured

12  by the Constitution or laws of the United States was violated; and (2) that the alleged violation was

13  committed by a person acting under the color of state law.  *See West v. Atkins 487 U.S. 42, 48*

14  *(1988); and Ketchum v. Alameda County 811 F. 2d 1243, 1245 (9th Cir, 1987.)* The constitutional

15  right at issue is the Fourth Amendment right to be "secure...against unreasonable seizures."  U.S.

16  Const, Amend. IV.  A free citizen's claim that law enforcement officials used excessive force in the

17  course of their duties which resulted in the "seizure" of his person or property is properly analyzed

18  under the Fourth Amendment's "objective reasonableness" standard.  *Graham, supra., 490 U.S. at*

19  *394-395.*

20      In this case, however, there are no allegations or evidence that Officer Denardi used

21  excessive force on Plaintiff, as it is undisputed that there was no physical contact between the two

22  of them.  Similarly, it is undisputed that there was no physical contact between Officer Denardi and

23  Plaintiff's dog.  This is not a case in which an officer was faced with the threat of a charging

24  Rottweiler and was forced to discharge a weapon destroying Plaintiff's property or forcibly removed

25  a dog from Plaintiff's property.

26      Are there any legal standards or common-law principles which have or should have been

27  known to these  Defendants leading to a reasonable understanding that by humanely euthanizing a

28

- 5 -

dying, elderly dog which was being allowed to needlessly suffer by its owner before them they were doing something unlawful? If there are such cases, Plaintiff has not presented any. Defendants are aware of none.

With respect to Plaintiff's allegations against the other collateral Defendants to this action, the Defendants note as follows:

Plaintiff has not made sufficient allegations to support her claim against the County of San Mateo for violation of her constitutional rights. Plaintiff has not alleged any official county policy endorsing Officer Denardi's conduct that is inconsistent with her duties under state statutes, regulations or local ordinances. Nor has Plaintiff satisfactorily alleged the existence of an unconstitutional government custom by way of a county practice of euthanizing pets who are suffering needlessly in the presence of a humane officers summoned to assist with recalcitrant pet owners by licensed veterinarians.

Plaintiff's allegations also fall short of establishing her claim against Defendant Peninsula Humane Society for their alleged negligent hiring and retention of Officer Denardi or any "failure to train" claim. In *Sample v. Diecks, 885 F. 2d 1099,* the court identified the elements of a supervisory liability claim. Plaintiff must: (1) identify the specific supervisory practice or procedure that the supervisor failed to employ and show that (2) the existing custom and practice without the identified, absent custom or procedure contained an unreasonable risk of injury; (3) the supervisor was aware that this unreasonable risk existed; (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure. "It is not enough for a plaintiff to argue that the constitutionally cognizable injury would not have occurred if the superior had done more than he did." *Sample, 885 F. 2d at 1118.* Rather the plaintiff must identify specific acts or omissions of the supervisor that evidence deliberate indifference and persuade the court there is a "relationship between the 'identified deficiency' and the 'ultimate injury.'" *Id.* Here, Plaintiff has not.

Plaintiff seeks to analogize her case against Dr. Haddad and her practice to the facts in *Brunette, supra.* However, Plaintiff's contentions fail for the following reasons:

First, Plaintiff's allegations do not establish any substantial or inextricably intertwined activity between Dr. Haddad and the other Defendants to make her a "state actor." She was not an employee of the Peninsula Humane Society. She had no contract with the County of San Mateo or the State of California. Plaintiff voluntarily brought her dog to Dr. Haddad's animal hospital for urgent treatment: she *chose* to have Kodiak seen and be treated at the San Mateo Animal Hospital.

Second, Dr. Haddad made her evaluation that Kodiak needed to be euthanized independently and *before* she requested the assistance of the Peninsula Humane Society. There is no allegation Dr. Haddad contacted Officer Denardi specifically for the purpose of "killing" Plaintiff's dog. There was no prior agreement or circumstantial evidence of a "meeting of the minds" between these individual Defendants to violate any pet owner's constitutional rights in general or Plaintiff's rights in particular. Indeed, Officer Denardi did not participate in any of the discussions about Kodiak that Drs. Ulla or Haddad initially had with Plaintiff which, in turn, necessitated a call to the Peninsula Humane Society.

Even with the simultaneous presence of Officer Denardi at the animal clinic, Dr. Haddad acted independently: Dr. Haddad retained control of the care of the suffering dog, while Officer Denardi was forced to assert control of the disposition of Kodiak in order to prevent any further suffering. Neither Defendant assisted the other in performance of their separate and respective tasks. There is nothing from which this Court can infer Dr. Haddad and Officer Denardi intended to accomplish some concerted action with the express purpose of injuring Plaintiff through the unreasonable seizure of her dog.

## IV.   CONCLUSION

"'A cause of action' may mean one thing for one purpose and something different for another," (*United States v. Memphis Oil Co., 288 U.S. 62*), but for the purposes of determining the bounds between state and federal jurisdiction, the meaning should be kept within the limits indicated. The Defendants assert Plaintiff's claim for violation of her constitutional rights under the Fourth Amendment is wanting in substance and does not, standing alone, support continued federal jurisdiction.

1    The only effect of holding that Federal jurisdiction is conferred by Plaintiff's unfounded

2 assertion she is one who can have a remedy for damages for an unreasonable search and seizure

3 protected by the Fourth Amendment is to transfer trial to the federal court of her allegations of

4 negligent and intentional infliction of emotional distress, negligent hiring and retention, conversion,

5 false imprisonment and professional negligence, which are causes of action arising wholly under

6 state law. Even though no constitutional violation occurred under the facts as alleged and Plaintiff

7 has no right to damages under the Constitution or an act of Congress for the alleged violation of her

8 rights under the Fourth Amendment, the district court will be required to pass upon the questions

9 stated by Plaintiff which give rise to all of these causes of action under state law which she continues

10 to maintain, preserve and litigate in San Mateo County Superior Court.

11    For the reasons set forth above, all Defendants respectfully request this Court dismiss

12 Plaintiff's Complaint for lack of federal jurisdiction.

13

14 Dated: September 12, 2008           BRADLEY, CURLEY, ASIANO, BARRABEE &
                                      GALE, P.C.
15

16

17                          By: _____
                                KEVIN M. SMITH
18                              Attorneys for Defendants
                                PENINSULA HUMANE SOCIETY and
19                              DEBI DENARDI

20 F:\DOCS\ADMI\7180\P\Defendants' Brief in Response II.wpd

21

22

23

24

25

26

27

28

Defendants' Brief in Response to Plaintiff's "Show Cause" Opening Brief: Re: Jurisdiction
Case No. CV-08-2336-SI