**Daniel Berko – SBN 94912**
**LAW OFFICE OF DANIEL BERKO**
**819 Eddy Street**
**San Francisco, CA 94109**
**Berkolaw@sbcglobal.net**
**Telephone: (415) 771-6174**
**Facsimile:  (415) 474-3748**

**Attorney for Plaintiff TAMARA DOUKAS**

# THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISCTRICT OF CALIFORNIA

## DIVISION OF SAN FRANCISCO

| | |
|---|---|
| TAMARA DOUKAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN MATEO, a public entity, PENINSULA HUMANE SOCIETY, a private non-profit organization, DEBI DENARDI, an individual, KIM HADDAD, an individual, KKH INC, a private entity, SPIKE REAL STATE, a private entity, and DOES 1 through 50, inclusive,<br><br>Defendants. | CV 08 2336 SI<br><br>**PLAINTIFF'S REPLY MEMORANDUM RE JURISDICTION**<br><br>**Date: October 3, 2008**<br>**Time: 9:00 a.m.**<br>**Judge: Hon. Susan Illston**<br><br>**JURY TRIAL DEMANDED BY PLAINTIFF** |

## INTRODUCTION

The County, PHS, Denardi (hereafter jointly referred to as the "County") and Dr. Kim Haddad, KKH Inc., and Spike Real Estate (hereafter "Haddad") have misconstrued the OSC re Jurisdiction as license to engage in a freewheeling statement of "facts" through argument and assert their side of the case as if this Court could, let alone would, deprive Plaintiff of her right to pursue a federal claim in federal court based upon unsworn lawyers' retelling of what their clients are allegedly going to say.  Plaintiff respectfully objects to the court determining any factual issue

**PLAINTIFF'S REPLY MEMORANDUM RE JURISDICTION**
- 1 -

in this case other than based on admissible evidence. Plaintiff further objects to any of the "evidence" in the form of argument submitted by Defendants being considered for any purpose other than the two documents, for which Judicial Notice is requested respectively in the Van Zandt and Smith declarations.[1]

The witnesses and participants in the August 2, 2006 incident that is the subject of this action include at least Tammy Doukas, Officer Denardi, Drs. Ulla, Walsh, and Haddad (all veterinarians), technician Julie Hutt, Plaintiff's mother Ann Doukas and Plaintiff's father, Steven Doukas, (Defendant PHS has claimed to have a mystery witness who supports their version of the incident but that person is so far so mysterious as to have never surfaced.) The parties also sharply dispute Kodiak's general medical condition prior to August 2, 2006 when he was killed. The County and Haddad claim he already had a poor quality of life of which Tammy Doukas had already been in denial. Plaintiff states in her declaration that he was her best friend with a lot of vigor- a healthy, fun-loving, octogenarian who with luck could have had a year or more with a good quality of life left for her and him. Additional witnesses will no doubt be called on these issues as well.

**DEFENDANTS EFFECTIVELY CONCEDE THAT A PRIMA FACIE CASE FOR VIOLATION OF 42 USC 1983 HAS BEEN SET FORTH AT LEAST AGAINST DENARDI AND PHS AND HADDAD SHOULD CONCEDE THE SAME BASED ON THE EVIDENCE AND FACTS OF THIS CASE**

Defendants effectively concede that the "color of law" prong is met as to Denardi, PHS

---

[1] At least as far as Plaintiff is aware, although Kevin Smith's declaration submitted with the County's opposition purports to attach an exhibit identified as "Plaintiff's Fifth Amended Complaint" no such exhibit is attached to his declaration or was filed. To try to simplify matters, Plaintiff files as part of the Berko declaration in support of this Reply, the state court operative Fourth Amended Complaint and the "proposed Fifth Amended Complaint" as exhibit C and D to the Berko declaration filed herewith so that the court can consider the state court pleadings. Contrary to Smith's declaration and the County's memorandum, it is clear that the state court complaint has no 1983 cause of action and lacks several other of the causes of action the County claims are in the state complaint. Plaintiff fails to see Haddad's point as to the relevance of the only evidence she submits- a Statement of Damages in the state case-, but does not object to its consideration for whatever it adds.

and the County, as well they should.  Plaintiff's evidence states, at a minimum, a prima facie case that Haddad was a "willful participant" *Dennis v. Sparks* 449 U.S. 24, 27 (1980) in the conduct which violated her Fourth Amendment rights.  Haddad disrespects the US constitution when she argues that Kodiak had limited monetary value. Haddad and Denardi used the power of the state to take Kodiak from Plaintiff and in fact grievously injure her in the exact manner the Fourth Amendment is intended to prevent. For purposes of this OSC re Jurisdiction, it is obvious that there is jurisdiction to hear this case as to each and every Defendant on the "color of law" prong of 1983.  The Court is not being asked to determine the issue, but to determine there is jurisdiction over the issue.

Plaintiff has presented facts from which a reasonable fact finder could easily decide that Kodiak was wrongfully killed under color of law by Haddad and Denardi.  Neither has a qualified immunity defense available to them.  *Howerton v. Gabica*, 708 F.2d 380, 385 n.10 (9th Cir. 1983); *Conner v. City of Santa Ana*, 897 F.2d 1487, 1492 n.9 (9th Cir. 1990).  Assuming *Clement v. J &E Service* (9th Cir. 2008, March 11, 2008,  Docket number: 05-56692)  remains good law,  Denardi and Haddad  may have the ability to at least plead  a "good faith" defense, which, however, is different in kind from an immunity defense. It gives less protection to a private actor than a government employee would have. Assuming a jury believes Plaintiff's claims, it was a "clearly established" principle that Denardi and Haddad could not seize and kill Kodiak against Plaintiff's will without a warrant.  Indeed, they violated some of the most established, basic, well-known, settled rights enshrined in the United States constitution and the California constitution.

County liability is judged differently, of course. As to the County, Plaintiff intends to show that Denardi acted in conformity with PHS policy which allows and condones unconstitutional warrantless seizures by unqualified employees  Moreover, the PHS employees are inadequately trained in basic constitutional principles and this inadequate training, along with PHS policy

permitting Denardi's conduct, caused the constitutional injury to Plaintiff. San Mateo County appears to have a policy (Exhibit A to the Berko declaration) wherein it abdicates its policing policy for "laws pertaining to animals" to PHS and involves itself not at all in how PHS enforces the law.[2] The County effectively outsources to PHS the policy making functions of the government when it comes to enforcement of " all local ordinances" and "all related State laws concerning animals". PHS, on the other hand, has a policy of failing to conduct reasonable investigations of its officers before hiring them and permitting, the hiring of a clearly inappropriate quasi peace officer. Moreover, far from correcting or objecting to Denardi's conduct, Plaintiff intends to prove that PHS has affirmed that Denardi was following policy in all respects in seizing Kodiak from Plaintiff without a warrant and killing him for his own good because Denardi determined it was the right thing to do. Indeed, Plaintiff intends to prove that and can plead that PHS has made clear that its top officials approve of everything Denardi did during and after the incident related to it.

PHS and the County also have failed to act to control Denardi's conduct even though the need to require due process and searched and seizures with warrants is overwhelmingly clear.

**EQUITABLE FACTORS CLEARLY SUPPORT THIS COURT RETAINING JURISDICTION OF ALL CLAIMS**

The County and Haddad note that the state court has set March 29, 2009 for the trial of the state claims. As shown by the Declaration of Daniel Berko, plaintiff has repeatedly offered to dismiss the state court action in exchange for a tolling of the statute of limitations for claims against the County and Haddad for negligence. She has recently offered to dismiss all claims

---

[2] See Exhibit "A' to the Berko dec. which incorporates Exhibit "B" to the Contract between County and PHS by which PHS performs its services. It states, PHS shall enforce "all local ordinances … and all related State laws pertaining to animals."

**PLAINTIFF'S REPLY MEMORANDUM RE JURISDICTION**
- 4 -

against the County other than the 1983 claim and the Civil Code 51.2 claim if the County would agree to have all claims heard in this forum.  All parties would recover costs in this action and all discovery taken place to date would apply to the federal case.   Thus, Defendants shed crocodile tears at the "multiplicity of actions", but they are forcing the very situation they bemoan.

The most fundamental reason why this court should retain jurisdiction of the supplemental claims is that the crux of this action is whether or not Haddad and Denardi acted in violation of Plaintiff Tammy Doukas' 4th amendment rights under and acted under color of law when they killed Kodiak. The principal purpose of the grant of original federal question jurisdiction is to afford plaintiffs "a sympathetic and knowledgeable forum for the vindication of their federal rights." [See *Hunter v. United Van Lines* (9th Cir. 1984) 746 F2d 635, 639] All sides agree that the fundamental claim here is whether or not Plaintiff's Fourth Amendment rights were violated. Plaintiff believes that the state venue, where she would be suing the County of San Mateo in its own court system, is not a fair venue for vindication of her Fourth Amendment rights.  It is regrettable that Defendants want to game the system and pretend that they are victims of the fact there are two actions when they are the parties creating the problem.

## CONCLUSION

There can be no doubt that this court has the right and, respectfully, the duty to hear and determine Plaintiff's 42 U.S.C. § 1983 claim. The Court is also requested to use its discretion and determine all other claims because they are absolutely intertwined with the federal claim.

Dated: September 19, 2008

                                                                                              _____
                                                                                              DANIEL BERKO, Attorney for Plaintiff
                                                                                              TAMARA DOUKAS