Daniel Berko – SBN 94912
LAW OFFICE OF DANIEL BERKO
819 Eddy St.
San Francisco, CA 94019
Telephone: (415)771-6174
berkolaw@sbcglobal.net
Attorney for Plaintiff,
TAMARA DOUKAS

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DIVISION OF SAN FRANCISCO

| | |
|---|---|
| TAMARA DOUKAS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN MATEO, a public entity, PENINSULA HUMANE SOCIETY,  a private non-profit organization, DEBI DENARDI, an individual, KIM HADDAD, an individual, KKH INC, a private entity, SPIKE REAL STATE, a private entity and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 08 2336 SI<br><br>**DECLARATION OF DANIEL BERKO IN SUPPORT OF PLAINTIFF'S REPLY MEMORANDUM RE JURISDICTION**<br><br>**Hearing Date:** October 3, 2008<br>**Time:**         9:00 a.m.<br>**Hearing Judge: Hon.** Susan Illston |

I, Daniel Berko, declare:

1. I am an attorney licensed to practice law before all the courts of the State of California and attorney of record for Plaintiff Tammy Doukas.

2. Attached hereto as **Exhibit "A"** is a true and correct copy of a written contract between the Peninsula Humane Society ("PHS") and the County of San Mateo by which PHS performs law enforcement services for the County of San Mateo.  This contract was

DECLARATION OF DANIEL BERKO

produced to Plaintiff by PHS as the actual contract which authorized Animal Control Office and Defendant Debi Denardi to enforce state, county and local laws at and during the incident.  Only "Exhibit "B" of the four exhibits is attached because the other exhibits are lengthy and not relevant to the issues presented in this OSC. I will have the entire contract available at the hearing on this matter.

3. Attached hereto as **Exhibit "B"** is the operative, presently filed, State Court complaint between the parties related to the August 2, 2006 incident.  There is no claim under 42 USC 1983 in that complaint.  The caption of the complaint erroneously refers to claims that were once pled, but have been removed months ago. The only claim in the complaint with a "constitutional basis" is the Civil Code 52.1 claims which are very similar to a claim under 42 USC 1983.

4. Attached hereto as **Exhibit "C"** is a true and correct copy of a "proposed Fifth Amended Complaint".  Plaintiff has filed a motion with the state court asking for permission to file it.   Because I do not know if this court will accept supplemental jurisdiction over the related state claims, and because some of the claims filed in the state action probably cannot be timely re-filed in this action, Plaintiff has not dismissed without prejudice the state court claims.

5. However, I have offered to dismiss the state court complaint in its entirety without prejudice, with conditions referenced in my email to all counsel of September 16, 2008 , and previously September 7, 2008 and May 9, 2008    Those emails are attached hereto as **Exhibit "D"**.  Some of the emails were also faxed and/or mailed to County and PHS attorney Gordon & Rees.

6. Until I know whether this court will hear the federal and state claims alleged in this case, Plaintiff can't dismiss the state claims and must pursue them in state court to protect her

DECLARATION OF DANIEL BERKO

2

ability to maintain the claims.

7. If the court allows this case to proceed, Plaintiff will ask to file an amended complaint which alleges that Defendant and PHS employee Debbi Denardi, on August 2, 2006, acted in conformance with County policy (which is actually made by PHS) which allows and approves of the seizure without a warrant of family pets, including their physical destruction, when the animal is not a threat to any person or property and has present an owner who is willing, able, and desirous, of caring for the animal. In addition, Plaintiff will likely seek to amend the complaint to allege that the entire procedure by which PHS is given carte blanche to enforce California and San Mateo County and numerous San Mateo city laws related to animals violates at least the California constitution's separation of powers provisions and due process under both the California and United States constitutions. This is because the San Mateo County Superior Court both appoints Denardi and all animal control officers to enforce laws and then hears and determines whether she has properly enforced the laws the court appointed her to enforce. I am still investigating whether there is some case law authority allowing such a situation of which I am not aware, before Plaintiff adds that allegation.

8. Defendant's discovery responses acknowledge that witnesses who were present at and during the incident include Tammy Doukas, Officer Denardi, Dr. Doukas and Ulla, Dr. Walsh on the phone, Plaintiff's father Steven Doukas, her mother, Anne Doukas, and a veterinary technician Julie Hutt.

9. I do not think my client can get a fair trial on her federal claims (or state claims) in San Mateo Superior Court. Besides the fact that the court itself is responsible for Denardi's appointment (see exh. A to Jato declaration), the County is also a defendant. In addition, PHS is, I believe, a powerful force in San Mateo County which enjoys a not well deserved

reputation in the community for good works that affects Plaintiff's ability to obtain a fair trial.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on September 19, 2008, at San Francisco, California.

_____<br>DANIEL BERKO

DECLARATION OF DANIEL BERKO

4