Exh. "B"

1  Daniel Berko – SBN 94912
   LAW OFFICE OF DANIEL BERKO
2  819 Eddy Street
   San Francisco, CA 94109
3
   Telephone: (415) 771-6174
4  Facsimile: (415) 474-3748

5
   Attorney for Plaintiff TAMARA DOUKAS
6

7

**FILED**
**SAN MATEO COUNTY**

APR 2 1 2008

Clerk of the Superior Court
By _____
        DEPUTY CLERK

8  ## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9  ## IN AND FOR THE COUNTY OF SAN MATEO

10  ## UNLIMITED CIVIL JURISDICTION

11
    TAMARA DOUKAS, an individual,                    Case No.: 461 009
12
                   Plaintiff,                         **PLAINTIFF'S FOURTH AMENDED**
13                                                    **COMPLAINT FOR NEGLIGENT AND**
            v.                                        **INTENTIONAL INFLICTION OF**
14                                                    **EMOTIONAL DISTRESS, NEGLIGENT**
    COUNTY OF SAN MATEO, a public entity,            **HIRING AND RETENTION,**
15  PENINSULA HUMANE SOCIETY, a private              **CONVERSION, DEPRIVATION OF DUE**
    non-profit organization, DEBI DENARDI, an        **PROCESS, FALSE IMPRISONMENT,**
16  individual, KIM HADDAD, an individual and        **VIOLATION OF CONSTITUTIONAL**
    DOES 1 through 50, inclusive,                    **RIGHTS AND PROFESSIONAL**
17                                                    **NEGLIGENCE**
                   Defendants.
18
                                                     JURY TRIAL DEMANDED BY PLAINTIFF
19
                              **FACTUAL ALLEGATIONS**
20
            1. Plaintiff TAMARA DOUKAS (hereinafter "DOUKAS") is an individual residing in
21
    Redwood City, California at all times herein.
22

23          2. Defendant COUNTY OF SAN MATEO (hereinafter "COUNTY") is a public entity

24  located in California.

25          3. Defendant PENINSULA HUMANE SOCIETY (hereinafter "PHS") is a private non-

26  profit organization that acts as an agent for the COUNTY to render it animal services.

27

28

                          **FOURTH AMENDED COMPLAINT**
                                      - 1 -

1    4. Defendant DEBI DENARDI (hereinafter "DENARDI"), an individual, is an officer for

2  the PHS.

3    5. Defendant KIM HADDAD (hereinafter "HADDAD"), an individual, is a veterinarian at

4  the San Mateo Animal Hospital.

5
     6. Plaintiff DOUKAS, a single woman, had an extremely close bond with her
6
7  pet dog of over thirteen years, "Kodiak."

8    7. Kodiak, while thirteen years old, was in good health and was walked daily by Plaintiff,

9  as witnessed by many neighbors and friends.

10    8. On August 2, 2006, Plaintiff took Kodiak to the San Mateo Animal Hospital, as he was

11  experiencing symptoms of lethargy and decreased appetite. Upon doing so, Kodiak was

12  administered contraindicated drugs that quickly caused his condition to worsen. Defendant
13
14  HADDAD negligently determined that the dog was incurable and should immediately be put to

15  death without diagnostic testing. Plaintiff, who has post-graduate degrees and is currently

16  completing a PhD at Stanford Medical School and is the Editor-in-Chief of the *Stanford Scientific*

17  *Magazine*, protested, since no diagnostic testing had been done. At this point, HADDAD, without

18  Plaintiff's knowledge, permission, or request, called Defendant DENARDI, who Plaintiff is

19  informed and believes has a criminal record, as well as a history of abusing her official authority
20
21  as an animal control officer, and requested her presence at the hospital.

22    9. Plaintiff states on information and belief that DENARDI and HADDAD together

23  decided, despite Plaintiff's protestations that the animal required diagnostic testing and treatment,

24  that the animal should nevertheless be immediately euthanized.

25    10. In fact, Plaintiff was told by DENARDI that "there will be no second opinion," and

26  that "this dog is not leaving this building alive."

27

28

FOURTH AMENDED COMPLAINT
- 2 -

1    11. Plaintiff has suffered serious emotional distress, including symptoms of insomnia,

2    anxiety, headaches and depression, since August 2, 2006, as a direct result of the improper putting

3    to death of her pet. This has affected her health, social and professional activities, and work.

4    12. Defendants PHS and COUNTY knew or should have known that Defendant

5
6    DENARDI had a history of criminal charges and even a felony conviction involving moral

7    turpitude. Plaintiff is informed and believes and thereupon alleges that these Defendants knew or

8    should have known that DENARDI herself had previously participated in other acts involving

9    abuse of her official power and authority.

10   13. Plaintiff is informed and believes that Defendant PHS failed to run a proper

11   background investigation of Defendant DENARDI before appointing her to the law enforcement

12   position of Humane Officer, which would have illuminated DENARDI's criminal history and

13
14   overall unfitness to hold the position.

15   14. On December 26, 2006, Plaintiff submitted a claim demanding relief with COUNTY,

16   pursuant to legal requirements. (Exhibit "A" to the Third Amended Complaint) On January 24,

17   2007, COUNTY rejected

18   Plaintiff's claim, rendering this lawsuit timely.

19   15. COUNTY is delegated by the State of California the right and duty to enforce animal

20   cruelty laws in San Mateo County including state laws and any law enacted by COUNTY.

21
22   COUNTY has hired PHS to enforce those laws on COUNTY'S behalf and pays PHS for enforcing

23   such laws on it behalf. COUNTY has entered into a written contract with PHS to perform animal

24   control services throughout San Mateo County. At all times relevant to this pleading and when in

25   engaging in all conduct alleged in this pleading, PHS was acting on COUNTY'S behalf, with

26   COUNTY'S permission and consent, and under color of authority granted to it by COUNTY. In

27   addition, COUNTY, by and through its authorized agent PHS, breached a mandatory duty owed to

28

FOURTH AMENDED COMPLAINT
- 3 -

1 | Plaintiff pursuant to both the United States and California constitutions by seizing Kodiak without

2 | probable cause to justify his seizure. In addition, COUNTY, by and through its authorized agent

3 | PHS, breached a mandatory duty owed to Plaintiff under the California constitution and the Fourth

4 | Amendment to the United States Constitution by seizing and killing Kodiak without first

5 |

6 | presenting a search warrant demonstrating probable cause to an independent magistrate absent

7 | exigent circumstances that excuse the need for a warrant. There were no exigent circumstancing

8 | remotely justifying the failure to obtain a warrant before seizing and killing Kodiac.

9 | 16. Plaintiff DOUKAS is ignorant of the true names of Defendants DOES 1 through 50,

10 | inclusive, and therefore claims against them by those fictitious names. Plaintiff is informed and

11 | believes and based thereon alleges that each DOE Defendant was in some way responsible for the

12 | events and happenings alleged in this Complaint and for Plaintiff's injuries and damages.

13 |

14 | 17. County is liable to Plaintiff pursuant to Government code sections 815.4 which makes

15 | a public entity liable for its independent contractors to the same extent that a private person would

16 | be so liable.

17 |

18 | ## SECOND CAUSE OF ACTION

19 | ### For Intentional Infliction of Emotional Distress

20 | **(Against COUNTY, PHS, DENARDI, HADDAD and DOES 1 through 50)**

21 | 22. Plaintiff hereby incorporates by reference each and every allegation contained in

22 | paragraphs 1 - 17 as though fully set forth at length.

23 | 23. Defendants engaged in reckless and outrageous conduct in their treatment of Plaintiff

24 | and her dog, administering improper medication, insisting on euthanizing him without Plaintiff's

25 | consent and despite her protests, refusing to allow Plaintiff to obtain a proper exam with

26 |

27 | diagnostic testing and a second opinion, and preventing Plaintiff from leaving the hospital with her

28 | dog alive.

1    24. Defendants' reckless and outrageous conduct was conducted in Plaintiff's presence,

2  with reckless disregard of the probability of causing Plaintiff emotional distress. Defendants were

3  also aware that Plaintiff was particularly susceptible to suffering extreme emotional distress be

4  cause of their actions because they knew that Kodiac had been Plaintiff's dog for many years and

5
   that she deeply loved him.
6

7    25. That as a result of Defendants' reckless and outrageous conduct, Plaintiff suffered

8  severe emotional distress, including, but not limited to, symptoms of insomnia, anxiety, headaches

9  and depression.

10    26. Defendants' reckless and outrageous conduct was the legal and/or proximate cause of

11  Plaintiff's harm.

12
                                    **THIRD CAUSE OF ACTION**
13
                                **For Negligent Hiring and Retention**
14
                          **(Against COUNTY, PHS, and DOES 1 through 50)**

15    27. Plaintiff hereby incorporates by reference each and every allegation contained in

16  paragraphs 1 - 17, as though fully set forth at length.

17    28. Defendants had a duty to exercise reasonable care in the hiring and retention of

18  employees.

      29. Defendants breached their duty of care by hiring and retaining DENARDI when they
19
   knew, or should have known, that DENARDI was unfit to hold and/or retain the position of
20  Humane Officer. Had defendants conducted a proper background investigation, Plaintiff is

21  informed and believes and thereupon alleges, they would have discovered:

22           a.  DENARDI'S felony conviction, heretofore mentioned, to which she pleaded

23               guilty in approximately 1996, was a crime of moral turpitude and involved the

24               theft of large sums of money from her mother and father;

25           b.  DENARDI has been and continues to be involved in between 20-30 separate
26
               lawsuits;
27

28

                                  FOURTH AMENDED COMPLAINT
                                              - 5 -

1         c.   Defendants PHS and COUNTY failed to provide DENARDI with the required

2            and appropriate minimum hours of training for a peace officer in accord with

3            the laws of the State of California;

4         d.   Numerous citizens of COUNTY complained bitterly about DENARDI'S

5
6            consistent and arbitrary abuse of her power against them while acting as an

7            animal control officer.

8     30. Furthermore, not only did defendants PHS and COUNTY act negligently in hiring and

9 retaining defendant DENARDI for the reasons stated above, but defendant PHS, recklessly and

10 with wanton disregard of these facts, even promoted her to Captain of Animal Cruelty

11 Investigations, thus in effect ratifying all the acts complained of by Plaintiff herein.

12     31. That as a result of Defendants' negligent acts and/or omissions Plaintiff suffered

13 significant emotional distress.

14

15     32. Defendants' negligent acts and/or omissions in their failure to take reasonable steps to

16 prevent this harm were the legal and/or proximate causes of Plaintiff's harm.

17 

**FOURTH CAUSE OF ACTION**

18 

**For Conversion**

19 

**(Against COUNTY, PHS, DENARDI, HADDAD, and DOES 1 through 50)**

    33. Plaintiff hereby incorporates by reference each and every allegation contained in

20

21 paragraphs 1 - 17 as though fully set forth at length.

22     34. Defendants wrongfully converted Plaintiff's property when they forcefully euthanized

23 her animal despite her protests and without her consent.

24     35. Plaintiff had the right to possess her dog at the time of conversion.

25 

**FIFTH CAUSE OF ACTION**

26 

**For False Imprisonment**

27 

**(Against COUNTY, PHS, DENARDI, HADDAD, and DOES 1 through 50)**

28

**FOURTH AMENDED COMPLAINT**

- 6 -

1      36. Plaintiff hereby incorporates by reference each and every allegation contained in

2      paragraphs 1 - 18 as though fully set forth at length.

3      37. Defendant DENARDI intentionally and unlawfully exercised the express threat of

4      force to detain Plaintiff inside the San Mateo Animal Hospital by verbally threatening Plaintiff

5
6      with her dog's life and by using her color of authority as a COUNTY official to threaten Plaintiff

7      with arrest should Plaintiff attempt to leave with her animal.

8      38. Plaintiff was compelled to remain in the hospital out of fear that she would be arrested

9      and/or her dog would be immediately killed should she attempt to leave.

10      39. That as a result of Defendant's false imprisonment Plaintiff suffered significant

11      emotional distress, including, but not limited to, symptoms of insomnia, anxiety, headaches and

12
     depression.
13

14      40. Defendant's false imprisonment was the legal and/or proximate cause of Plaintiff's

15      harm.

16                              **SEVENTH CAUSE OF ACTION**

17                              **For Professional Negligence**

18                  **(Against HADDAD, and DOES 1 through 50)**

19      41. Plaintiff hereby incorporates by reference each and every allegation contained in

20      paragraphs 1 - 17 as though fully set forth at length.

21      42. Defendant HADDAD owed Plaintiff, in treating Plaintiff's dog, the duty to use the care

22      and skill ordinarily exercised in similar cases by professionals practicing in the same or a similar

23      locality under similar circumstances.

24      43. HADDAD breached that duty when she negligently administered improper drugs to

25      Plaintiff's animal, when she euthanized the animal without Plaintiff's consent, and when she

26
     refused to allow Plaintiff a proper exam with diagnostic testing and a second opinion.
27

28

1    44. That as a result of Defendant's negligent acts and/or omissions Plaintiff suffered

2    significant emotional distress, including, but not limited to, symptoms of insomnia, anxiety,

3    headaches and depression.

4    45. Defendant's negligent acts and/or omissions were the legal and/or proximate cause of

5    Plaintiff's harm.

6

7                                    **PRAYER FOR RELIEF**

8    WHEREFORE, Plaintiff TAMARA DOUKAS prays as follows:

9        1. For special damages according to proof;

10       2. For general and compensatory damages according to proof;

11       3. For punitive damages according to proof against defendants PHS and

12   DENARDI only;

13
         4. For prejudgment interest in an amount to be proved at the time of trial;
14
         5. For costs of suit incurred herein; and
15

16       6. For such other and further relief as the court may deem just and proper.

17

18

19   DATED: April 21, 2008

20                                    DANIEL BERKO, Attorney for Plaintiff,
                                      TAMARA DOUKAS
21

22

23

24

25

26

27

28

─────────────────────────────────────────────
                    FOURTH AMENDED COMPLAINT
                              - 8 -

**DOUKAS vs COUNTY OF SAN MATEO**     **PROOF OF SERVICE**
**SAN MATEO COUNTY SUPE CT: CIV 461009**

I, the undersigned, declare: I am a resident of the State of California, over the age of 18 years, and not a party to the within action. On April 21, 2008 I served a true copy of the following documents:

## PLAINTIFF TAMARA DOUKAS' FORTH AMENDED COMPLAINT
## PLAINTIFF TAMARA DOUKAS` CASE MANAGEMENT STATEMENT

by transmitting via facsimile the document(s) listed above to the fax number set forth below on this date before 5:00 p.m.

**[X]    By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below:**

**DANIEL J. CRAWFORD, Esq.**
**BRADLEY, CURLEY, ASIANO, et al.**
**1100 LARKSPUR LANDING CIRCLE, SUITE 200**
**LARKSPUR, CA 94939**

**CHARLES S. CUSTER, Esq.**
**GORDON & REES**
**275 BATTERY STREET, SUITE 2000**
**SAN FRANCISCO, CA 94111**

**DWIGHT BISHOP, Esq.**
**DWIGHT BISHOP, Inc.**
**1511 TREAT BLVD. #200**
**WALNUT CREEK, CA 94596**

**PETER J. VAN ZANDT, Esq.**
**BLEDSOE, CATHCART, DIESTEL**
**& PEDERSEN LLP**
**601 CALIFORNIA STREET, 16TH FLR**
**SAN FRANCISCO, CA 94108**

by overnight courier of the document(s) listed above to the person(s) addresses set forth below.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 21, 2008 at San Francisco, California.

Carlos G. Jato