Exh. "C"

Daniel Berko – SBN 94912
819 Eddy Street
San Francisco, CA 94109
berkolaw@sbcglobal.net
Telephone: (415) 771-6174
Facsimile:  (415) 474-3748

Attorney for Plaintiff TAMARA DOUKAS

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN MATEO

### UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| TAMARA DOUKAS, an individual, | Case No.:  461 009 |
| Plaintiff, | **[PROPOSED] PLAINTIFF'S FIFTH AMENDED COMPLAINT FOR NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT HIRING AND RETENTION, CONVERSION, DEPRIVATION OF DUE PROCESS. FALSE IMPRISONMENT, VIOLATION OF CONSTITUTIONAL RIGHTS AND PROFESSIONAL NEGLIGENCE** |
| v. | |
| COUNTY OF SAN MATEO, a public entity, PENINSULA HUMANE SOCIETY, a private non-profit organization, DEBI DENARDI, an individual, KIM HADDAD, an individual, KKH INC, a private entity, SPIKE REAL ESTATE, a private entity and DOES 3 through 50, inclusive, | |
| Defendants. | JURY TRIAL DEMANDED BY PLAINTIFF |

## FACTUAL ALLEGATIONS

1. Plaintiff TAMARA DOUKAS (hereinafter "DOUKAS") is an individual residing in Redwood City, California at all times herein.

2. Defendant COUNTY OF SAN MATEO (hereinafter "COUNTY") is a public entity located in California.

3. Defendant PENINSULA HUMANE SOCIETY (hereinafter "PHS") is a private non-profit organization that acts as an agent for the COUNTY to render it animal services.

**FIFTH AMENDED COMPLAINT**
- 1 -

4.   Defendant DEBI DENARDI (hereinafter "DENARDI"), an individual, is an officer for the PHS.

5.   Defendant KIM HADDAD (hereinafter "HADDAD"), an individual, is a veterinarian at the San Mateo Animal Hospital. KKH INCORPORATED dba San Mateo Animal Hospital INC. previously sued as Doe 1, and SPIKE REAL ESTATE previously sued as Doe 2, are and at all relevant times had an ownership interest in the San Mateo Animal Hospital and were employers of all personal working at the hospital.

6.   Plaintiff DOUKAS, a single woman, had an extremely close bond with her pet dog of over thirteen years, "Kodiak."

7.   Kodiak, while thirteen years old, was in good health and was walked daily by Plaintiff, as witnessed by many neighbors and friends.

8.   On August 2, 2006, Plaintiff took Kodiak to the San Mateo Animal Hospital, as he was experiencing symptoms of lethargy and decreased appetite. Upon doing so, Kodiak was administered contraindicated drugs that quickly caused his condition to worsen. Defendant HADDAD negligently determined that the dog was incurable and should immediately be put to death without diagnostic testing. Plaintiff, who has post-graduate degrees and is currently completing a PhD at Stanford Medical School and is the Editor-in-Chief of the *Stanford Scientific Magazine*, protested, since no diagnostic testing had been done. At this point, HADDAD, without Plaintiff's knowledge, permission, or request, called Defendant DENARDI, who has been convicted of a felony involving moral turpitude**,** and who Plaintiff is informed and believes has a history of abusing her official authority as an animal control officer, and requested her presence at the hospital.

9. Plaintiff states on information and belief that DENARDI and HADDAD together decided, despite Plaintiff's protestations that Kodiak required diagnostic testing and treatment, that the animal should nevertheless be immediately killed.

10. In fact, Plaintiff was told by DENARDI that "there will be no second opinion," and that "this dog is not leaving this building alive."

11. Plaintiff has suffered serious emotional distress, including symptoms of insomnia, anxiety, headaches and depression, since August 2, 2006, as a direct result of the improper putting to death of her pet. This has affected her health, social and professional activities, and work.

12. Defendants PHS and COUNTY knew or should have known that Defendant DENARDI had a felony conviction involving moral turpitude. Plaintiff is informed and believes and thereupon alleges that these Defendants knew or should have known that DENARDI herself had previously participated in other acts involving abuse of her official power and authority.

13. Plaintiff is informed and believes that Defendant PHS failed to run a proper background investigation of Defendant DENARDI before appointing her to the law enforcement position of Humane Officer, which would have illuminated DENARDI's criminal history and overall unfitness to hold the position.

14. On December 26, 2006, Plaintiff submitted a claim demanding relief with COUNTY, pursuant to legal requirements. (Exhibit "A" to the Third Amended Complaint)  On January 24, 2007, COUNTY rejected Plaintiff's claim, rendering this lawsuit timely.

15. COUNTY is delegated by the State of California the right and duty to enforce animal cruelty laws in San Mateo County including state laws and any law enacted by COUNTY. COUNTY has hired PHS to enforce those laws on COUNTY'S behalf and pays PHS for enforcing such laws on it behalf.  COUNTY has entered into a written contract with PHS to perform animal control services throughout San Mateo County. At all times relevant to this

pleading and when in engaging in all conduct alleged in this pleading, PHS was acting on COUNTY'S behalf, with COUNTY'S permission and consent, and under color of authority granted to it by COUNTY. In addition, COUNTY, by and through its authorized agent PHS, breached a mandatory duty owed to Plaintiff pursuant to both the United States and California constitutions by seizing Kodiak without probable cause to justify his seizure.  In addition, COUNTY, by and through its authorized agent PHS, breached a mandatory duty owed to Plaintiff under the Article 1, sec. 13 of the California Constitution and the Fourth Amendment of the United States Constitution, which states "[T]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause" (Fourth Amendment of the United States Constitution). Plaintiff suffered the deprivation of due process (which prohibits destruction of a person's property without due process of law as established in the Fifth and Fourteenth Amendment of the United States Constitution and Article 1 sec. 7 of the California Constitution), by seizing and killing Kodiak without a hearing satisfying due process and without first presenting a search warrant demonstrating probable cause to an independent magistrate absent exigent circumstances that excuse the need for a warrant.  There were no exigent circumstancing remotely justifying the failure to obtain a warrant before seizing and killing Kodiak.

16. Plaintiff DOUKAS is ignorant of the true names of Defendants DOES 3 through 50, inclusive, and therefore claims against them by those fictitious names. Plaintiff is informed and believes and based thereon alleges that each DOE Defendant was in some way responsible for the events and happenings alleged in this Complaint and for Plaintiff's injuries and damages.

17. County is liable to Plaintiff pursuant to Government code sections 815.4 which makes a public entity liable for its independent contractors to the same extent that a private person would be so liable.

**FIFTH AMENDED COMPLAINT**
- 4 -

### FIRST CAUSE OF ACTION

### For Interfering with the Enjoyment of Individual Rights (Civil Code sec. 52.1)

### (Against COUNTY, PHS, DENARDI, HADDAD, KKH INCORPORATED, SPIKE REAL ESTATE, and DOES 3 through 50)

18. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1-17, as though fully set forth at length.

19. California Civil Code section 52.1 provides that any person, whether acting under color of law or not, who interferes by threats, intimidation, or coercion, with the exercise of any rights secured by the Constitution or laws of California or by the laws of constitution of the United States, shall be liable to the injured party for the damages suffered and pursuant to section 52 of the Civil Code in the amount of up to a maximum of three times damages but not less than $4,000 and attorney's fees. Plaintiff is also entitled to exemplary damages and a civil penalty of $25,000 against each person who has deprived her the right to enjoy her individual rights secured by the Constitution and the Laws of this State.

20. Defendants deprived Plaintiff of the free exercise of her property when, using threats, intimidation, fear, and coercion and without warrant they prevented Plaintiff from leaving the building with her dog and instead seized and killed Kodiak.

### SECOND CAUSE OF ACTION

### For Intentional Infliction of Emotional Distress

### (Against COUNTY, PHS, DENARDI, HADDAD, KKH INCORPORATED, SPIKE REAL ESTATE and DOES 3 through 50)

21. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 – 17 and 20 as though fully set forth at length.

22. Defendants engaged in reckless and outrageous conduct in their treatment of Plaintiff and her dog, administering improper medication, insisting on euthanizing him without Plaintiff's consent and despite her protests, refusing to allow Plaintiff to obtain a proper exam with

diagnostic testing and a second opinion, and preventing Plaintiff from leaving the hospital with her dog alive.

23. Defendants' reckless and outrageous conduct was conducted in Plaintiff's presence, with reckless disregard of the probability of causing Plaintiff emotional distress. Defendants were also aware that Plaintiff was particularly susceptible to suffering extreme emotional distress because of their actions because they knew that Kodiak had been Plaintiff's dog for many years and that she deeply loved him.

24. That as a result of Defendants' reckless and outrageous conduct, Plaintiff suffered severe emotional distress, including, but not limited to, symptoms of insomnia, anxiety, headaches and depression.

25. Defendants' reckless and outrageous conduct was the legal and/or proximate cause of Plaintiff's harm.

### THIRD CAUSE OF ACTION
### For Negligent Hiring and Retention
### (Against COUNTY, PHS, and DOES 3 through 50)

26. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 - 17, as though fully set forth at length.

27. Defendants had a duty to exercise reasonable care in the hiring and retention of employees.

28. Defendants breached their duty of care by hiring and retaining DENARDI when they knew, or should have known, that DENARDI was unfit to hold and/or retain the position of Humane Officer. Had defendants conducted a proper background investigation, Plaintiff is informed and believes and thereupon alleges, they would have discovered:

(a) DENARDI'S felony conviction, heretofore mentioned, to which she pleaded guilty in approximately 1996, was a crime of moral turpitude and involved the theft of large sums of money from her mother and father;

(b) DENARDI has been and continues to be involved in between 20-30 separate lawsuits;

(c) Defendants PHS and COUNTY failed to provide DENARDI with the required and appropriate minimum hours of training for a peace officer in accord with the laws of the State of California;

(d) Numerous citizens of COUNTY complained bitterly about DENARDI'S consistent and arbitrary abuse of her power against them while acting as an animal control officer.

29. Furthermore, not only did defendants PHS and COUNTY act negligently in hiring and retaining defendant DENARDI for the reasons stated above, but defendant PHS, recklessly and with wanton disregard of these facts, even promoted her to Captain of Animal Cruelty Investigations, thus in effect ratifying all the acts complained of by Plaintiff herein.

30. That as a result of Defendants' negligent acts and/or omissions Plaintiff suffered significant emotional distress.

31. Defendants' negligent acts and/or omissions in their failure to take reasonable steps to prevent this harm were the legal and/or proximate causes of Plaintiff's harm.

## FOURTH CAUSE OF ACTION
### For Conversion
**(Against COUNTY, PHS, DENARDI, HADDAD, KKH INCORPORATED, SPIKE REAL ESTATE and DOES 3 through 50)**

32. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 – 17, as though fully set forth at length.

33. Defendants wrongfully converted Plaintiff's property when they forcefully euthanized her animal despite her protests and without her consent.

34. Plaintiff had the right to possess her dog at the time of conversion.

## FIFTH CAUSE OF ACTION
### For False Imprisonment
### (Against PHS, DENARDI, HADDAD, KKH INCORPORATED, SPIKE REAL ESTATE and DOES 3 through 50)

35. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 – 17, as though fully set forth at length.

36. Defendant DENARDI intentionally and unlawfully exercised the express threat of force to detain Plaintiff inside the San Mateo Animal Hospital by verbally threatening Plaintiff with her dog's life and by using her color of authority as a COUNTY official to threaten Plaintiff with arrest should Plaintiff attempt to leave with her animal.

37. Plaintiff was compelled to remain in the hospital out of fear that she would be arrested and/or her dog would be immediately killed should she attempt to leave.

38. That as a result of Defendant's false imprisonment Plaintiff suffered significant emotional distress, including, but not limited to, symptoms of insomnia, anxiety, headaches and depression.

39. Defendant's false imprisonment was the legal and/or proximate cause of Plaintiff's harm.

## SIXTH CAUSE OF ACTION
### For Professional Negligence
### (Against HADDAD, KKH INCORPORATED, SPIKE REAL ESTATE and DOES 3 through 50)

40. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 – 17, as though fully set forth at length.

41. Defendant HADDAD, an employee or agent of KKH and Spike Real Estate owed Plaintiff, in treating Plaintiff's dog, the duty to use the care and skill ordinarily exercised in similar cases by professionals practicing in the same or a similar locality under similar circumstances.

42. HADDAD breached that duty when she or others employed at the hospital negligently administered improper drugs to Plaintiff's animal, and when Haddad euthanized the animal without Plaintiff's consent, and when she refused to allow Plaintiff a proper exam with diagnostic testing and when she refused to allow Plaintiff to obtain a second opinion.

43. That as a result of Defendant's negligent acts and/or omissions Plaintiff suffered significant emotional distress, including, but not limited to, symptoms of insomnia, anxiety, headaches and depression.

44. Defendant's negligent acts and/or omissions were the legal and/or proximate cause of Plaintiff's harm.

## SEVENTH CAUSE OF ACTION
### For Injunctive Relief
### (Against COUNTY, PHS, DENARDI)

45. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1-16, as though fully set forth at length.

46. The system of law enforcement in San Mateo County by animal control officers of the Peninsula Humane Society violates the United States and California Constitution and the laws of California. For example, Kodiak was killed in Plaintiff's presence over her objections. He had just been seized from Plaintiff and killed on orders of officer Denardi. The only "process" Plaintiff was ever given was Denardi consulting with Haddad and deciding before she even spoke to Plaintiff that the dog was going to be killed immediately whether Plaintiff agreed to that or not. At no time was Kodiak ever a danger to any person or property. San Mateo County continues to assert that Denardi's conduct was a totally lawful use of state power. The Peninsula Humane Society, which acts as the official police power of San Mateo County, pursuant to *Cal. Corp. Code* §10400 and §14502 actually found Denardi's conduct laudatory because shortly after this incident, Denardi was promoted and she has never been disciplined in any way for her conduct.

47. Plaintiff has no plain, adequate, or speedy remedy at law and irreparable harm is likely to occur to other persons in the absence of an injunction from this court requiring San Mateo County to obey the United States and California Constitution and the laws of California.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff TAMARA DOUKAS prays as follows:

AS AGAINST ALL DEFENDANTS

1. For special damages according to proof;
2. For general and compensatory damages according to proof;
3. For prejudgment interest in an amount to be proved at the time of trial;
4. For costs of suit incurred herein; and
5. For such other and further relief as the court may deem just and proper.

AS AGAINST, PHS, DENARDI, KKH. HADDAD, and SPIKE REAL ESTATE only:

1. Punitive damages according to proof;

DATED: September     8, 2008                                         /S/

DANIEL BERKO, Attorney for Plaintiff, TAMARA DOUKAS