Exh. "D"

## Daniel Berko

| | |
|---|---|
| **From:** | DANIEL BERKO [berkolaw@sbcglobal.net] |
| **Sent:** | Friday, May 09, 2008 8:40 PM |
| **To:** | Charles Custer |
| **Cc:** | ikelouise@sbcglobal.net; Peter J. Van Zandt; Jewel Basse; C. Jato; Tammy Doukas |
| **Subject:** | Re: Ltr Berko re Federal Court Action - 05/09/08.DOC  MAY 9, 2008 SECOND EMAIL IN RESPONSE TO CC SECOND EMAIL |
| **Attachments:** | email_signature_logo_330x36.jpg; Blank Bkgrd.gif |

My dear Charles,

I sent you an email on March 17, 2008 at 4:01 p.m.   I got no response whatever from you. That email is immediately below this email.

I sent you a second email on March 20, 2008 at 2:08 p.m. I sent the second email because I did not hear from you after the first email.  It is also below after the March 17, 2008 email. I never got a response from you.

Btw, I also sent you two emails on March 14, 2008.  If you did not get them, please advise immediately and I will send them to you.

The two quoted below are the two emails to which I refer.

It appears that the federal court has basically unlimited discretion to consider, or not, the claims brought against the defendants based on state law. (it must hear our 1983 claims.) Still,as you have pointed out so cogently, I don't really need the County in the case as a defendant except on the 1983 cause of action. Thus, my plan would be to dismiss the County from the state case and proceed against it in federal court alone. Except possibly on the intentional tort claims. The others present more complicated questions that I am working on as we speak.

I am sorry that everything I do seems to upset your equilibrium. If you don't want to respond to emails, that is your right. Please be advised that I reserve the right to ignore faxes and phone calls. Unless there is some significant benefit to my client on a particular occasion, I will ignore both. That is my right.

I did blow the appearance today. I knew it was set for May 9, 2008, but somehow it slipped my mind. Probably because I had a very pressing motion due today in another case. I regret my error. I don't understand why the court said we did not file a CMC Statement, because I know sent one in.  I will check on that.  When is the next CMC?

Anyway, have a good weekend.

Below are the two emails you never responded to.

----------------------------------------------------------------------------------------------------------------------------------
-------------------------------------------------------------------------------

MARCH 17, 2008 EMAIL AT 4:01 P.M.

Dear Mr. Custer,

I hope you enjoyed your weekend.

I keep thinking about your request that the county be dismissed.  I have no desire to run up its fees etc. Here is my problem.  On certain claims, damages are awarded **per defendant**  and not simply to compensate that Plaintiff as is more common. (See e.g. CC 51 et seq- penalties are assessed per defendant). So we would need to protect my client from losing money in the event that she would have been awarded those penalties from the County. Second,  PHS would have to stipulate that its conduct constitutes "state action" for the purposes of 18 USC 1943.

These are simply ideas to discuss.  I am not making an offer and don't have authority to do so at this time. However, I have no issue with letting the County out of the case so long as it can't inure to my client's detriment.  I am open to any

## Daniel Berko

| | |
|---|---|
| **From:** | Daniel Berko [Berkolaw@sbcglobal.net] |
| **Sent:** | Sunday, September 07, 2008 6:11 PM |
| **To:** | 'Kevin Smith'; 'Jewel Basse'; 'Charles Custer' |
| **Cc:** | 'Carlos Jato'; 'Brian S. Whittemore'; 'Peter J. Van Zandt' |
| **Subject:** | DOUKAS OFFER TO HAVE CASE TRIED IN FEDERAL COURT SEP 8 2008 |

Once again, I offer to enter into a stipulation that the entire case will be tried in Federal Court with the SOL tolled as of the date of the original state complaint.  A new wrinkle is that the County can be out except as to the 1983, CC 52.1, and injunctive relief claims where they will remain a defendant.  If you can't agree to have the claims all tried in federal court, I would propose a stay of the state action while the federal claim proceeds.   In any event, I am inviting intelligent ideas as to how to have the claims tried in a single forum.  Obviously, if the Federal Court agrees with your claims as to no jurisdiction, that would moot the issue.

Dan Berko

**Daniel Berko**

| | |
|---|---|
| **From:** | Daniel Berko [Berkolaw@sbcglobal.net] |
| **Sent:** | Wednesday, September 17, 2008 4:38 PM |
| **To:** | 'Peter J. Van Zandt'; 'Brian S. Whittemore'; 'Kevin Smith'; 'Charles Custer'; 'Jewel Basse' |
| **Cc:** | 'Carlos Jato'; 'Tammy Doukas' |
| **Subject:** | DOUKAS V. DENARDI, HADDAD ET AL., |

September 16, 2008

Plaintiff Tammy Doukas  again offers as follows:

1. To dismiss the state case without prejudice if the federal court exercises supplemental jurisdiction over the state claims and for any discovery obtained in the state case to be deemed obtained in the federal case and all costs incurred there to be collected by the prevailing party in the federal case.
2. As to Haddad,  Haddad agrees that the SOL for the negligence cause of action is tolled as of the date of the filing of the state complaint. I continue to believe that Dr. Haddad is very shortsighted in refusing this offer as if this case goes to trial and she is found liable only for intentional conduct she will likely not be insured for the damages. I again ask her counsel to make certain she knows the implications of forcing the case against her to proceed solely on the basis of intentional torts or statutory claims.  And communicate this offer to her.  We also would probably agree to dismiss Haddad, Spike, and the hospital, without prejudice, from all claims in the state case except the negligence claim.
3. We will dismiss all claims against the County except CC 51.2, 42 USC 1983, and claims for injunctive and declaratory relief. The last two, of course, are timely and can be brought as a separate action at any time since they relate to ongoing conduct. The County would agree that whether the 51.2 claim is timely would depend on whether it was timely as if amended in at this point in the state case.

My recollection is that this offer, in various forms, has been made several times to your clients.  I will likely include the prior offers as well as this one in a declaration I will file with the court as part of the  OSC Reply. For now, I wanted to be certain that there is an offer on the table that allows you to avoid the multiplicity of actions of which you claim to be victims.  And I will note that Plaintiff is entitled to have her claims, which are most fundamentally based on violation of her US 4th Amendment rights, heard in federal court. I do think otherwise, if the case goes forward in state court, which we will challenge,  the entire San Mateo County bench may need to be recused based on the statutory scheme that has the court itself appointing Denardi to her position. I also will move to stay the state court action pending resolution of the federal action, at least if the federal court is willing to utilize its supplemental jurisdiction. If the federal court refuses to hear the supplemental claims, Plaintiff will likely solely proceed in state court, but that has not been determined for sure yet and all rights and remedies are preserved.

Please notify me of your response to this offer by noon tomorrow.

Dan Berko

1

**Daniel Berko**

| | |
|---|---|
| **From:** | Daniel Berko [Berkolaw@abcglobal.net] |
| **Sent:** | Wednesday, September 17, 2008 4:38 PM |
| **To:** | 'Peter J. Van Zandt'; 'Brian S. Whittemore'; 'Kevin Smith'; 'Charles Custer'; 'Jewel Basse' |
| **Cc:** | 'Carlos Jato'; 'Tammy Doukas' |
| **Subject:** | DOUKAS V. DENARDI, HADDAD ET AL., |

September 16, 2008

Plaintiff Tammy Doukas  again offers as follows:

1. To dismiss the state case without prejudice if the federal court exercises supplemental jurisdiction over the state claims and for any discovery obtained in the state case to be deemed obtained in the federal case and all costs incurred there to be collected by the prevailing party in the federal case.

2. As to Haddad,  Haddad agrees that the SOL for the negligence cause of action is tolled as of the date of the filing of the state complaint.  I continue to believe that Dr. Haddad is very shortsighted in refusing this offer as if this case goes to trial and she is found liable only for intentional conduct she will likely not be insured for the damages.  I again ask her counsel to make certain she knows the implications of forcing the case against her to proceed solely on the basis of intentional torts or statutory claims.  And communicate this offer to her.  We also would probably agree to dismiss Haddad, Spike, and the hospital, without prejudice, from all claims in the state case except the negligence claim.

3. We will dismiss all claims against the County except CC 51.2, 42 USC 1983, and claims for injunctive and declaratory relief.  The last two, of course, are timely and can be brought as a separate action at any time since they relate to ongoing conduct.  The County would agree that whether the 51.2 claim is timely would depend on whether it was timely as if amended in at this point in the state case.

My recollection is that this offer, in various forms, has been made several times to your clients.   I will likely include the prior offers as well as this one in a declaration I will file with the court as part of the  OSC Reply. For now, I wanted to be certain that there is an offer on the table that allows you to avoid the multiplicity of actions of which you claim to be victims.  And I will note that Plaintiff is entitled to have her claims, which are most fundamentally based on violation of her US 4th Amendment rights, heard in federal court.  I do think otherwise, if the case goes forward in state court, which we will challenge,  the entire San Mateo County bench may need to be recused based on the statutory scheme that has the court itself appointing Denardi to her position.  I also will move to stay the state court action pending resolution of the federal action, at least if the federal court is willing to utilize its supplemental jurisdiction. If the federal court refuses to hear the supplemental claims, Plaintiff will likely solely proceed in state court, but that has not been determined for sure yet and all rights and remedies are preserved.

Please notify me of your response to this offer by noon tomorrow.

Dan Berko

1