IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TAMARA DOUKAS,

    Plaintiff,

  v.

COUNTY OF SAN MATEO, PENINSULA HUMANE SOCIETY, DEBI DENARDI, KIM HADDAD, KKH INC., SPIKE REAL ESTATE, et al.,

    Defendants.
                                  /

No. C 08-2336 SI

**ORDER DENYING DEFENDANTS' REQUEST TO DISMISS; and ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE STAYED**

On October 2, 2008, the Court heard arguments on the question whether the complaint in this action alleges facts which can give rise to federal jurisdiction. Having considered the arguments of the parties and the papers submitted, the Court has determined that jurisdiction has been sufficiently alleged that defendants' requests to dismiss the action must be denied. However, the parties are ORDERED TO SHOW CAUSE why this case should not be stayed until the resolution of the related case that is pending in State court. Pending resolution of the stay issue, the Case Management Conference currently scheduled for October 10, 2008 is VACATED.

On August 2, 2006, Tamara Doukas brought her thirteen-year-old dog, Kodiak, to San Mateo Animal Hospital, a private institution. A veterinarian (Dr. Ulla) examined the dog and sought a second opinion from the Dr. Kim Haddad, the owner of the hospital. Both veterinarians determined the dog was in poor health and recommended immediate euthanasia to Doukas. Doukas refused the recommendation and stated that she wished to take her dog away so that she could seek a second opinion. Employees at the San Mateo Animal Hospital contacted Debi Denardi, an animal control

officer with the Peninsula Humane Society. Denardi examined Kodiak and determined that the dog's suffering was inhumane. Denardi then told Doukas that if the dog was not euthanized, it would be seized and brought back to the Peninsula Humane Society for potential euthanasia. (The County of San Mateo has contracted out its animal control duties to the Peninsula Humane Society, a private non-profit organization.) It is disputed whether Doukas finally consented to euthanasia. Haddad euthanized Kodiak at the San Mateo Animal Hospital.

The current complaint, filed in May 0f 2008, alleges state claims for intentional infliction of emotional distress, conversion and false imprisonment, and federal claims for violation of 42 U.S.C. § 1983. It parallels an earlier-filed state action brought against the same defendants, based on the same actions with respect to plaintiff's dog. The state action is currently set for trial in March, 2009.

This court requested briefing on the question of federal jurisdiction. In order for a federal court to have jurisdiction over a claim arising under 42 U.S.C. § 1983, two essential elements must be alleged: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988). A private individual does not act under color of state law, an essential element of a § 1983 action. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Defendants Haddad, KKH, Inc., and Spike Real Estate are private parties, not state actors. However, plaintiff has included colorable allegations that Haddad was a joint participant with Denardi, and that Denardi, as an animal control officer with the Peninsula Humane Society, acted under color of state law. Plaintiff alleges that the seizure of her dog constituted a violation of the Fourth Amendment. Thus, as a matter of pleading, the Court cannot find that plaintiff has not stated a federal claim.

However, the Court is concerned that many, perhaps all, of the factual disputes raised in this case are also at issue in the San Mateo County Superior Court proceeding that plaintiff filed long before she filed this action. The San Mateo case is set for trial in March of 2009. It is the Court's preliminary view that judicial efficiency weighs in favor of staying the federal proceeding so that the state case may resolve any of the common issues. Accordingly, the Court **ORDERS THE PARTIES TO SHOW CAUSE, in writing to be filed no later than October 24, 2008, why this case should not be stayed until the state case is resolved.**

2

Pending resolution of the question of a stay, the Case Management Conference currently scheduled for Friday, October 10, 2008 is VACATED. It will be re-scheduled when/if necessary.

**IT IS SO ORDERED.**

Dated: October 9, 2008

SUSAN ILLSTON
United States District Judge