Peter J. Van Zandt – SBN 152321
Brian S. Whittemore – SBN 241631
BLEDSOE, CATHCART, DIESTEL, PEDERSEN & TREPPA, LLP
601 California Street, 16th Floor
San Francisco, CA 94108
Telephone:  (415) 981-5411
Facsimile:  (415) 981-0352

Attorneys for Defendants KIM HADDAD, KKH INC., SPIKE REAL ESTATE
(erroneously sued herein as SPIKE REAL STATE)

# THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### DIVISION OF SAN FRANCISCO

| | |
|---|---|
| TAMARA DOUKAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN MATEO, a public entity, PENINSULA HUMANE SOCIETY, a private non-profit organization, DEBI DENARDI, an individual, KIM HADDAD, an individual, KKH INC., a private entity, SPIKE REAL STATE, a private entity, and DOES 1 through 50, inclusive,<br><br>Defendants. | No.  CV-02336-SI<br><br>**DEFENDANT KIM HADDAD, KKH, INC. AND SPIKE REAL ESTATE'S RESPONSE TO ORDER TO SHOW CAUSE WHY FEDERAL CASE SHOULD NOT BE STAYED PENDING RESOLUTION OF STATE COURT CASE**<br><br>Complaint Filed:  May 6, 2008 |

## I.   INTRODUCTION

Defendants KIM HADDAD, KKH, INC. and SPIKE REAL ESTATE (hereinafter "Haddad") respectfully submit, by and through their attorneys of record, their response to the court's Order to Show Cause why the federal case should not be stayed pending resolution of the parallel state court case. Haddad agrees with the court's stated preliminary view that judicial efficiency weighs in favor of staying the federal proceeding so that the state case may resolve the common issues.  Moreover, Haddad argues a stay under the facts of this case is supported by the weight of the authority addressing this very issue.

1

1

## II.   LEGAL ANALYSIS

2    In *Colorado River Water Conservation Dist. v. United States*, (1976) 424 U.S. 800, the

3    United States Supreme Court examined the circumstances in which a federal court could properly

4    stay proceedings in deference to pending state court proceedings.  There, the court indicated that

5    the doctrine rested on considerations of "wise judicial administration, giving regard to

6    conservation of judicial resources and comprehensive disposition of litigation.  (*Id.* at 817).  In

7    addition, the court identified four factors to determine whether staying the proceedings was

8    appropriate: (1) whether the court has assumed jurisdiction over a *res*; (2) the relative

9    convenience of the forums; (3) the desirability of avoiding piecemeal litigation; and (4) the order

10   in which the forums obtained jurisdiction.  The Supreme Court later identified two additional

11   factors for consideration:  (5) whether state or federal law controls and (6) whether the state

12   proceeding is adequate to protect the parties' rights.  (*Moses H. Cone Memorial Hosp. v.*

13   *Mercury Constr. Corp.,* (1983) 460 U.S. 1, 25-26)  While Haddad concedes factors (1) and (2)

14   are inapplicable in this case, the Ninth Circuit has held "[t]hese factors are to be applied in a

15   pragmatic and flexible way, as part of a balancing process rather than as a 'mechanical

16   checklist.'"  (*American Int'l Underwriters, (Phillipines), Inc. v. Continental Ins. Co.* (9th Cir.

17   1988) 843 F.2d 1253).  A majority of the relevant factors support a stay in this case.

18   **A.    Balancing the *Colorado River* Factors Supports the Court's Preliminary View Favoring a Stay Pending Resolution of the State Case.**

19

20   Balancing the relevant *Colorado River* factors weighs in favor of the court's view that a

21   stay is appropriate considering the maturity of the state case which has been pending and has

22   been actively litigated for more than 20 months and is nearing trial.

23   **1.    A stay would serve to avoid piecemeal litigation and conserve judicial**

24   **resources**

25   Piecemeal litigation occurs when different tribunals consider the same issue, thereby

26   duplicating efforts and possibly reaching different results.  Exercising federal jurisdiction in this

27   case would not only require duplication of time and effort on the part of the litigants and the

28   Court, but would also create the possibility of inconsistent results which is a situation all agree is

2

1    to be avoided.  As was brought to the Court's attention during the Initial Case Management

2    Conference, the parallel state court case now has a trial date of March 30, 2009 in the San Mateo

3    Superior Court.  In preparation for that trial, the parties have already engaged in substantial

4    discovery and law and motion in order to ascertain plaintiff's claims.  Further depositions

5    relating to plaintiff's medical treatment, representatives of the County and Defendant Denardi are

6    imminent.  In short, defendants have been forced to defend this case in state court since plaintiff

7    filed her initial complaint in February of 2007 expending time and resources toward resolving the

8    case.  Now, on the eve of trial, plaintiff seeks to begin anew in federal court.  In view of the fact

9    that all but one of plaintiff's claims are controlled by state law, judicial efficiency weighs in favor

10    of resolving those claims at the state level.

11            **2.**       **Plaintiff originally filed her complaint in state court**

12          An additional *Colorado River* factor, the order in which the forums obtained jurisdiction,

13    was briefly addressed above.  It is true that this factor must be applied in a pragmatic, flexible

14    manner, so that priority is not measured exclusively in terms of which complaint was filed first,

15    but rather in terms of how much progress was actually made in the state and federal actions.

16    (*American Int'l Underwriters, (Phillipines), Inc,* supra, at 1258)  Here, plaintiff originally filed

17    her case in state court and plaintiff has now filed five amended complaints.  In response, the

18    County of San Mateo and Peninsula Humane Society have thus far demurred to four successive

19    complaints and Haddad anticipates a further demurrer and motion to strike in response to

20    plaintiff's Fifth Amended Complaint.  Thus, not only did the state court obtain jurisdiction over a

21    year before the federal court, it has already spent vast amounts of time and resources litigating

22    successive complaints and defendants' responses thereto.  In contrast, the federal action is in its

23    initial stage with Plaintiff showing no apparent interest in following federal procedure and local

24    rules.  Here, plaintiff should be bound by her initial jurisdictional choice given the substantial

25    progress that has occurred in the state court litigation.

26            **3.**       **State law controls all but one of plaintiff's claims and the remedies are**

27                   **substantially the same in both jurisdictions**

28          Plaintiff's federal complaint parallels her earlier state court action in all but one claim, the

RESPONSE TO OSC REGARDING STAY OF FEDERAL CASE PENDING RESOLUTION OF STATE CASE

1   42 U.S.C. § 1983 claim. As state law controls in all of plaintiff's remaining claims, the

2   substantial resources spent weigh in favor in resolving those state claims in the state action. The

3   court should deter this "spin-off" federal suit, in light of the proximity to trial in the state case.

4          **4.      The State Court action is adequate to protect plaintiff's rights**

5          Plaintiff has not suggested any reason why the state court cannot adequately protect her

6   rights. It is anticipated that plaintiff will seek injunctive relieve pursuant to the 42 U.S.C. § 1983

7   claim and may assert this as a reason why a stay is improper. However, since this is a separate

8   and distinct claim apart from the state court case, a final determination by the state court as to the

9   remaining claims will not bar via *res judicata* plaintiff's sole federal claim. Furthermore,

10  plaintiff has an injunctive remedy pursuant to her California Civil Code 52. Thus, the state court

11  and its available remedies are adequate to protect plaintiff's rights.

12         In an effort to forestall a stay, plaintiff may also argue that the claims are somehow not

13  parallel in the state court action because of the additional 42 U.S.C § 1983 claim in the federal

14  case. However, even if exact parallelism does not exist, it is not required. It is enough if the two

15  proceedings are "substantially similar." (*Nakash v. Marciano* (1989) 882 F.2d 1411, 1416) Here,

16  it is clear that the state and federal cases are substantially similar. The claims, causes of action

17  and available remedies are the same in each jurisdiction.

18         **4.      The state court claims should be resolved at the state level so as to
           discourage forum shopping**
19

20         Although this factor was not discussed in *Colorado River*, it is appropriate to consider in

21  this case given the substantial litigation that has already occurred at the state level. Plaintiff saw

22  fit to litigate the case at the state level for over a year before filing the federal claim. Simply

23  "liking" federal court, alone will not support jurisdiction. A litigant may not select a forum in the

24  same manner as they would a hotel.

25         **III.    CONCLUSION**

26         In sum, a careful balancing of the *Colorado River* factors support the court's preliminary

27  view that a stay pending resolution of the state court case is justified in this case. In

28  consideration of the authority referenced above, Haddad respectfully requests the court issue an

1    order to stay pending resolution of the state case.

2    Dated:  October 24, 2008                              BLEDSOE, CATHCART, DIESTEL,
                                                           PEDERSEN & TREPPA, LLP

3

4
                                                           By
5                                                              Peter J. Van Zandt
                                                               Brian S. Whittemore
6                                                              Attorneys for Defendants
                                                               KIM HADDAD, KKH INC., SPIKE
7                                                              REAL STATE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE TO OSC REGARDING STAY OF FEDERAL CASE PENDING RESOLUTION OF STATE CASE