**Daniel Berko – SBN 94912**
**LAW OFFICE OF DANIEL BERKO**
**819 Eddy Street**
**San Francisco, CA 94109**

**Telephone: (415) 771-6174**
**Facsimile:  (415) 474-3748**

**Attorney for Plaintiff TAMARA DOUKAS**

# THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISCTRICT OF CALIFORNIA

## DIVISION OF SAN FRANCISCO

| | |
|---|---|
| TAMARA DOUKAS, an individual,<br><br>                     Plaintiff,<br><br>         v.<br><br>COUNTY OF SAN MATEO, a public entity, PENINSULA HUMANE SOCIETY, a private non-profit organization, DEBI DENARDI, an individual, KIM HADDAD, an individual, KKH INC, a private entity, SPIKE REAL STATE, a private entity, and DOES 1 through 50, inclusive,<br><br>                     Defendants. | CV 08 2336 SI<br><br>**PLAINTIFF'S BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE STAYED**<br><br>**Hearing Judge: Hon. Susan Illston**<br><br>**JURY TRIAL DEMANDED BY PLAINTIFF** |

**PLAINTIFF'S BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE STAYED**

# TABLE OF CONTENTS

PLAINTIFF REITERATES HER OBJECTION TO THE COURT BASING ANY RULING ON ANYTHING OTHER THAN ADMISSIBLE EVIDENCE .............................................................. 1

THE COURT HAS NO DISCRETION TO STAY THIS CASE AND SHOULD IMMEDIATELY MOVE FORWARD TO ALLOW THE CASE TO BE TRIED ........................................................ 2

THE FIFTH FACTOR MANDATES THE DENIAL OF A *COLORADO RIVER* STAY ............ 4

THE OTHER LISTED *COLORADO RIVER* FACTORS DO NOT SUPPORT ABSTENTION IN ANY EVENT ................................................................................................................................ 6

    Factor (1) ................................................................................................................................. 6

    Factor (2) ................................................................................................................................. 6

    Factor (3) ................................................................................................................................. 6

    Factor (4) ................................................................................................................................. 7

    Factor (5) ................................................................................................................................. 7

    Factor (6) ................................................................................................................................. 8

    Factor (7) ................................................................................................................................. 9

CONCLUSION ................................................................................................................................. 10

# TABLE OF AUTHORITIES:

**Cases**

*Arizona v. San Carlos Apache Tribe of Arizona* (1983) 463 U.S. 545, 103 S.Ct. 3201 .................... 4

*Bowsher v. Synar* (1986) 478 U.S. 714, 106 S.Ct. 3181, 3187, 92 L.Ed.2d 583, 594 ...................... 9

*Cohens v. Virginia*, 6 Wheat. (19 U.S.) 264, 404, 5 L.Ed. 257 (1821). ............................................ 2

*Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) ................................................................................................................ passim

*Forehand v. First Alabama Bank of Dothan* 727 F.2d 1033, 1035 (11th Cir. 1984)........................ 5

*Holder v Holder* 305 F.3d 854, 867 (9th Cir. 2002). ........................................................................ 6

*Hunter v. United Van Lines* (9th Cir. 1984) 746 F2d 635, 639........................................................ 10

*Intel Corp. v. Advanced Micro Devices, Inc*. 12 F.3d 908, 913 f.n.7 (9th Cir. 1993)........................ 4

*Kentucky West Virginia Gas Co. v. Pennsylvania Public Utility Comm'n*, 791 F.2d 1111, 1118 (3d Cir.1986) ............................................................................................................................... 6

*Martinez v. Newport Beach City* 125 F.3d 777, 781-782.................................................................. 5

*Miofsky*, 703 F.2d at 338 ................................................................................................................... 5

*Mobil Oil Corp. v. City of Long Beach*, 772 F.2d 534, 540 (9th Cir.1985) ...................................... 3

*Morrison v. Olson* 487 U.S. 654, 108 S.Ct. 2597 (1988).................................................................. 9

*Moses H. Cone,* supra. at p. 16, 103 S.Ct. 927...................................................................... 4, 9, 10

*Quackenbush v. Allstate Ins. Co*. (1996) 517 U.S. 706, 729  116 S.Ct. 1712................................... 4

*Ryan v. Johnson* 115 F.3d 193, 198 (C.A.3, 1997) .......................................................................... 6

*San Francisco County Democratic Cent. Committee v. Eu*, 826 F.2d 814, 825 n. 19 (9th Cir.1987) ....................................................................................................................................................... 5

*Signad, Inc. v. City of Sugar Land*, 753 F.2d 1338, 1340 (5th Cir.1985) ......................................... 5

*Smith v. Cent.Ariz. Water Conserv. Dist*., 418 F.3d 1028, 1033 (9th Cir.2005).............................. 3

*Southland Corp. v. Keating* (1984) 465 U.S. 1, 12, 104 S.Ct. 852 ................................................... 4

*Tovar v. Billmeyer*, 609 F.2d 1291, 1293 (9th Cir.1979)................................................................. 5

*Travelers Indem. Co. v. Madonna* 914 F.2d 1364, at 1369 (9th Cir. 1990)................................. 3, 4

*Washington Street Corp. v. Lusardi* 976 F.2d. 587, 589 (9th Cir. 1992) ......................................... 4


**Statutes**

42 U.S.C. § 1983 ................................................................................................................ 1, 4, 5, 7

California Penal Code §597 .............................................................................................................. 1

Civil Code § 52.1 ............................................................................................................................... 5

Corporations Code 14502............................................................................................................. 7, 8

**PLAINTIFF REITERATES HER OBJECTION TO THE COURT BASING ANY RULING ON ANYTHING OTHER THAN ADMISSIBLE EVIDENCE**

Plaintiff already expressly objected to this court making any ruling based on argument, innuendo, and supposition.  Nevertheless, the court ignored Plaintiff's objection and made a "finding" or at least put into the record a statement with the imprimatur of the court that "Denardi then told Doukas that if the dog was not euthanized, it would be seized and brought back to the Peninsula Humane Society for potential euthanasia." (Order … to Show Cause Why This Case Should Not be Stayed" p.2:1-3)  There is no admissible evidence or indeed any evidence that supports the Court's statement.  While at some point, a trier of fact may hear testimony supporting the court's statement, for the court to arrive at the conclusion without evidence is an abuse of the court's discretion.  The court will never hear true evidence that Denardi said the dog would be brought to PHS for "potential euthanization."  The court will never hear believable evidence that "Denardi said the dog would be brought to PHS for "potential euthanization." But if the court is going to reach conclusions and support orders it makes without any supporting evidence, Plaintiff fears that she will not receive a fair trial in this court.[1]

The court's statement appears to be based on the following statement from Denardi, the County's and PHS's brief:

> Officer Denardi indicated she had no choice but to seize the dog under California Penal Code §597 and then transport him to the Peninsula Humane Society where he would be further examined by a staff veterinarian who would then determine if Kodiak should be humanely euthanized outside of Plaintiff's presence.
> [Defendants' Brief In Response To Plaintiff's "Show Cause" Opening Brief Re: Jurisdiction (p3:10-13)]

This statement is pure argument.  Denardi's attorneys (we refer only to counsel for Denardi) also filed a brief claiming to this court that the state complaint had a *§*1983 cause of action, then repeated that statement in court even after it was pointed out to them in writing that the statement was flatly wrong, and then refused to correct the misstatement when requested to do

---

[1] The complaint (p. 3, par. 10, lines 1-2)  alleges that Denardi said "this dog is not leaving this building alive". (See also p.4, par. 18, lines 20-25). Plaintiff is dismayed and baffled as to why the court simply adopts Defendants' version.

1  so forcing Plaintiff to write this court to correct the letter a second time. . They also filed a brief
2  arguing this court has no jurisdiction over this case- a claim that the court easily dismissed, as it
3  had to, once the court reviewed the Ninth Circuit binding precedent on the subject.

4  Plaintiff respectfully requests that the court strike its statement that "[d]enardi then told
5  Doukas that if the dog was not euthanized, it would be seized and brought back to the Peninsula
6  Humane Society for potential euthanasia" from the record or, at least, expressly state that the
7  statement shall have no effect whatever on this case.

**THE COURT HAS NO DISCRETION TO STAY THIS CASE AND SHOULD IMMEDIATELY MOVE FORWARD TO ALLOW THE CASE TO BE TRIED**

With whatever doubts, with whatever difficulties, a case may be attended, we must decide it, if it is brought before us. We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the constitution. Questions may occur, which we would gladly avoid; but we cannot avoid them. All we can do is, to exercise our best judgment, and conscientiously to perform our duty. *Cohens v. Virginia*, 6 Wheat. (19 U.S.) 264, 404, 5 L.Ed. 257 (1821).

The court's Order does not state any case law or statutory authority in particular that the court believes may apply.  After review of the various abstention doctrines that could apply, Plaintiff will address only what is called *Colorado River* abstention[2] (even though not technically an "abstention" doctrine, but it is often referred to as such and will be here), because none of the other doctrines Plaintiff is aware of appear to have any application. Moreover, *Colorado River* abstention seems to be exactly the abstention doctrine the court does have in mind, because it is generally referred to as an abstention doctrine based on "considerations of wise judicial administration".

The reason why this section of the brief boldly states that "the court has no discretion" to issue a stay based on *Colorado River* is because that doctrine itself states that a court has very

---
[2] *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)

**PLAINTIFF'S BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE STAYED**
- 2 -

limited discretion to issue a stay based on the *Colorado River* doctrine and no stay can be issued unless the court correctly finds the prerequisites for a *Colorado River* stay to be issued. The abuse of discretion standard used in cases staying an action under *Colorado River* grants noticeably less deference "than the flexible abuse of discretion standard used in other areas of law." *Intel*, 12 F.3d at 912. "When a stay for reasons of 'wise judicial administration' [under *Colorado* River ] is contemplated, 'discretion must be exercised within the narrow and specific limits prescribed by the particular abstention doctrine involved.... [T]here is little or no discretion to abstain in a case which does not meet traditional abstention requirements.' " Id. (quoting *Mobil Oil Corp. v. City of Long Beach*, 772 F.2d 534, 540 (9th Cir.1985))

      The premise or starting point of this discussion is that the circumstances justifying application of the *Colorado River* doctrine are "exceedingly rare." *Smith v. Cent.Ariz. Water Conserv. Dist.*, 418 F.3d 1028, 1033 (9th Cir.2005)[3]. Any doubt as to whether a factor exists should be resolved against a stay, not in favor of one." *Travelers Indem. Co.v.Madonna* , 914 F.2d 1364, at 1369 (9th Cir. 1990).

      *Colorado River* and subsequent cases analyzing the doctrine lay out the following factors, that, although not exclusive, are relevant to whether it is appropriate to stay proceedings:

      (1) whether the state court first assumed jurisdiction over property;

      (2) inconvenience of the federal forum;

      (3) the desirability of avoiding piecemeal litigation;

      (4) the order in which jurisdiction was obtained by the concurrent forums;

      (5) whether federal law or state law provides the rule of decision on the merits;

      (6) whether the state court proceedings are inadequate to protect the federal litigant's rights, and;

      (7) whether exercising jurisdiction would promote forum shopping.

---

[3] This *Colorado River* authority to abstain is distinct from *Pullman, Younger, or Burford* abstention, and the circumstances in which it is appropriate are considerably more limited. *Tovar*, 609 F.2d at 1293 (citing *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246-1247).

*See Moses H. Cone*, 460 U.S. at 15-16, 23, 26, 103 S.Ct. 927; *Travelers Indem Co. v. Madonna.,* 914 F.2d at 1367-68; see also *Colorado River*, 424 U.S. at 818-19, 96 S.Ct. 1236. The factors relevant to a given case are subjected to a flexible balancing test, in which one factor may be accorded substantially more weight than another depending on "the circumstances of the case, and 'with the balance heavily weighted in favor of the exercise of jurisdiction.' " *Moses H. Cone,* supra. at  p. 16, 103 S.Ct. 927; accord *Travelers* Indem., 914 F.2d at 1368

 This case does not come within a country mile of being one of those 'exceedingly rare" cases.

**THE FIFTH FACTOR MANDATES THE DENIAL OF A COLORADO RIVER STAY**

Plaintiff will address all listed *Colorado River* factors.  But she believes that the powerful presence of the fifth factor means the other factors necessarily cannot support the stay regardless of facts supporting them. The Ninth Circuit has noted that one factor may be so dispositive as to make resort to other factors superfluous.  40235 *Washington Street Corp. v. Lusardi* 976 F.2d. 587, 589 (9th Cir. 1992) See also *Intel Corp. v. Advanced Micro Devices, Inc*. 12 F.3d 908, 913 f.n.7 (9th Cir. 1993).

The most fundamental issue in this case is whether Plaintiff's Fourth Amendment rights were violated.  This factor weighs heavily in favor of the court asserting jurisdiction.  Moreover, she seeks vindication of her fundamental federal constitutional rights in a §1983 action. Plaintiff believes this factor alone is dispositive and mandates that this court provide her with a federal forum for her claims.

"As the Supreme Court [first] stated in *Moses H. Cone*, 'the presence of federal law issues must always be a major consideration weighing against surrender." *Moses*, supra, 460 U.S. at 26, 103 S.Ct. at 942." *Intel Corp v. Advanced Micro Devices*, *supra*, at 913 The Supreme Court itself has repeated this rule in related contexts on three occasions in addition to *Moses*. *Quackenbush v. Allstate Ins. Co.* (1996) 517 U.S. 706, 729  116 S.Ct. 1712 (unanimous court); *Southland Corp. v. Keating* (1984) 465 U.S. 1, 12, 104 S.Ct. 852;  *Arizona v. San Carlos Apache Tribe of Arizona* (1983) 463 U.S. 545, 103 S.Ct. 3201.

**PLAINTIFF'S BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE STAYED**
- 4 -

1      In fact, in the specific context of a §1983 action, several times courts have stated that
2 Colorado River abstention is particularly inappropriate.  The Eleventh Circuit has stated,
3 "[c]ongress has deliberately afforded the §1983 plaintiff an alternative federal forum. It is not for
4 the courts to withdraw that jurisdiction which Congress has expressly granted under §1983 where
5 such a withdrawal is contrary to the purpose of Congress in extending that alternative forum."
6 *Forehand v. First Alabama Bank of Dothan* 727 F.2d 1033, 1035 (11th Cir. 1984)
7      More importantly, the Ninth Circuit noted in *Martinez v. Newport Beach City* 125 F.3d
8 777, 781-782  (9th Cir. 1997)  (overruled on other grounds) that:
9      "This circuit has repeatedly found that the "unflagging obligation of the federal courts to
10 exercise the jurisdiction given to them ... is particularly weighty when those seeking a hearing in
11 federal court are asserting ...  their right to relief under 42 U.S.C. § 1983." *Miofsky*, 703 F.2d at
12 338, citing *Tovar v. Billmeyer*, 609 F.2d 1291, 1293 (9th Cir.1979). See also *San Francisco*
13 *County Democratic Cent. Committee v. Eu*, 826 F.2d 814, 825 n. 19 (9th Cir.1987), aff'd, 489 U.S.
14 214, 109 S.Ct. 1013, 103 L.Ed.2d 271 (1989) (district court's obligation to exercise jurisdiction
15 and to abstain only in exceptional circumstances is particularly weighty in an action under §1983).
16 "Under such circumstances conflicting results, piecemeal litigation, and some duplication of
17 judicial effort is the unavoidable price of preserving access to the federal relief which §1983
18 assures." *Tovar v. Billmeyer*, 609 F.2d 1291, 1293 (9th Cir.1979), cited with approval in *Signad,*
19 *Inc. v. City of Sugar Land*, 753 F.2d 1338, 1340 (5th Cir.1985).
20      Significant policy interests, as well as clear circuit precedent, weigh against abstention
21 from federal jurisdiction where the pending state and federal proceedings are § 1983 causes of
22 action. *Martinez, supra*, at p. 785. This rule applies a fortiori when there is a federal case with a
23 §1983 claim, but the state case does not have such a cause of action.
24           The court need not, and should not, consider any other factors when this factor
25 weighs so heavily against a stay. Assuming, in arguendo, that other factors favor abstention, none
26 are weighty enough to deprive Plaintiff of a fair federal forum.
27           Plaintiff respectfully requests that the court take jurisdiction over at least the §1983
28 claim and the Civil Code § 52.1 claim both of which are directly based on the exact same facts, a

violation of Plaintiff's Fourth Amendment rights under the US constitution and parallel guarantees in the California constitution.

**THE OTHER LISTED COLORADO RIVER FACTORS DO NOT SUPPORT ABSTENTION IN ANY EVENT**

*Factor (1)* - whether the state court first assumed jurisdiction over property- is not applicable because this is a suit for damages and injunctive relief.

*Factor (2)* - the inconvenience of the federal forum is not applicable because the difference in location between San Mateo Superior Court and this court is negligible.

*Factor (3)* - the desirability of avoiding piecemeal litigation superficially supports a stay. But when case law is considered, which explains what is meant by "the desirability of avoiding piecemeal litigation" the superficial support is greatly reduced, if not entirely eliminated. It is evident that the "avoidance of piecemeal litigation" factor is met, as it was in Colorado River itself, only when there is evidence of a strong federal policy that all claims should be tried in the state courts. See *Kentucky West Virginia Gas Co. v. Pennsylvania Public Utility Comm'n*, 791 F.2d 1111, 1118 (3d Cir.1986) *Ryan v. Johnson* 115 F.3d 193, 198 (C.A.3, 1997). Obviously, no such policy exists here. Generally " as between state and federal courts [with concurrent jurisdiction], the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction[,]" The *Colorado River* doctrine is a narrow exception to "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817, 96 S.Ct. 1236 (internal citation and quotation marks omitted); *Holder v Holder* 305 F.3d 854, 867 (9th Cir. 2002).

Moreover, the state court litigation is less advanced than first appears. Unlike this case, it is not at issue. Defendants (we refer only to Denardi, the County and PHS) frivolously and in bad faith refused to stipulate to the filing of an amended complaint which forced Plaintiff to make a formal motion to amend the complaint. (See Declaration Berko at p. p.1, par. 2). Defendants thus stalled the case by refusing to stipulate to the amended pleading, and then simply filed no opposition to the motion to amend. *id.* The motion was only heard on October 7, 2008. Service of

1  the Amended Complaint was made thereafter, and Defendants have until November 18, 2008 to
2  demurrer, move to strike or answer. If "lead counsel" for Denardi, PHS and the County is to be
3  believed, those defendants believe that the new pleading has substantial problems so they may
4  well demurrer to the amended pleading. (See Berko dec. p.1, par. 2). While this case is at issue,
5  and all defendants have filed answers, the state court action could be months away from being at
6  issue, and likely is at least 45 days from being at issue. (*id*)

7  Moreover, Plaintiff intends in the next few days to file a motion to disqualify the San
8  Mateo County Superior Court bench from hearing this case at all. If that motion is successful, the
9  case may be moved from San Mateo and it will likely, even if it remains in San Mateo, take some
10  time for a different judge from a different county to be appointed by the Chairman of the
11  [California] Judicial Council. While Plaintiff has no lack of respect for the judges of the San
12  Mateo County Superior Court, many of whom are no doubt excellent and experienced jurists,
13  Defendant Denardi is an appointee of the San Mateo Superior Court (See Corp. Code §14502 and
14  exhibit "A" to Jato's Declaration in Support of Plaintiff Opening Brief Re Jurisdiction). Plaintiff
15  alleges that Denardi should not have been hired and was improperly vetted. (See Complaint p. 3,
16  par. 12-13, lines 7-16). Thus, she effectively alleges wrongdoing by the San Mateo Superior
17  court. (No claim whatever is made of intentional wrongdoing or unethical conduct.) The claim as
18  it affects the court is that the court, which was duty bound by statute to review Denardi and PHS's
19  joint application that Denardi be hired as an animal control officer, failed in its duty to make sure
20  she was thoroughly investigated and had the character appropriate for the position. This court
21  cannot be assured that the state court is an adequate forum for these claims. Thus, this factor alone,
22  far from supporting a stay, upon analysis and especially considering the fact this is a §1983 action
23  against the County prevents a stay under *Colorado River*.

24  *Factor (4)* - the order in which jurisdiction was obtained by the concurrent forums-favors a
25  stay, although it appears to be the least weighty of all the factors. Presumably it is an issue of
26  comity, but that is a weak reed when measured on the scale against fundamental constitutional
27  rights.

28

1  *Factor (5)* - is discussed above, and mandates this court's prompt assumption of
2  jurisdiction and prevents a stay based on *Colorado River*.
3  *Factor (6)* - is whether the state court proceedings are inadequate to protect the federal
4  litigant's rights.  This factor does not support a stay because the state court proceedings are
5  inadequate to the task.
6  Although Plaintiff believes the California court system is equal or superior to any in the
7  United States, including the federal system, this case presents a rare example of California's
8  judicial system being unable to assure an adequate forum to protect Plaintiff's federal
9  constitutional rights.
10  First, the defendants are the county itself, and PHS, which is a beneficiary of a strong
11  presumption of having been acting in the public interest and is a major public interest organization
12  of the County.
13  But the real problem is that Denardi is appointed pursuant to a bizarre statutory scheme by
14  which the San Mateo County judiciary appoints Denardi, essentially a police officer with a more
15  limited scope of enforcement duties than a true peace officer, to her position and the judiciary is
16  only governmental body that can fire her. *Corporations Code* 14502(g)(2).  Denardi is effectively
17  nominated for her position by PHS, but can be hired in the first place only after "the judge shall
18  review the matter of the appointee's qualifications and fitness to act as a humane officer and, if he
19  or she reaffirms the appointment, shall so state on a court order confirming the appointment."
20  [*Corporations Code* 14502(d)]. Without meaning any disrespect to the California courts, those
21  courts cannot with integrity appoint Denardi and then be the judge of whether the appointment
22  should have been made in the first place. (Whether she should have been hired is an issue in this
23  case. (See Complaint, p. 3, par. 12-13, lines 7-16).  It is a truism older than the old testament that
24  one cannot be a fair judge of oneself.  In addition, the scheme by which Denardi is appointed and
25  holds her executive branch position – even though no executive branch official hires her or even
26  participates in the decision to hire her- violates the separation of powers of the California
27  constitution. Assuming *arguendo* that separation of powers provisions of the United States
28  constitution do not apply to the State of California, the intermixing of governmental powers

1 authorized by California regarding Denardi and PHS violates Doukas's due process rights to a fair
2 trial before an impartial fact finder under the United States constitution.  The Framers of the
3 Federal Constitution viewed the principle of separation of powers as the absolutely central
4 guarantee of a just Government.  "The Constitution does not contemplate an active role for
5 Congress in the supervision of officers charged with the execution of the laws it enacts." *Bowsher*
6 *v. Synar* (1986) 478 U.S. 714, 106 S.Ct. 3181, 3187, 92 L.Ed.2d 583, 594. What is true for
7 Congress is true of the judiciary as well.  At least as matters stand presently in the state courts, the
8 San Mateo Court will effectively be adjudicating whether the San Mateo Court itself acted
9 properly in appointing Denardi.  In *Morrison v. Olson* 487 U.S. 654, 108 S.Ct. 2597 (1988) the
10 United States Supreme Court upheld the constitutionality of the independent counsel  law even
11 though the independent counsel was appointed by a special division of the federal courts.
12 However,  a key to the decision was the fact the counsel was subject to removal by the executive
13 branch. (id  at p. 671.)  In addition, another notable factor, which contrasts sharply with this case,
14 is that judges had "special knowledge and expertise" regarding qualifications of a prosecutor, as
15 contrasted with e.g. "a statute authorizing the courts to appoint officials in the Department of
16 Agriculture or the Federal Energy Regulatory Commission." *supra* at p. 676, fn. 13. This case is
17 much more similar to an appointment of a Department of Agriculture official, which the Supreme
18 Court gave as an example of an inappropriate delegation to the courts, than that of a special
19 prosecutor l Moreover, under the independent counsel law, the judges that appointed the
20 independent counsel were  " ineligible to participate in any matters relating to an independent
21 counsel they have appointed…"  supra at p. 677.  Neither of those saving graces are present here.
22 The state forum, which permits participation not only in cases involving Denardi, but also in cases
23 such as this one where whether Denardi should have been hired is a focus of the proceeding, does
24 not pass muster under the separation of powers doctrine.
25       When a district court decides to dismiss or stay under *Colorado River*, it presumably
26 concludes that the parallel state-court litigation will be an adequate vehicle for the complete and
27 prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it
28

1  would be a serious abuse of discretion to grant the stay or dismissal at all. *Moses H. Cone*, 460
2  U.S. at 28, 103 S.Ct. 927 (citations omitted). Factor 6 weighs against abstention.
3      *Factor (7)* - whether exercising jurisdiction would promote forum shopping
4      Plaintiff makes no bones about the fact she is forum shopping. But the forum she is
5  shopping for is the best one to consider and ultimately vindicate her rights under the Fourth
6  Amendment. This is not "forum shopping" in the objectionable sense but in the constitutionally
7  authorized sense. Objectionable "forum shopping" involves an attempt to avoid rulings in the
8  other forum. The state court has made no rulings that matter and none which Plaintiff seeks to
9  avoid. Here, Plaintiff seeks the best forum available to vindicate her federal constitutional rights.
10 This court has the "unflagging obligation" to provide the forum she seeks. The principal purpose
11 of the grant of original federal question jurisdiction is to afford plaintiffs "a sympathetic and
12 knowledgeable forum for the vindication of their federal rights." [See *Hunter v. United Van Lines*
13 (9th Cir. 1984) 746 F2d 635, 639].

**CONCLUSION**

15     Federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given
16 them." Because of this obligation, a federal court may decline to hear cases under its jurisdiction "
17 'only in the exceptional circumstances where the order to the parties to repair to the State court
18 would clearly serve an important countervailing interest." *Moses H. Cone Memorial Hosp. v.*
19 *Mercury Const. Corp*. 460 U.S. 1, 103 S.Ct. 927 (1983). This case clearly has no countervailing
20 interest mandating Plaintiff losing her constitutional right to a federal forum to vindicate her
21 federal constitutional rights.
22 Dated: October 23, 2008

                                                      /S/
                                 DANIEL BERKO, Attorney for Plaintiff
                                 TAMARA DOUKAS