IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA DOUKAS, | No. C 08-02336 SI |
| Plaintiff, | **ORDER STAYING CASE** |
| v. | |
| COUNTY OF SAN MATEO, *et al.*, | |
| Defendants. | |

On October 9, 2008, this Court ordered the parties to show cause why this case should not be stayed until the parallel case in San Mateo Superior Court is resolved. [Docket No. 34]  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument. Having considered the papers submitted, and for good cause shown, the Court hereby STAYS this case until the parallel proceeding in San Mateo Superior Court is resolved.

**BACKGROUND**

On August 2, 2006, plaintiff brought her dog, Kodiak, to the San Mateo Animal Hospital, a private institution. Kodiak was subsequently euthanized in the presence of Debi Denardi, an animal control officer with the Peninsula Humane Society. Complaint, ¶¶ 4, 9. Plaintiff contends that her dog was killed without her permission and that its health condition did not warrant euthanasia. *Id.*, ¶¶ 7-9. Plaintiff filed her initial complaint in San Mateo Superior Court in February, 2007. The defendants in the state action are: the County of San Mateo, the Peninsula Humane Society, Debi Denardi, Kim Haddad, KKH Inc., Spike Real Estate, and Does 3-50.

1	The state court complaint has been revised a number of times. In her fifth amended state court complaint, filed on October 7, 2008, plaintiff alleges claims for (1) violation of Cal. Civ. Code § 52.1 (interference with the enjoyment of individual rights), (2) intentional infliction of emotional distress, (3) conversion, (4) false imprisonment, (5) negligent hiring, (6) professional negligence, and (7) injunctive relief. Decl. of Daniel Berko in Supp. of Pl. Reply Re: Jurisdiction ("Berko Decl."), at ex. B. Defendants have until November 19, 2008 to respond to plaintiff's fifth amended state court complaint. Decl. of Daniel Berko in Supp. of Pl. Resp. to Stay ("Berko Decl. II"), ¶ 2. According to defendants, trial of the state court action is set for March 30, 2009.

Plaintiff filed this action in federal court on May 6, 2008, more than a year after litigation in the state matter began. Her federal action is against the same defendants and arises from the same incident on August 2, 2006. Plaintiff's claims in this case arise are for (1) violation of Cal. Civ. Code § 52.1, (2) intentional infliction of emotional distress, (3) conversion, (4) false imprisonment, and (5) violation of 42 U.S.C. § 1983.

On October 9, 2008 this Court found plaintiff sufficiently alleged that Denardi acted under color of state law and that the seizure of plaintiff's dog constituted a violation of the Fourth Amendment. Accordingly, the Court held plaintiff had properly alleged a claim under 42 U.S.C. § 1983 and that the Court had federal subject-matter jurisdiction over this case. [Docket No. 34] Now before the Court are the parties' responses to the Court's order to show cause why this case should not be stayed until the state matter is resolved.

**LEGAL STANDARD**

With concurrent state cases involving the same matter as in federal district court, considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, may counsel granting a stay" of the federal proceeding. *Intel Corp. v. Advanced Micro Devices*, 12 F.3d 908, 912 (9th Cir. 1993) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). "Only exceptional circumstances justify such a stay, and whether these circumstances exist is determined by weighing a complex of factors." *Id.* (citing *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16 (1983)). The factors include: (1) the

2

1    desirability of avoiding piecemeal litigation, (2) the order in which jurisdiction was obtained by the
2    concurrent forums, (3) whether federal or state law controls the decision on the merits, and (4) whether
3    the state court can adequately protect the rights of the parties. *See Moses H Cone Hospital*, 460 U.S.
4    at 24, 27. In addition, the federal court may consider "whether exercising jurisdiction would promote
5    forum shopping." *Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002).

6    "When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes
7    that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution
8    of the issues between the parties. *If there is any substantial doubt as to this*, it would be a serious abuse
9    of discretion to grant the stay or dismissal at all." *Intel Corp.*, 12 F.3d at 913 (emphasis in original).

## DISCUSSION

13   Defendants argue that judicial efficiency weighs in favor of staying this case until the state
14   matter is resolved. Plaintiff filed her complaint in San Mateo Superior Court more than a year before
15   initiating the federal action. The two cases arise from the same incident at the San Mateo Animal
16   Hospital at August 2, 2006, and involve the same parties. Defendants stated at oral argument on
17   October 3, 2008 that trial in the state case is set for March, 2009. The only cause of action that will not
18   be decided by the state case is plaintiff's claim under 42 U.S.C. § 1983.

19   Plaintiff raises two arguments against staying this action. The first is that she prefers federal
20   court as a forum to litigate her claims. Plaintiff states that she "makes no bones about the fact that she
21   is forum stopping" but contends that she is shopping in the "constitutionally authorized" sense of
22   seeking the most sympathetic and knowledgeable forum for her federal rights. Pl. Resp. to Order to
23   Show Cause Re: Stay, at 10. In support of her argument that federal court is a more suitable forum,
24   plaintiff contends that the San Mateo Superior Court is irreconcilably biased against her. While
25   maintaining that the presiding judge in the state matter "acted at all times with only the highest
26   integrity," plaintiff alleges that the judge has a conflict of interest because she appointed defendant
27   Denardi to her position. *See* Berko Decl. II, ¶ 5. Plaintiff's counsel states, "I do not believe [San Mateo
28   Superior Court] can provide an impartial forum for my client's claims." *Id.*, ¶ 6. Counsel also indicates

that he is moving to disqualify the San Mateo County Superior Court from hearing plaintiff's case. *Id.*, ¶ 6. He has made repeated offers to defendants to dismiss the state claims in exchange for an agreement to allow this case to proceed in federal court. *See* Berko Decl., at ex. D.

Plaintiff essentially asks this Court, based on allegations by counsel, to question the integrity of the San Mateo Superior Court and thereby excuse plaintiff's blatant forum shopping. The Court will not do so. More than a year into litigation in the state case, plaintiff decided that federal court would be a more desirable forum to litigate her claims. Plaintiff's change of heart is not a valid justification for the considerable waste of judicial resources in allowing two parallel matters involving the same parties and arising from the same facts.

Plaintiff's second argument is that under *Intel Corp.*, the Court must find that the state court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. According to plaintiff, the "most fundamental issue" in this case is whether plaintiff's Fourth Amendment rights were violated, and this factor weighs in favor of this Court asserting jurisdiction. Pl. Response to Order to Show Cause Re: Stay, at 4.

The Court has already asserted jurisdiction over plaintiff's federal cause of action. The issue is whether this Court should stay plaintiff's federal cause of action in order for the substantially more advanced state court proceeding, which is set for trial in five months, to determine the common factual issues between the two cases. The one issue that will not be decided in the state case is whether plaintiff's Fourth Amendment rights were violated by the purportedly unlawful seizure of her dog. Factual determinations in the state court proceeding, including Denardi's level of involvement in the euthanasia, will be highly relevant to this issue as well.

Plaintiff has presented no convincing reasons that overcome the likelihood of piecemeal litigation arising from the same set of facts and the fact that plaintiff's state case was initiated long before the federal case began. While this court has an "unflagging obligation" to exercise jurisdiction when a claimant seeks relief under 42 U.S.C. § 1983, *see Tovar v. Billmeyer*, 609 F.2d 1291, 1293 (9th Cir. 1980), this Court has already fulfilled that obligation by asserting jurisdiction over plaintiff's Fourth Amendment claim. The Court does not have an obligation to participate in plaintiff's flagrant forum shopping, and in fact must discourage such shopping. *See Holder*, 305 F.3d at 870.

4

Accordingly, this case is STAYED until the resolution of the parallel proceeding in San Mateo Superior Court. The parties are ORDERED to provide this Court with a Joint Status Report every 60 days, to advise this Court of the status of the state court proceeding.

**IT IS SO ORDERED.**

Dated: November 10, 2008

SUSAN ILLSTON
United States District Judge