Peter J. Van Zandt – SBN 152321
Brian S. Whittemore – SBN 241631
BLEDSOE, CATHCART, DIESTEL, PEDERSEN & TREPPA, LLP
601 California Street, 16th Floor
San Francisco, CA 94108
Telephone:  (415) 981-5411
Facsimile:  (415) 981-0352

Attorneys for Defendants KIM HADDAD, KKH INC., SPIKE REAL STATE

# THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### DIVISION OF SAN FRANCISCO

| | |
|---|---|
| TAMARA DOUKAS, an individual, | No.  CV-02336-SI |
| Plaintiff, | |
| v. | |
| | **STATUS REPORT** |
| COUNTY OF SAN MATEO, a public entity, PENINSULA HUMANE SOCIETY, a private non-profit organization, DEBI DENARDI, an individual, KIM HADDAD, an individual, KKH INC., a private entity, SPIKE REAL STATE, a private entity, and DOES 1 through 50, inclusive, | |
| Defendants. | |
| | Complaint Filed:  May 6, 2008 |

     Counsel for HADDAD respectfully submits its Status Report in accordance with Judge Illston's Order to keep the court apprised of the status of the state court case after ordering the federal case stayed pending resolution of the state court case.

### I. STATUS OF STATE COURT CASE

     The state court case, San Mateo Superior Court Case No. No. CIV 461009, is continuing to proceed toward trial on March 30, 2009.

     ***Mandatory Settlement Conference.***  The parties appeared for an MSC on March 4, 2009, where plaintiff refused to make a demand for settlement.  Defendant Haddad has offered

1

1    $10,000.00 pursuant to C.C.P. § 998 which has expired.  The San Mateo Superior Court

2    settlement judge indicated to all parties that rather than "spin his wheels" attempting to reach

3    settlement, he would make a courtroom available for trial.  We anticipate this case will proceed

4    to trial.

5         *Sixth Amended Complaint to Add Federal Claim.*  On March 9, 2009, Plaintiff's counsel

6    served notice on all parties of his intention to seek leave of the San Mateo Superior court to file a

7    Sixth Amended Complaint which would incorporate the sole remaining claim in the instant caset,

8    Violation of 42 USC Section 1983, into the state court case.  In her moving papers, plaintiff

9    indicates the following, "...at this point with this case going to trial it does not make sense to

10   first try the case here only to retry the same case in federal court." (*Plaintiff's Memorandum of*

11   *Points and Authorities*, p2:25-27, attached hereto as **Exhibit A)**.  The motion will be heard on

12   March 30, 2009, the scheduled first day of trial.

13

14   Dated:  March 11, 2009                           BLEDSOE, CATHCART, DIESTEL,
                                                       PEDERSEN & TREPPA, LLP
15

16

17   By _____
                                                       Peter J. Van Zandt
18                                                     Brian S. Whittemore
                                                       Attorneys for Defendants
19                                                     KIM HADDAD, KKH INC., SPIKE
                                                       REAL STATE
20

21

22

23

24

25

26

27

28

                                          2

# EXHIBIT A

3/1

1  Daniel Berko - SBN 94912
   819 Eddy Street
2  San Francisco, CA 94109
   Telephone: 415-771-6174
3  Facsimile: 415-474-3748
   E-mail: BerkoLaw@SBCglobal.net
4

5  Attorneys for Plaintiff,
   DANIEL KEATING-TRAYNOR on
6  Behalf of himself and all others similarly situated

7

8                    **SUPERIOR COURT OF CALIFORNIA**

9        **COUNTY OF SAN MATEO UNLIMITED CIVIL JURISDICTION**

10

11 TAMARA DOUKAS                          )    Case No.  CIV- 461009
                                          )
12           Plaintiff,                   )    **NOTICE OF MOTION AND MOTION**
                                          )    **FOR LEAVE OF COURT TO FILE A**
13    vs.                                 )    **SIXTH AMENDED COMPLAINT ;**
                                          )    **DECLARATION OF DANIEL BERKO**
14 COUNTY OF SAN MATEO, a public          )    **IN SUPPORT; MEMORANDUM IN**
   entity, PENINSULA HUMANE SOCIETY,      )    **SUPPORT; PROPOSED SIXTH**
15 a private non-profit organization, DEBI )   **AMENDED COMPLAINT**
   DENARDI, an individual, KIM HADDAD,    )
16 an individual, KKH INC, a private entity, )  DATE:  March 30, 2009
   SPIKE REAL ESTATE, a private entity and )  DEPT:  Trial Department
17 DOES 3 through 50, inclusive           )    TIME:  9:00 a.m.
                                          )
18           Defendants.                  )
   _____)
19

20     TO ALL PARTIES  HEREIN AND TO THEIR ATTORNEYS OF RECORD:

21        PLEASE TAKE NOTICE that on March 30, 2009 at 9:00 a.m. or as soon thereafter as this

22 matter may be heard, in the Department assigned to trial, located at 400 County Center , California,

23 Plaintiff TAMARA DOUKAS, through her attorney of record, Daniel Berko, will move this court for

24 an order granting him leave to file a Sixth Amended Complaint to replace the current Fifth Amended

25 Complaint.

26        Good cause exists for this motion because it is in the interests of justice, will enhance judicial

27 economy for the parties and the courts, adds only one new legal theory which is very similar to an

28 already pled legal theory, all facts involved without exception are necessarily going to be introduced into

   evidence on **all** of the other already plead claims.  Moreover while Plaintiff sought a federal venue for

   _____
   NOTICE OF MOTION AND MOTION TO LEAVE TO FILE THE SIXTH AMENDED COMPLAINT

1   the claims brought herein, at this point with the substantially identical suit going to trial in state court, it

2   no longer makes sense to try to obtain a federal venue for the same claims.

3         Said motion will be made and based on this Notice, the attached Memorandum of Points

4   and Authorities, the attached Proposed Sixth Amended Complaint, the Declaration of Daniel Berko

5   and on the pleadings, records and documents on file herein and upon such oral and documentary

6   evidence to be presented at the hearing of said motion.

7

8   DATED:  March 9, 2009

9                                    _____

10                                   DANIEL BERKO, attorney for plaintiff

11

12

13   **A. MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR**

14   **LEAVE TO FLE A SIXTH AMENDED COMPLAINT**

15

16   **I.**                              **INTRODUCTION**

17         Plaintiff seeks leave to file a Sixth Amended Complaint.  While the complaint is the seventh

18   version of the complaint, that is because one of the defendants repeatedly demurred on technicalities.

19   Not one of the charging allegations of the complaints has materially changed. In fact, not one legal

20   theory urged by Plaintiff has ever been ruled out by this court.[1]  From the original complaint to the

21   proposed Sixth Amended Complaint, Plaintiff's claims have remained completely consistent.  The

22   proposed new complaint adds not a single fact to the current complaint.  It adds a legal theory already

23   before a federal court in a related action.  That action has been stayed by the federal court pending

24   this action. Although Plaintiff believed that the federal court would provide a fairer forum than this

25   court, because this court was involved in the hiring of one of the defendants, at this point with this

26   case going to trial it does not make sense to first try the case here only to retry the same case in

27   federal court.

28   _____

[1] The court did sustain without leave to amend a cause of action for violation of Plaintiff's constitutional rights. However, the identical claim was then added to the case, using the vehicle of Civil Code 52.1.

## II.    LEAVE TO AMEND IS IN THE INTERESTS OF JUSTICE

Motions for leave to amend the pleadings are directed to the sound discretion of the court. "The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading ..." [CCP § 473(a)(1) (emphasis added); and see CCP § 576]. However, it is judicial policy to resolve all disputes between the parties on their merits, and to allow amendment of the pleadings to put all such disputes at issue at the time of trial.

> "While a motion to permit an amendment to a pleading to be filed is one addressed to the discretion of the court.... it is a rare case in which a court will be justified in refusing a party leave to amend his pleadings so that he may properly present his case... If the motion to amend is timely made and the granting of the motion will not prejudice the opposing party, it is error to refuse permission to amend and where refusal also results in a party being deprived of the right to assert a meritorious cause of action or a meritorious defense, it is not only error, but an abuse of discretion." [Calif. Cas. Gen. Ins. Co. v. Supt Ct. (Gorgei) (1985) 173 CA3d 274, 278, 218 CR 817, 819 (emphasis added)]

> "Trial courts are vested with the discretion to allow amendments, pleadings in furtherance of justice.... That the trial court are to liberally permit such amendments, at any stage of the proceeding, has been established policy in this state...resting on the fundamental policy that cases should be decided on their merits." [Hirsa v. Superior Court (Vickers) (1981) 118 CA3d 486, 488-489, 173 CR 418, 419 (emphasis in original)]

The California Supreme Court long ago and ever since has hewed firmly to the principle that trial courts should almost always use their discretion to permit amendments.

Starting in 1892, in *Guidery v. Green* (1892) 95 Cal. 630, 633 the Supreme Court established the principle that only in the rarest cases is denial of leave to amend justified. In *Guidery* leave to amend was requested during trial, and was denied. The Supreme Court reversed. In a strong statement of principle from which the California Supreme Court has never retreated and has reaffirmed, the Court held that the policy of having all cases decided on their merits, and accordingly allowing amendments to pleadings, demonstrates that a trial court should, and usually must, allow amendments to pleadings at any time during the proceedings. The court stated that the mere fact that the amendments would have allowed defendant to present his defenses was itself enough to require the trial court to permit the amendments. " It is a rare case in which 'a court will be justified in refusing a party leave to amend his pleadings so that he may properly present his case.' ( *Guidery v. Green* (1892) 95 Cal. 630, 633.  Indeed what the court said, and this was when discussing an amendment made in the middle of the trial and

where the Supreme Court was reversing a judge's exercise of discretion,  is that it " **"very rarely"**  is

proper to refuse an amendment  In that case, the  Defendant sought to amend his answer at trial and the

Plaintiff protested that the late amendment took them totally by surprise and showed gross negligence on

the part of the defendant in waiting until the middle of the trial to seek to amend.  The California

Supreme court stated that, if needed, conditions could be imposed but denying leave to amend was

almost never an option.

Courts have reaffirmed these principles on many occasions. Motions for leave to amend the

pleadings are directed to the sound discretion of the court. "The court may, in furtherance of justice, and

on any terms as may be proper, allow a party to amend any pleading ..." [CCP § 473(a)(1) (emphasis

added); and see CCP § 576]. However, it is judicial policy to resolve all disputes between the parties on

their merits, and to allow amendment of the pleadings to put all such disputes at issue at the time of trial.

In this action, Plaintiff will dismiss without prejudice her federal lawsuit if leave to amend is granted.

This will allow all of the claims to be asserted in this action.   There can be no prejudice from the

amendment, because (1) Defendants are aware of the claim and will face it anyway in the federal case if not

here (2) Defendants have done every type of discovery they needed on the claim since all of the already pled

causes of action are based on identical facts as are relevant to the new cause of action, and (3) the new claim

adds a legal theory of recovery, but adds nothing else.  In short, the new legal theory does not change the

length, complexity, scope, or nature of this action.  It is the federal counterpart to the already pled state law

claim- Civil Code 52.1.  Allowing the new theory to be brought in this case is in the interests of justice and

should be permitted.

**III.**                           **CONCLUSION**

Plaintiff respectfully requests that the court permit her leave to amend.


Dated: March 9, 2009


_____

DANIEL BERKO

Attorney for Plaintiff, TAMARA DOUKAS

---

TAMARA DOUKAS v. COUNTY OF SAN MATEO et al 461009
SUPERIOR COURT OF CALIFORNIA, SAN MATEO

## PROOF OF SERVICE

    I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My business address is 819 Eddy Street, San Francisco, CA 94109. On **Mar 9, 2009** I served a true copy of the following document(s):

**NOTICE OF MOTION AND MOTION FOR LEAVE OF COURT TO FILE A SIXTH AMENDED COMPLAINT ; DECLARATION OF DANIEL BERKO IN SUPPORT; MEMORANDUM IN SUPPORT; PROPOSED SIXTH AMENDED COMPLAINT**

☐  By transmitting **via facsimile** the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒  **By personally delivering the document listed above to the persons listed below.**

☐  By placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for **overnight delivery** on next business day, addressed as set forth below.

☐  By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in **United States mail** at San Francisco, California, addressed as set forth below.

| | |
|---|---|
| **Charles S. Custer**<br>**GORDON & REES LLP**<br>**Embarcadero Center West**<br>**275 Battery Street, Suite 2000**<br>**San Francisco, CA 94111**<br>**415-986-8054** | |
| | **Peter J. Van Zandt**<br>**BLEDSOE, CATHCART, DIESTEL,**<br>**PEDERSEN & TREPPA LLD**<br>**601 California St. 16th Floor**<br>**San Francisco, CA 94108**<br>**415-981-0352** |

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **Mar 9, 2009** at San Francisco, California.

_____

**JAN BRANGER**

PROOF OF SERVICE

TAMARA DOUKAS v. COUNTY OF SAN MATEO et al 461009
SUPERIOR COURT OF CALIFORNIA, SAN MATEO

## PROOF OF SERVICE

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My business address is 819 Eddy Street, San Francisco, CA 94109. On **Mar 9, 2009** I served a true copy of the following document(s):

**NOTICE OF MOTION AND MOTION FOR LEAVE OF COURT TO FILE A SIXTH AMENDED COMPLAINT ; DECLARATION OF DANIEL BERKO IN SUPPORT; MEMORANDUM IN SUPPORT; PROPOSED SIXTH AMENDED COMPLAINT**

☐ By transmitting **via facsimile** the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ By personally delivering the document listed above to the persons listed below.

☐ By placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for **overnight delivery** on next business day, addressed as set forth below.

☒ By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in **United States mail** at San Francisco, California, addressed as set forth below.

| | |
|---|---|
| | **Dwight Bishop**<br>**DWIGHT B. BISHOP INC.**<br>**1511 Treat Blvd. #400**<br>**Walnut Creek, CA 94596**<br>**925-939-8366** |
| **Kevin Smith**<br>**BRADLEY CURLEY ASIANO, BARRABEE &**<br>**CRAWFORD, P. C.**<br>**1100 Larkspur Landing Circle, Suite 200**<br>**Larkspur, CA 94939**<br>**415-464-8887** | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **Mar 9, 2009** at San Francisco, California.

_____

**Carlos Jato**

PROOF OF SERVICE

3/7

1  Daniel Berko – SBN 94912
   LAW OFFICE OF DANIEL BERKO
2  819 Eddy St.
   San Francisco, CA 94019
3  Telephone: (415)771-6174

4  Attorney for Plaintiff,
5  TAMARA DOUKAS

6

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8           **COUNTY OF SAN MATEO – UNLIMITED JURISDICTION**

9  TAMARA DOUKAS, an individual,        | Case No.: CIV 461009

10              Plaintiff,              | **DECLARATION OF DANIEL BERKO IN**
                                         **SUPPORT OF MOTION FOR LEAVE TO**
11      vs.                             **FILE A SIXTH AMENDED COMPLAINT**

12                                       | **Hearing Date/Time:** March 30, 2009 at 9:00 a.m.
   COUNTY OF SAN MATEO, a public        **Dept.:** Trial Department
13 entity, PENINSULA HUMANE             **Date action filed:** 2/20/2007
   SOCIETY,  a private non-profit       **Trial date:** 3/30/2009
14 organization, DEBI DENARDI, an
   individual, KIM HADDAD, an
15 individual, and DOES 1 through 50,
   inclusive,
16
17              Defendants.
18

19     I, Daniel Berko declare:

20     1. That I am an attorney at law duly licensed to practice before all of the Courts of the

21 State of California.

22     2. That I am attorney of the record for plaintiff TAMARA DOUKAS in this matter.

23     4. That the modifications made to the Fifth Amended Complaint, which constitute the
24
   Sixth Amended Complaint are as follows:
26

27

28

---

1         Addition of the Eight Cause of Action under 42 U.S.C. 1983 against all defendants, at

2   page 10 lines 4 to 15, paragraphs 48 and 49 of the Proposed Sixth Amended Complaint (attached

3   hereto as Exhibit "A"). the referenced amendment contains the following text:

4           *48. Plaintiff hereby incorporates by reference each and every allegation*
    *contained in paragraphs 1-17, as though fully set forth at length.*

5           *49. 42 U.S.C. 1983 provides that any person acting under color of who violates*

6              *the federal constitutional rights of another person is liable to them for*
    *subjects, or causes to be subjected, any citizen of the United States or other*

7              *person within the jurisdiction thereof to the deprivation of any rights,*
    *privileges, or immunities secured by the Constitution and laws, shall be*

8              *liable to the party injured in an action at law.*

9

10        I declare under penalty of perjury under the laws of the State of California that the

11  foregoing is true and correct and that this declaration was executed on March 9, 2009, at San

12  Francisco, CA.

13

14

15                       _____

16                       DANIEL BERKO, Attorney for Plaintiff
    Tamara Doukas

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF DANIEL BERKO  IN SUPPORT OF MOTION FOR LEAVE TO FILE A SIXTH
AMENDMENT COMPLAINT

EXHIBIT A

1  Daniel Berko – SBN 94912
   819 Eddy Street
2  San Francisco, CA 94109
   berkolaw@sbcglobal.net
3  Telephone: (415) 771-6174
   Facsimile:  (415) 474-3748

4

5  Attorney for Plaintiff TAMARA DOUKAS

6

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8              **IN AND FOR THE COUNTY OF SAN MATEO**

9                 **UNLIMITED CIVIL JURISDICTION**

10

11 TAMARA DOUKAS, an individual,          Case No.:  461 009

12          Plaintiff,                    **PLAINTIFF'S SIXTH AMENDED
                                          COMPLAINT FOR NEGLIGENT AND
13       v.                               INTENTIONAL INFLICTION OF
                                          EMOTIONAL DISTRESS, NEGLIGENT
14 COUNTY OF SAN MATEO, a public entity,  HIRING AND RETENTION,
   PENINSULA HUMANE SOCIETY, a private    CONVERSION, DEPRIVATION OF DUE
15 non-profit organization, DEBI DENARDI, an  PROCESS. FALSE IMPRISONMENT,
   individual, KIM HADDAD, an             VIOLATION OF CONSTITUTIONAL
16 individual, KKH INC, a private entity, SPIKE REAL  RIGHTS AND PROFESSIONAL
   ESTATE, a private entity and DOES 3 through  NEGLIGENCE
17 50, inclusive,

18          Defendants.                   JURY TRIAL DEMANDED BY PLAINTIFF

19                      **FACTUAL ALLEGATIONS**

20
      1.   Plaintiff TAMARA DOUKAS (hereinafter "DOUKAS") is an individual residing in
21
   Redwood City, California at all times herein.
22
      2.   Defendant COUNTY OF SAN MATEO (hereinafter "COUNTY") is a public entity
23
24 located in California.

25    3.   Defendant PENINSULA HUMANE SOCIETY (hereinafter "PHS") is a private non-profit
26
   organization that acts as an agent for the COUNTY to render it animal services.
27

28

─────────────────────────────────────

                    **SIXTH AMENDED COMPLAINT**
                              - 1 -

1    4.  Defendant DEBI DENARDI (hereinafter "DENARDI"), an individual, is an officer for the

2    PHS.

3    5.  Defendant KIM HADDAD (hereinafter "HADDAD"), an individual, is a veterinarian at

4    the San Mateo Animal Hospital. KKH INCORPORATED dba San Mateo Animal Hospital INC.

5    previously sued as Doe 1, and SPIKE REAL ESTATE previously sued as Doe 2,  are and at all

6

7    relevant times had an ownership interest in the San Mateo Animal Hospital and were employers

8    of all personal working at the hospital.

9    6.  Plaintiff DOUKAS, a single woman, had an extremely close bond with her pet dog of over

10    thirteen years, "Kodiak."

11    7.  Kodiak, while thirteen years old, was in good health and was walked daily by Plaintiff, as

12    witnessed by many neighbors and friends.

13    8.  On August 2, 2006, Plaintiff took Kodiak to the San Mateo Animal Hospital, as he was

14    experiencing symptoms of lethargy and decreased appetite. Upon doing so, Kodiak was

15

16    administered contraindicated drugs that quickly caused his condition to worsen. Defendant

17    HADDAD negligently determined that the dog was incurable and should immediately be put to

18    death without diagnostic testing. Plaintiff, who has post-graduate degrees and is currently

19    completing a PhD at Stanford Medical School and is the Editor-in-Chief of the *Stanford Scientific*

20    *Magazine*, protested, since no diagnostic testing had been done. At this point, HADDAD, without

21    Plaintiff's knowledge, permission, or request, called Defendant DENARDI, who has been

22

23    convicted of a felony involving moral turpitude, and who Plaintiff is informed and believes has  a

24    history of abusing her official authority as an animal control officer, and requested her presence at

25    the hospital.

26

27

28

9.   Plaintiff states on information and belief that DENARDI and HADDAD together decided, despite Plaintiff's protestations that Kodiak required diagnostic testing and treatment, that the animal should nevertheless be immediately killed.

10. In fact, Plaintiff was told by DENARDI that "there will be no second opinion," and that "this dog is not leaving this building alive."

11. Plaintiff has suffered serious emotional distress, including symptoms of insomnia, anxiety, headaches and depression, since August 2, 2006, as a direct result of the improper putting to death of her pet. This has affected her health, social and professional activities, and work.

12. Defendants PHS and COUNTY knew or should have known that Defendant DENARDI had a felony conviction involving moral turpitude. Plaintiff is informed and believes and thereupon alleges that these Defendants knew or should have known that DENARDI herself had previously participated in other acts involving abuse of her official power and authority.

13. Plaintiff is informed and believes that Defendant PHS failed to run a proper background investigation of Defendant DENARDI before appointing her to the law enforcement position of Humane Officer, which would have illuminated DENARDI's criminal history and overall unfitness to hold the position.

14. On December 26, 2006, Plaintiff submitted a claim demanding relief with COUNTY, pursuant to legal requirements. (Exhibit "A" to the Third Amended Complaint)  On January 24, 2007, COUNTY rejected Plaintiff's claim, rendering this lawsuit timely.

15. COUNTY is delegated by the State of California the right and duty to enforce animal cruelty laws in San Mateo County including state laws and any law enacted by COUNTY. COUNTY has hired PHS to enforce those laws on COUNTY'S behalf and pays PHS for enforcing such laws on it behalf.  COUNTY has entered into a written contract with PHS to perform animal control services throughout San Mateo County. At all times relevant to this

1   pleading and when in engaging in all conduct alleged in this pleading, PHS was acting on

2   COUNTY'S behalf, with COUNTY'S permission and consent, and under color of authority

3   granted to it by COUNTY. In addition, COUNTY, by and through its authorized agent PHS,

4   breached a mandatory duty owed to Plaintiff pursuant to both the United States and California

5   constitutions by seizing Kodiak without probable cause to justify his seizure. In addition,

6
7   COUNTY, by and through its authorized agent PHS, breached a mandatory duty owed to Plaintiff

8   under the Article 1, sec. 13 of the California Constitution and the Fourth Amendment of the

9   United States Constitution, which states "[T]he right of the people to be secure in their persons,

10  houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and

11  no Warrants shall issue, but upon probable cause" (Fourth Amendment of the United States

12  Constitution). Plaintiff suffered the deprivation of due process (which prohibits destruction of a

13
14  person's property without due process of law as established in the Fifth and Fourteenth

15  Amendment of the United States Constitution and Article 1 sec. 7 of the California Constitution),

16  by seizing and killing Kodiak without a hearing satisfying due process and without first

17  presenting a search warrant demonstrating probable cause to an independent magistrate absent

18  exigent circumstances that excuse the need for a warrant. There were no exigent circumstancing

19  remotely justifying the failure to obtain a warrant before seizing and killing Kodiak.

20      16. Plaintiff DOUKAS is ignorant of the true names of Defendants DOES 3 through 50,

21  inclusive, and therefore claims against them by those fictitious names. Plaintiff is informed and

22  believes and based thereon alleges that each DOE Defendant was in some way responsible for the

23  events and happenings alleged in this Complaint and for Plaintiff's injuries and damages.

24
25      17. County is liable to Plaintiff pursuant to Government code sections 815.4 which makes a

26  public entity liable for its independent contractors to the same extent that a private person would

27  be so liable.

28

**FIRST CAUSE OF ACTION**

**For Interfering with the Enjoyment of Individual Rights (Civil Code sec. 52.1)**

**(Against COUNTY, PHS, DENARDI, HADDAD, KKH INCORPORATED, SPIKE REAL ESTATE, and DOES 3 through 50)**

18. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1-17, as though fully set forth at length.

19. California Civil Code section 52.1 provides that any person, whether acting under color of law or not, who interferes by threats, intimidation, or coercion, with the exercise of any rights secured by the Constitution or laws of California or by the laws of constitution of the United States, shall be liable to the injured party for the damages suffered and pursuant to section 52 of the Civil Code in the amount of up to a maximum of three times damages but not less than $4,000 and attorney's fees. Plaintiff is also entitled to exemplary damages and a civil penalty of $25,000 against each person who has deprived her the right to enjoy her individual rights secured by the Constitution and the Laws of this State.

20. Defendants deprived Plaintiff of the free exercise of her property when, using threats, intimidation, fear, and coercion and without warrant they prevented Plaintiff from leaving the building with her dog and instead seized and killed Kodiak.

**SECOND CAUSE OF ACTION**

**For Intentional Infliction of Emotional Distress**

**(Against COUNTY, PHS, DENARDI, HADDAD, KKH INCORPORATED, SPIKE REAL ESTATE and DOES 3 through 50)**

21. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 – 17 and 20 as though fully set forth at length.

22. Defendants engaged in reckless and outrageous conduct in their treatment of Plaintiff and her dog, administering improper medication, insisting on euthanizing him without Plaintiff's consent and despite her protests, refusing to allow Plaintiff to obtain a proper exam with

1   diagnostic testing and a second opinion, and preventing Plaintiff from leaving the hospital with

2   her dog alive.

3   23. Defendants' reckless and outrageous conduct was conducted in Plaintiff's presence, with

4   reckless disregard of the probability of causing Plaintiff emotional distress. Defendants were also

5   aware that Plaintiff was particularly susceptible to suffering extreme emotional distress because

6   of their actions because they knew that Kodiak had been Plaintiff's dog for many years and that

7   she deeply loved him.

8

9   24. That as a result of Defendants' reckless and outrageous conduct, Plaintiff suffered severe

10  emotional distress, including, but not limited to, symptoms of insomnia, anxiety, headaches and

11  depression.

12  25. Defendants' reckless and outrageous conduct was the legal and/or proximate cause of

13  Plaintiff's harm.

14

15  ### THIRD CAUSE OF ACTION

    ### For Negligent Hiring and Retention

16  ### (Against COUNTY, PHS, and DOES 3 through 50)

17  26. Plaintiff hereby incorporates by reference each and every allegation contained in

18  paragraphs 1 - 17, as though fully set forth at length.

19
20  27. Defendants had a duty to exercise reasonable care in the hiring and retention of

21  employees.

22  28. Defendants breached their duty of care by hiring and retaining DENARDI when they

23  knew, or should have known, that DENARDI was unfit to hold and/or retain the position of

24  Humane Officer. Had defendants conducted a proper background investigation, Plaintiff is

25  informed and believes and thereupon alleges, they would have discovered:

26

27

28

1     (a) DENARDI'S felony conviction, heretofore mentioned, to which she pleaded guilty in

2             approximately 1996, was a crime of moral turpitude and involved the theft of large sums

3             of money from her mother and father;

4     (b) DENARDI has been and continues to be involved in between 20-30 separate lawsuits;

5

6     (c) Defendants PHS and COUNTY failed to provide DENARDI with the required and

7             appropriate minimum hours of training for a peace officer in accord with the laws of the

8             State of California;

9     (d) Numerous citizens of COUNTY complained bitterly about DENARDI'S consistent and

10            arbitrary abuse of her power against them while acting as an animal control officer.

11    29. Furthermore, not only did defendants PHS and COUNTY act negligently in hiring and

12  retaining defendant DENARDI for the reasons stated above, but defendant PHS, recklessly and

13  with wanton disregard of these facts, even promoted her to Captain of Animal Cruelty

14  Investigations, thus in effect ratifying all the acts complained of by Plaintiff herein.

15

16    30. That as a result of Defendants' negligent acts and/or omissions Plaintiff suffered

17  significant emotional distress.

18    31. Defendants' negligent acts and/or omissions in their failure to take reasonable steps to

19  prevent this harm were the legal and/or proximate causes of Plaintiff's harm.

20

### FOURTH CAUSE OF ACTION

**For Conversion**

**(Against COUNTY, PHS, DENARDI, HADDAD, KKH INCORPORATED, SPIKE REAL ESTATE and DOES 3 through 50)**

24    32. Plaintiff hereby incorporates by reference each and every allegation contained in

25  paragraphs 1 – 17, as though fully set forth at length.

26    33. Defendants wrongfully converted Plaintiff's property when they forcefully euthanized her

27  animal despite her protests and without her consent.

28

34. Plaintiff had the right to possess her dog at the time of conversion.

## FIFTH CAUSE OF ACTION

### For False Imprisonment

**(Against PHS, DENARDI, HADDAD, KKH INCORPORATED, SPIKE REAL ESTATE and DOES 3 through 50)**

35. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 – 17, as though fully set forth at length.

36. Defendant DENARDI intentionally and unlawfully exercised the express threat of force to detain Plaintiff inside the San Mateo Animal Hospital by verbally threatening Plaintiff with her dog's life and by using her color of authority as a COUNTY official to threaten Plaintiff with arrest should Plaintiff attempt to leave with her animal.

37. Plaintiff was compelled to remain in the hospital out of fear that she would be arrested and/or her dog would be immediately killed should she attempt to leave.

38. That as a result of Defendant's false imprisonment Plaintiff suffered significant emotional distress, including, but not limited to, symptoms of insomnia, anxiety, headaches and depression.

39. Defendant's false imprisonment was the legal and/or proximate cause of Plaintiff's harm.

## SIXTH CAUSE OF ACTION

### For Professional Negligence

**(Against HADDAD, KKH INCORPORATED, SPIKE REAL ESTATE and DOES 3 through 50)**

40. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 – 17, as though fully set forth at length.

41. Defendant HADDAD, an employee or agent of KKH and Spike Real Estate owed Plaintiff, in treating Plaintiff's dog, the duty to use the care and skill ordinarily exercised in similar cases by professionals practicing in the same or a similar locality under similar circumstances.

42. HADDAD breached that duty when she or others employed at the hospital negligently administered improper drugs to Plaintiff's animal, and when Haddad euthanized the animal without Plaintiff's consent, and when she refused to allow Plaintiff a proper exam with diagnostic testing and when she refused to allow Plaintiff to obtain a second opinion.

43. That as a result of Defendant's negligent acts and/or omissions Plaintiff suffered significant emotional distress, including, but not limited to, symptoms of insomnia, anxiety, headaches and depression.

44. Defendant's negligent acts and/or omissions were the legal and/or proximate cause of Plaintiff's harm.

### SEVENTH CAUSE OF ACTION
### For Injunctive Relief
### (Against COUNTY, PHS, DENARDI)

45. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1-16, as though fully set forth at length.

46. The system of law enforcement in San Mateo County by animal control officers of the Peninsula Humane Society violates the United States and California Constitution and the laws of California. For example, Kodiak was killed in Plaintiff's presence over her objections. He had just been seized from Plaintiff and killed on orders of officer Denardi. The only "process" Plaintiff was ever given was Denardi consulting with Haddad and deciding before she even spoke to Plaintiff that the dog was going to be killed immediately whether Plaintiff agreed to that or not. At no time was Kodiak ever a danger to any person or property. San Mateo County continues to assert that Denardi's conduct was a totally lawful use of state power. The Peninsula Humane Society, which acts as the official police power of San Mateo County, pursuant to *Cal. Corp. Code* §10400 and §14502 actually found Denardi's conduct laudatory because shortly after this incident, Denardi was promoted and she has never been disciplined in any way for her conduct.

47. Plaintiff has no plain, adequate, or speedy remedy at law and irreparable harm is likely to occur to other persons in the absence of an injunction from this court requiring San Mateo County to obey the United States and California Constitution and the laws of California.

### EIGHTH CAUSE OF ACTION

#### 42 U.S.C. 1983

#### (AGAINST ALL DEFENDANTS)

48. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1-17, as though fully set forth at length.

49. 42 U.S.C. 1983 provides that any person acting under color of who violates the federal constitutional rights of another person is liable to them for subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff TAMARA DOUKAS prays as follows:

AS AGAINST ALL DEFENDANTS

1. For special damages according to proof;

2. For general and compensatory damages according to proof;

3. For prejudgment interest in an amount to be proved at the time of trial;

4. For costs of suit incurred herein; and

5. For such other and further relief as the court may deem just and proper.

AS AGAINST, PHS, DENARDI, and KKH., only

1. Punitive damages according to proof;

1

2  DATED: March 9, 2009

3  DANIEL BERKO, Attorney for Plaintiff,
   TAMARA DOUKAS

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SIXTH AMENDED COMPLAINT**
- 11 -