Daniel Berko – SBN 94912
LAW OFFICE OF DANIEL BERKO
819 Eddy St.
San Francisco, CA 94019
Telephone: (415)771-6174
berkolaw@sbcglobal.net
Attorney for Plaintiff,
TAMARA DOUKAS

# THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# DIVISION OF SAN FRANCISCO

| | |
|---|---|
| TAMARA DOUKAS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN MATEO, a public entity, PENINSULA HUMANE SOCIETY, a private non-profit organization, DEBI DENARDI, an individual, KIM HADDAD, an individual, KKH INC, a private entity, SPIKE REAL STATE, a private entity and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 08 2336 SI<br><br>**DECLARATION OF DANIEL BERKO IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR PERMISSION TO DISMISS THIS ACTION WITHOUT PREJUDICE** |

I, Daniel Berko, declare:

1. I am an attorney licensed to practice law before all the courts of the State of California and attorney of record for Plaintiff Tammy Doukas.

2. This action is currently stayed by this court pending resolution of the San Mateo Superior Court Case of Tamara Doukas v. County of San Mateo et al., case no. 461 009 (the state action").

3. The state action was set for trial on March 30, 2009. Plaintiff filed a Motion to Amend her state court pleading setting a hearing date for the March 30, 2009 trial date asking for leave of court for permission to file a Sixth Amended Complaint which would include her claims for violation of 42 U.S.C. §1983. She intended to dismiss this federal action without prejudice if the motion was granted so as to allow all claims to be brought in the one state action.

4. The motion was not heard on the trial date because the San Mateo Superior Court did not have a courtroom available. Therefore, Plaintiff refiled the motion to be heard by the San Mateo County Superior Court Law and Motion Department on May 12, 2009. Trial is currently set in the state court action for June 15, 2009.

5. On May 12, 2009, the Law and Motion Department granted the Motion to Amend on condition that Plaintiff dismiss this action. The tentative ruling required a dismissal with prejudice of this action, but the final order of the court issued on May 12, 2009 was to allow this action to be dismissed without prejudice on condition that Plaintiff agree that she will not re-file her claims in Federal Court even if the dismissal of this action was denominated without prejudice. Plaintiff was given until May 26, 2009 to dismiss this action and file her Sixth Amended Complaint in the state court action.

6. Whether the dismissal in this action is called 'with prejudice" or "without prejudice" has no effect on what the court ruled in the state court action. It was clearly the intent of the state court judge that (1) this action be dismissed and Plaintiff could not ever file the §1983 claims again in this Court and (2) those very same §1983 claims would be allowed to be included in the Sixth Amended Complaint and heard in the state court action. I asked the state court judge to allow Plaintiff to request that this court this action without prejudice solely because I was concerned that a "with prejudice" dismissal could arguably

DECLARATION OF DANIEL BERKO   IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR PERMISSION TO DISMISS THIS ACTION WITHOUT PREJUDICE

2

foreclose Plaintiff from proceeding in state court, which was clearly not the judge's intention when he granted leave to amend the complaint to include the 42 U.S.C. §1983 action in the state court complaint.

7. Thus, I request that this court dismiss this action without prejudice, but recite in the order that Plaintiff cannot re-file her claims in federal court although she could still pursue the claims in federal court **only if** Defendants remove the case to federal court. Under no circumstances could Plaintiff initiate the case being brought in federal court again. In the unlikely event that Defendants, who have opposed having this case heard in federal court, remove the action once the Plaintiff files the Sixth Amended Complaint, then, and only then, Plaintiff would be able to proceed in federal court, but only because she was willing to dismiss her claims in federal court and proceed solely in state court but was prevented from doing so by defendants removing the case. In other words, either way Plaintiff can proceed in state court but cannot re-file in federal court and the claims will be heard in the state court action unless defendants remove the case into federal court.

8. Attached hereto as exhibit "A" is correspondence between myself and Peter Van Zandt, attorney for Kim Haddad where we both acknowledge and agree that Plaintiff can proceed in the state court on her §1983 claims but only on condition that she agree that this action be dismissed without prejudice with the express understanding that she cannot refile her §1983 claims in this court.

9. Attached hereto as Exhibit "B" is a true and correct copy of a letter I sent to all counsel on May 13, 2009 (Mr. Van Zandt and attorneys for the other defendants- The County of San Mateo, Peninsula Humane Society and Debi Denardi), stating that I would ask for a dismissal with prejudice if they signed a stipulation expressing that the "with prejudice" dismissal would not prejudice Plaintiff's rights to proceed in state court or, if they did not,

DECLARATION OF DANIEL BERKO   IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR PERMISSION TO DISMISS THIS ACTION WITHOUT PREJUDICE

3

that I would ask this court to permit a dismissal without prejudice with the clear understanding that Plaintiff could not file a new complaint in this court. The County, PHS and Denardi have not responded to my letter.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on May 18, 2009, at San Francisco, California.

                                                     /s/ Daniel Berko
                                                   DANIEL BERKO